IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA GESSELE, ASHLEY               3:14-CV-1092-BR
ORTIZ, NICOLE GESSELE, TRICIA
TETRAULT, CHRISTINA MAULDIN,          OPINION AND ORDER
and JASON DIAZ on behalf of
themselves and all others
similarly situated,

          Plaintiffs,

v.

JACK IN THE BOX, INC., a
Corporation of Delaware,

          Defendant.


JON M. EGAN
240 Sixth Street
Lake Oswego, OR 97034-2931
(503) 697-3427

          Attorney for Plaintiffs

DOUGLAS S. PARKER
JENNIFER NETH WARBERG
DON STAIT
Littler Mendelson, P.C.
121 S.W. Morrison Street
Suite 900
Portland, OR 97204
(503) 221-0309

          Attorneys for Defendant

1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Plaintiffs' Amended Motion (#8) to Remand Case to State Court.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion.

<u>BACKGROUND</u>

On August 13, 2010, Jessica Gessele, Ashley Ortiz,[1] Nicole Gessele, and Tricia Tetrault on behalf of all those similarly situated filed a putative class-action Complaint (*Gessele I*) in this Court against Jack in the Box, Inc., for violation of the minimum-wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and various Oregon wage-and-hour laws.  *Gessele I* was assigned to Magistrate Judge Janice M. Stewart.

On May 16, 2011, Plaintiffs filed a First Amended Complaint in *Gessele I* in which they asserted the same claims as in their initial Complaint and added Christina Mauldin[2] as a named Plaintiff.

On March 20, 2012, Plaintiffs filed a Second Amended Complaint in *Gessele I* in which they alleged Defendant (1) failed

---

[1] In *Gessele I* Ashley Ortiz proceeded as Ashley Gessele.

[2] In *Gessele I* Christina Maudlin proceeded as Christina Luchau.

to pay minimum wages in violation of the FLSA, (2) failed to pay
overtime wages in violation of the FLSA, (3) failed to pay
minimum wages in violation of Oregon Revised Statute § 653.025,
(4) failed to pay overtime wages in violation of Oregon Revised
Statute § 653.261, (5) failed to pay all wages due after
termination of Plaintiffs' employment in violation of Oregon
Revised Statute § 652.140, (6) deducted unauthorized amounts from
Plaintiffs' paychecks in violation of Oregon Revised Statute
§ 652.610, and (7) failed to pay all wages when due as required
by Oregon Revised Statute § 652.120.

On December 13, 2012, Plaintiffs filed a Motion for Leave to
File Third Amended Complaint in *Gessele I*.  On January 7, 2013,
Magistrate Judge Stewart denied Plaintiffs' Motion for Leave to
File Third Amended Complaint on the grounds of undue delay and
prejudice.

On June 26, 2013, *Gessele I* was reassigned to this Court.

On November 5, 2013, Jason Diaz filed a Consent to Join Law
Suit in *Gessele I*.  Diaz, however, did not become a named
Plaintiff in *Gessele I*.

On May 15, 2014, this Court issued an Opinion and Order in
*Gessele I* in which it granted Defendant's Motion for Summary
Judgment on the ground that the named Plaintiffs failed to timely
file written consent forms as required by the FLSA.  The Court,
therefore, never acquired jurisdiction over the named Plaintiffs'

3 - OPINION AND ORDER

FLSA claims (the named Plaintiffs' only federal claims), and, as a result, the Court could not exercise supplemental jurisdiction over the named Plaintiffs' state-law claims.  Accordingly, on May 15, 2014, the Court entered a Judgment dismissing the matter without prejudice.

On June 10, 2014, Jessica Gessele, Ashley Ortiz, Nicole Gessele, Tricia Tetrault, Christina Mauldin, and Jason Diaz filed a putative class-action against Jack in the Box, Inc., in Multnomah County Circuit Court (*Gessele II*).  Plaintiffs brought claims for violation of Oregon's wage-and-hour laws, violation of the FLSA, breach of fiduciary duty, and equitable and quasi-contractual claims for return of money.

On July 9, 2014, Defendant removed *Gessele II* to this Court on the grounds of federal-question jurisdiction based on Plaintiffs' FLSA claims and/or jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2).

On August 8, 2014, Plaintiffs filed a Motion to Remand Case to State Court on the grounds that (1) issue preclusion/collateral estoppel[3] bars litigation of *Gessele II* in this Court; (2) if issue preclusion does not bar litigation, the "law of the case" bars litigation in this Court; and (3) judicial estoppel bars litigation of *Gessele II* in this Court even if neither issue preclusion nor law of the case bar litigation.

---

[3] Courts use these terms interchangeably.

The Court took Plaintiffs' Motion under advisement on September 2, 2014.

## DISCUSSION

I.    Issue Preclusion/Collateral Estoppel

Plaintiffs assert *Gessele II* must be remanded because the Court decided in *Gessele I* that it lacked jurisdiction over the named Plaintiffs' FLSA claims, and, therefore, Defendant is collaterally estopped from relitigating the issue of this Court's jurisdiction over Plaintiffs' FLSA claims.

"Issue preclusion 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014)(quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). "A judgment dismissing an action for lack of jurisdiction ordinarily has no preclusive effect on the cause of action originally raised. . . . However, the dismissal will 'have preclusive effect as to matters actually adjudicated, including the precise issue of jurisdiction that led to the initial dismissal.'" *Bautista v. Park West Gallery*, No. CV 08-6262 PSG (RZx), 2008 WL 5210662, at *2 (C.D. Cal. Dec. 11, 2008)(quoting Fed. R. Civ. P. 41).

"The preclusive effect of a federal-court judgment is determined by federal common law when, as here, subject-matter jurisdiction in the prior case was based on federal question." *Banga v. Experian Info. Solutions, Inc.*, No: C 09-04867 SBA, 2013 WL 5539690, at *14 (N.D. Cal. Sept. 30, 2013)(citing *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)).  Federal common law requires the following elements to exist for issue preclusion to apply: "(1) a full and fair opportunity to litigate the issue in the prior action; (2) the issue was actually litigated; (3) a final judgment resulted; and (4) the person against who preclusion is asserted was a party to the prior action."  *Id.* (citing *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000)).

"[I]f a plaintiff can show new and different facts supporting jurisdiction, then the prior [jurisdictional] determination may be revisited." *Facebook, Inc. v. ConnectU LLC*, No. C 07-01389 RS, 2007 WL 4249926, at *2 (N.D. Cal. Nov. 30, 2007). *See also Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983)("[T]he dispositive question is whether [plaintiff] pleaded any new facts in the federal litigation that would support a different result on the issue of jurisdiction."). "If, however, the facts are those that the prior court found insufficient to support jurisdiction, then 'even if wrong, an earlier decision involving the same issue and the same parties, is as conclusive as a correct one.'" *Facebook*, 2007 WL 4249926,

at *2 (quoting *Gupta v. Thai Airways Internat'l Ltd.*, 487 F.3d
759, 767 (9th Cir. 2007)).

Defendant asserts this Court may revisit its decision in
*Gessele I* that the Court lacks subject-matter jurisdiction over
the named Plaintiffs' FLSA claims because the facts alleged by
Plaintiffs in *Gessele II* to support their FLSA claims are new and
different from those alleged by Plaintiffs in *Gessele I* to
support their FLSA claims.  In addition, Defendant points out
that Plaintiffs in *Gessele II* have added a new FLSA claim against
Defendant as a joint employer for the period after Defendant's
restaurants were transferred to independent companies that
operated under franchise agreements.  Defendant's argument,
however, is unpersuasive.  As the *Bautista* court explained:

> It is clear that dismissal for want of
> jurisdiction does not preclude a second action
> where subsequent events cure the jurisdictional
> deficiency in the first suit." *Bui v. IBP, Inc.*,
> 205 F. Supp. 2d 1181, 1188 (D. Kan. 2002)
> (collecting cases).  The majority of courts have
> held that a defect in jurisdiction can only be
> cured where *facts change subsequent to a dismissal*
> of the initial case.  Defects may not be cured by
> alleging, for the first time, facts which existed
> prior to dismissal of the previous action.  *See
> id.; Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192
> (D.C. Cir. 1983); *Park Lake Res. LLC v. U.S. Dep't
> of Agric.*, 378 F.3d 1132, 1135-38 (10th Cir.
> 2004).

2008 WL 5210662, at *2 (emphasis added).  Defendant states in its
Opposition to Plaintiffs' Amended Motion to Remand that Defendant
"ceased operating stores in Oregon over a period of several years

ending in 2011.  During this time stores formerly operated by
[Defendant] began operations under separate ownership - separate
companies that entered into franchise agreements with
[Defendant]."  Def.'s Opp'n at 2 n.2.  Plaintiffs' FLSA claims in
*Gessele II* based on Defendant's alleged status as a joint
employer, therefore, do not involve events or facts that occurred
subsequent to this Court's dismissal of *Gessele I*.  Accordingly,
the Court concludes the "curable defects" exception is not
applicable, and, therefore, the Court does not have the authority
to review its jurisdictional decision in *Gessele I*.

     The issue of remand still must be addressed, however,
because Plaintiffs have added Jason Diaz as a named Plaintiff in
*Gessele II*.  As noted, Jason Diaz was never a named Plaintiff in
*Gessele I*.  Thus, the Court's decision in *Gessele I* that the
named Plaintiffs' failure to file timely written consent forms as
required by the FLSA resulted in the Court's lack of jurisdiction
over the named Plaintiffs' FLSA claims did not include any
analysis or adjudication of Diaz's ability to bring an FLSA claim
against Defendant.  The issues of the timeliness of Diaz's
written consent and the Court's jurisdiction over Diaz's FLSA
claim, therefore, were not "actually litigated" or decided by the
Court in *Gessele I*.  Accordingly, although issue preclusion bars
relitigation of the Court's jurisdiction to hear the FLSA claims
of Jessica Gessele, Ashlet Ortiz, Nicole Gessele, Tricia

Tetrault, and Christina Mauldin, it does not bar litigation of

Diaz's FLSA claims against Defendant brought for the first time

in *Gessele II*.[4]

## II.  Law-of-the-Case Doctrine

Plaintiffs assert if issue preclusion does not bar

relitigation of this Court's jurisdiction, reexamination of that

issue is barred by the law of the case.

> "Under the law of the case doctrine, a court is
> generally precluded from reconsidering an issue
> that has already been decided by the same court,
> or a higher court in the identical case." *United
> States v. Alexander*, 106 F.3d 874, 876 (9th Cir.
> 1997).  "The doctrine is not a limitation on a
> tribunal's power, but rather a guide to
> discretion." *Id.*  "A court may have discretion to
> depart from the law of the case where:  1) the
> first decision was clearly erroneous; 2) an
> intervening change in the law has occurred; 3) the
> evidence on remand is substantially different;
> 4) other changed circumstances exist; or 5) a
> manifest injustice would otherwise result." *Id.*
> "Failure to apply the doctrine of the law of the
> case absent one of the requisite conditions
> constitutes an abuse of discretion." *Id.*

*Guadiana v. State Farm Fire and Cas. Co.*, No. CIV 07-326 TUC FRZ

(GEE), 2009 WL 3763693, at *5 (D. Ariz. Nov. 10, 2009).

_____

[4] Defendant does not challenge the Court's decision with
respect to the FLSA claims of Jessica Gessele, Ashlet Ortiz,
Nicole Gessele, Tricia Tetrault, and Christina Mauldin, and the
Court notes it is questionable whether collateral estoppel would
bar a challenge by *Defendant* to the Court's jurisdiction over
those claims in this action.  *See Tuttelman v. City of Los
Angeles*, 420 F. App'x 758, 760 (9th Cir. 2011)("We are not aware
of any authority supporting the proposition that, even assuming
the existence of privity, the doctrine of collateral estoppel
bars the successful party in a prior action from relitigating the
issue on which he was successful.").

The Court concludes the law-of-the-case doctrine does not apply.  The claims and named Plaintiffs in *Gessele II* are not identical to the claims and named Plaintiffs in *Gessele I*.  The Court dismissed *Gessele I* and entered a Judgment.  Plaintiffs (including Diaz, who was not a named Plaintiff in *Gessele I*) then filed *Gessele II* in state court and included additional and different claims from those asserted in *Gessele I*.  Cases in which courts have analyzed the law-of-the-case doctrine all involve courts deciding whether to revisit or to revise decisions made by those courts in the *same case* rather than in a second, subsequent case.  *See, e.g., Brown v. Deputy No. 1,* No. 12-cv-1938-GPC (BGS), 2014 WL 4961189, at *1 (S.D. Cal. Oct. 3, 2014)("Motions for reconsideration are not to be used to simply rehash arguments and facts previously considered by the court in making its ruling.  Therefore, without 'new or different facts,' the 'law of the case' doctrine will preclude reconsideration of a court's decision."); *Kukui Gardens Cor. v. Holco Capital Group, Inc.,* No. 08-00049 ACK-KSC, 2010 WL 145284, at *6 (D. Haw. Jan. 12, 2010)(The court declined to reconsider or to revisit its earlier order granting summary judgment against the defendant because none of the exceptions to the rule-of-law doctrine applied.); *Guadiana,* 2009 WL 3763693, at *6 ("The court recognizes that the law of the case ordinarily does not apply to issues raised on summary judgment after they were rejected on a

motion to dismiss because motions for summary judgment are subject to a different standard. . . . Here, however, State Farms asks the court, on summary judgment, to make a ruling on the construction of the homeowner's policy as a matter of law without resorting to any additional evidence. This is essentially a second motion to dismiss raising the same issues the court has already considered and rejected. The law of the case doctrine applies in this instance.").

In addition, as noted, the Court did not address or consider the ability of Diaz to bring an FLSA claim in its decision in *Gessele I*.

Accordingly, the Court concludes the law-of-the-case doctrine does not require remand of this matter.

## III. Judicial Estoppel

Plaintiffs also assert the doctrine of judicial estoppel requires the Court to remand this matter to state court.

"'Federal law governs the application of judicial estoppel in federal courts.'" *Tuttelman v. City Of San Jose*, 420 F. App'x 758, 760 (9th Cir. 2011)(quoting *Johnson v. Oregon*, 141 F.3d 1361, 1364 (9th Cir. 1998)). The Ninth Circuit has explained:

> "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)(internal quotation marks omitted). "[I]ts purpose is to protect the integrity of the judicial process by prohibiting parties from

deliberately changing positions according to the exigencies of the moment." *Id.* at 749-50 (citation and internal quotation marks omitted).

Although judicial estoppel is "probably not reducible to any general formulation of principle, . . . several factors typically inform the decision whether to apply the doctrine in a particular case." *Id.* at 750 (citations and internal quotation marks omitted). "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id.* "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Id.* (internal quotation marks omitted). "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751. "In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts." *Id.*

*Ah Quin v. County of Kauai Dep't of Transp.*, 733 F.3d 267, 270-71 (9th Cir. 2013).

Defendant did not take any position in *Gessele I* as to whether Diaz had timely filed an FLSA consent or as to the Court's jurisdiction over any FLSA claim that Diaz might bring. Instead Defendant limited its argument in *Gessele I* to the named Plaintiffs' failure to timely file FLSA consents, which resulted in this Court's lack of jurisdiction over the named Plaintiffs' FLSA claims. Because Diaz was never a named Plaintiff in *Gessele*

12 - OPINION AND ORDER

*I*, Defendant's position in *Gessele I* and the Court's decision regarding its jurisdiction over that matter did not apply to Diaz.  The Court, therefore, concludes in the exercise of its discretion that judicial estoppel does not apply or warrant remand of Diaz's FLSA claims.

As noted, it does not appear that Defendant seeks to relitigate the issue of this Court's lack of jurisdiction over the FLSA claims of Jessica Gessele, Ashlet Ortiz, Nicole Gessele, Tricia Tetrault, and Christina Mauldin.  In any event, the Court concludes in the exercise of its discretion that judicial estoppel applies and estops Defendant from relitigating the issue of this Court's lack of jurisdiction over the FLSA claims of Jessica Gessele, Ashley Ortiz, Nicole Gessele, Tricia Tetrault, and Christina Mauldin.

## IV.  Waiver

Finally, Plaintiffs assert Defendant may not remove this matter because "by pursu[ing] dismissal [in *Gessele I*] on jurisdictional grounds[,] . . . [Defendant] effectively chose state court over federal court as the venue for determining this case's merits.  As such, [Defendant] has waived its right to remove the resulting state case to federal court."  Pls.'s Am. Mot. to Remand at 7.[5]

---

[5] Plaintiffs do not respond in their Reply to the arguments made by Defendant in its Opposition with respect to waiver.  It is unclear, therefore, whether Plaintiffs concede the issue or

"A defendant 'may waive the right to remove to federal court [when], after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum.'" *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9ᵗʰ Cir. 2011)(quoting *EIE Guam Corp. v. Long Term Cred. Bank of Japan, Ltd.*, 322 F.3d 635, 649 (9ᵗʰ Cir. 2003)). A defendant's waiver of the right to remove, "[h]owever, . . . 'must be clear and unequivocal.'" *Id.* (quoting *EIE Guam Corp.*, 322 F.3d at 649). In *Chapman* the Ninth Circuit held the defendants did not clearly and unequivocally waive their right to remove the plaintiff's quiet-title action because they "did not file any pleadings in the Quiet Title Action prior to removing it to federal court, and did not engage in any actions . . . that manifest[ed] [their] intent to have the matter adjudicated there, and to abandon [their] right to a federal forum." *Id.* (quotation omitted). The Ninth Circuit specifically noted "[a] defendant's conduct in a prior lawsuit has no bearing on the removability of a later suit." *Id.*

Defendant here did not file any pleadings in state court or engage in any actions in state court that manifested its intent to have this matter adjudicated there before it removed this matter. Accordingly, the Court concludes Defendant did not waive

_____

simply rest on the arguments set out in their Amended Motion.

its right to remove the matter to this Court.

V.    **Summary**

In summary, based on its decision in *Gessele I* that it lacks
jurisdiction to hear the FLSA claims of Jessica Gessele, Ashlet
Ortiz, Nicole Gessele, Tricia Tetrault, and Christina Mauldin,
the Court declines to reevaluate or to reexamine the issue of its
jurisdiction over those FLSA claims in this matter.  The Court,
therefore, grants Plaintiffs' Amended Motion to Remand as to the
FLSA claims of Jessica Gessele, Ashlet Ortiz, Nicole Gessele,
Tricia Tetrault, and Christina Mauldin; severs those claims; and
remands those claims to state court.

The Court, however, concludes its decision in *Gessele I* does
not necessarily establish that the Court lacks jurisdiction over
Diaz's FLSA claims in *Gessele II*.  Accordingly, the Court denies
Plaintiffs' Amended Motion to Remand as to Diaz's FLSA claims.

The Court notes, however, that the parties likely did not
anticipate the Court would grant in part and deny in part
Plaintiffs' Amended Motion to Remand, and, therefore, did not
address in their briefing the possibility that the Court's ruling
on this Motion would result in the parties litigating two related
actions simultaneously in state and federal court.  Accordingly,
the Court **DIRECTS** the parties to provide supplemental information
to the Court as follows:  after meaningful conferral and **no later
than October 31, 2014,** the parties shall file a joint status

15 - OPINION AND ORDER

report indicating (1) whether Defendant, nevertheless, wishes to
continue its removal of only Diaz's FLSA claim; and (2) if this
Court must litigate Diaz's FLSA claim, whether the Court should
accept supplemental jurisdiction over Diaz's state law claims
when the remaining Plaintiffs and Defendant will be litigating
those same claims in state court.

**CONCLUSION**

For these reasons, the Court **GRANTS in part** and **DENIES in
part** Plaintiffs' Amended Motion (#8) to Remand Case to State
Court.  The Court:

    (1)  **GRANTS** Plaintiffs' Amended Motion as to the FLSA claims
        of Jessica Gessele, Ashley Ortiz, Nicole Gessele,
        Tricia Tetrault, and Christina Mauldin, and

    (2)  **DENIES** Plaintiffs' Amended Motion as to Diaz's FLSA
        claims.

As noted, the Court has not decided Plaintiffs' Motion as it
relates to Plaintiff Diaz's state-law claims and will make a
ruling on that issue after considering the parties' October 31,

2014, joint submission.  Once that question is resolved, the
Court will issue a remand order.

IT IS SO ORDERED.

DATED this 17th day of October, 2014.


ANNA J. BROWN
United States District Judge