**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JESSICA GESSELE, ASHLEY ORTIZ, NICOLE GESSELE, TRICIA TETRAULT, CHRISTINA MAULDIN** and **JASON DIAZ,** both on behalf of themselves individually and, in addition, on behalf of the other similarly situated employees, | Case No. 3:14-cv-01092-BR |
| Plaintiffs, | DECLARATION OF JON M. EGAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM JACK IN THE BOX |
| vs. | |
| **JACK IN THE BOX INC.**, a Delaware corporation doing business in Oregon as "Jack in the Box Inc. a Corporation of Delaware," | |
| Defendant. | |

I, Jon M. Egan, do hereby declare and say:

1.   I am the attorney for Plaintiffs in this action. I have personal knowledge of all of the facts herein and am competent to testify thereto.

2.   Attached hereto as Exhibit 1 is a true and correct copy of plaintiffs' first request for production.

3.   Attached hereto as Exhibit 2 is a true and correct copy of Jack in the Box's response to plaintiffs' first request for production.

4.   Attached hereto as Exhibit 3 is a true and correct copy of Jack in the Box's supplemental response to plaintiffs' first request for production.

5. Attached hereto as Exhibit 4 is a true and correct copy of plaintiffs' counsel's November 10, 2015 letter to Jack in the Box's counsel regarding several issues pertaining to the requested discovery.

6. Attached hereto as Exhibit 5 is a true and correct copy of Jack in the Box's counsel's November 13, 2015 letter in response.

7. On Friday, November 20, 2015, plaintiffs' counsel conferred with Jack in the Box's counsel and narrowed the outstanding issues for this motion to compel precertification discovery to those outlined in the motion.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of November, 2015

JON M. EGAN, P.C.

*/s/ Jon M. Egan*
_____
Jon M. Egan, OSB # 002467
Attorney for Plaintiffs

**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JESSICA GESSELE, ASHLEY ORTIZ, NICOLE GESSELE, TRICIA TETRAULT, CHRISTINA MAULDIN** and **JASON DIAZ,** both on behalf of themselves individually and, in addition, on behalf of the other similarly situated employees,<br><br>     Plaintiffs,<br><br>  vs.<br><br>**JACK IN THE BOX INC.**, a Delaware corporation doing business in Oregon as "Jack in the Box Inc. a Corporation of Delaware,"<br><br>     Defendant. | Case No. 3:14-cv-01092-BR<br><br>PLAINTIFFS' FIRST REQUEST FOR PRODUCTION |

To: Defendant and your agents, employees, directors, officers and attorney(s)

("You"):

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs request that

you produce and permit Plaintiffs to inspect and copy the following designated tangible

things and documents at the office of Jon M. Egan, PC, 547 Fifth Street, Lake Oswego,

OR 97034-3009, no later than 30 days from the date of this request or at such other

time or place as may be mutually agreed.

Each request below calls for the production of all of the described documents and things that are in your possession, custody or control, or which you have access to or the ability to produce or obtain through a reasonable investigation or inquiry, or of which you are in a position to cause production by your directions or orders. For each request below that does not specifically call for documents from a specific time period, the request includes all documents generated from August 13, 2004 up to the time the case is tried.

This request for production shall be deemed continuous and shall call for production of all documents and information that might come into your possession, custody or control at any time after the receipt of this request for production.

For the purposes of this request for production, the following definitions shall apply:

1. "Document" and/or "documents" is used in its broadest sense and includes, without limitation, recorded material in any form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to: correspondence, memoranda, notices, notes, calendars, diaries, minutes, summaries, reports, transcripts, contracts, checks, statements, returns, books, pamphlets, questionnaires, surveys, agreements, manuals, warranties, inter-office and intra-office communications, offers, notations of conversations or telephone calls, bulletins, computer records of all types, audio, video or other recordings, email, entries on any blog, web site or social networking site, text messages and other digital or electronic media, however produced, reproduced or stored, and any other items subject to production and inspection under Fed.R.Civ.P. 34.

**For any document created or stored in electronic format, please produce the document in that native electronic format (with all metadata intact) if the format is readable by any Microsoft Office program or QuickBooks. If it is not so readable, please export the document into a format that is so readable. If it is not possible to export the document into a readable format, please produce the document as a searchable PDF document created directly from the native program. Do not produce paper printouts unless none of the above apply.**

2. "Relating to" and all conjugations of that phrase mean consisting of, identifying, concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, explaining, discussing, showing, describing, studying, reflecting upon, analyzing or constituting.

If you contend that any requested document is privileged in whole or in part, or otherwise object to any part of a request, identify with particularity each document for which you claim a privilege or state an objection, state the grounds for the objection or privilege, and identify each person or entity having knowledge of the factual basis, if any, on which the privilege or other ground is asserted, per Fed.R.Civ.P. 34.

**Request No. 1:** Any and all documents reflecting the names and/or contact information of every franchisee with whom you ceased to do business under a franchise agreement during any fiscal year on or after January 1, 2006.

**Response:**

**Request No. 2:** Any and all documents reflecting the names and/or contact information of every person with whom you terminated a development agreement during any fiscal year on or after January 1, 2006.

**Response:**


**Request No. 3:** Any and all franchise, license, development, lease, operating, equipment brokerage, master technology and other contracts or agreements (and any and all addenda, exhibits and amendments thereto) signed by any person to whom you have granted or with whom you have maintained a franchise of or for any Jack in the Box location in the state of Oregon on or after January 1, 2006.

**Response:**


**Request No. 4:** All documents identifying any person who participated in training or providing support or services to any franchisee or franchisee employee on or after January 1, 2006.

**Response:**


**Request No. 5:** All documents identifying any person who represented you or communicated on your behalf with any current or potential Oregon franchisee on or after January 1, 2006.

**Response:**


**Request No. 6:** All documents identifying any person involved in the transition of any corporate Oregon store to franchisee operation on or after January 1, 2006.

**Response:**

**Plaintiffs' First Request for Production**

**Request No. 7:** All documents identifying any person involved in developing any new Jack in the Box site or location in Oregon on or after January 1, 2006.

**Response:**


**Request No. 8:** All documents identifying any non-traditional venue operated by you or any franchisee or licensee in Oregon on or after January 1, 2006.

**Response:**


**Request No. 9:** All applications and other documents submitted to you by or by you to any Oregon franchisee candidate on or after January 1, 2006.

**Response:**


**Request No. 10:** All interview notes or other documents relating to any interview of any Oregon franchisee candidate on or after January 1, 2006.

**Response:**


**Request No. 11:** Any and all Jack's Timekeeping records for all franchisee employees within the state of Oregon on or after January 1, 2006.

**Response:**


**Request No. 12:** All posters, training materials, manuals, handbooks, and other documents used by and/or provided to franchisee employees at any time on or after January 1, 2006.

**Response:**

**Request No. 13:** All documents used in training of franchisee employees at any time on or after January 1, 2006.

**Response:**


**Request No. 14:** Any and all records of, or regarding, communications (including but not limited to any correspondence, notes, email correspondence, or recorded voicemail messages) to, from, between, or among any employee and/or Defendant regarding or relating to the subject matter of this litigation.

**Response:**


**Request No. 15:** All document and record retention and oversight policies in effect on or after January 1, 2006.

**Response:**


**Request No. 16:** Any and all records regarding or relating to any steps Defendant has taken to preserve relevant records, including but not limited to email and other electronic communication, since May 3, 2010.

**Response:**


**Request No. 17:** Documents to or from the U.S. Department of Labor or any state equivalent of the U.S. Department of Labor regarding compliance with the FLSA or compensation of employees.

**Response:**

**Request No. 18:** All documents that you believe support each and every affirmative defense that you assert or intend to assert in response to this lawsuit.

**Response:**


**Request No. 19:** Any and all documents related to any and all bank accounts ever used by you in the state of Oregon on or after January 1, 2006, regardless of whether such account was or is held in your name.

**Response:**


**Request No. 20:** Any and all documents reflecting any real property interest held by you in the state of Oregon at any time.

**Response:**


**Request No. 21:** Any and all real property lease documents identifying you as either a landlord or tenant in the state of Oregon.

**Response:**


**Request No. 22:** Any and all government-issued business or sales license or permit documents that have ever been issued to you and/or any franchisee in the state of Oregon.

**Response:**


**Request No. 23:** Any and all documents, including contracts of sale, invoices and receipts, pertaining to the sale or transfer of any and all equipment, furnishings,

fixtures, licenses, trademarks and other property to any franchisee in the state of
Oregon.

**Response:**


**Request No. 24:** Any and all documents containing your policies or procedures for
transferring a Jack in the Box location from corporate operation to franchisee operation.

**Response:**


**Request No. 25:** Any and all documents containing your policies or procedures for
starting a Jack in the Box location under franchisee operation from its outset.

**Response:**


**Request No. 26:** Any and all documents used in or containing your policies or
procedures for training franchisees or any other person employed at a Jack in the Box
location under franchisee operation.

**Response:**


**Request No. 27:** Any and all documents containing policies or procedures that you
require franchisees to follow in the operation of Jack in the Box locations.

**Response:**


**Request No. 28:** Any and all documents indicating the dates that each and every Jack
in the Box location in Oregon was operated by a franchisee, and the dates that each
franchisee operated it.

**Response:**

**Plaintiffs' First Request for Production**

**Request No. 29:** Any and all documents relating to your wage and hour policies and/or procedures at any time on or after August 13, 2004, including but not limited to personnel policy manuals, employee handbooks, computer-based training or similar documents, as well as materials used in training assistant managers, managers or anyone else regarding the applicable policies.

**Response:**

**Request No. 30:** Any and all booklets, manuals, workbooks, guides, text, scripts, transcripts, and actual audiovisual (flash or otherwise) files (and any accompanying audio and video files) (playable in a browser for the jury) for the current and all previous versions of all CBT modules, classroom training, on-the-job training, and any and all other training that franchisee owners or operators are or have been required to complete on or after January 1, 2006.

**Response:**

**Request No. 31:** Any and all hotline database entries pertaining to franchisees and containing any of the following key words: break, breaks, meal, meals, lunch, lunches, rest or rests.

**Response:**

**Request No. 32:** Any and all documents and tangible items in your possession, custody or control related in any way to any plaintiff's employment with Defendant, including, but not limited to, any plaintiff's arbitration agreement, hours worked, breaks, wages, deductions, uniforms, and non-slip shoes.

**Response:**

**Plaintiffs' First Request for Production**

**Request No. 33:** Any and all policies, procedures, manuals, description of benefits, handbooks, rules, correspondence, agreements, and any other documents, whether or not you allege any plaintiff received them, related to any plaintiff's employment with Defendant.

**Response:**


**Request No. 34:** Any and all documents and tangible items in your possession, custody or control that refer, relate to, support, or reflect the allegations in the Complaint.

**Response:**


**Request No. 35:** Any and all personal diaries, calendars, journals, or similar documents prepared by any plaintiff during any plaintiff's employment with Defendant and/or any franchisee.

**Response:**


**Request No. 36:** Any and all personal diaries, calendars, journals, or similar documents prepared by you during any plaintiff's employment with Defendant and/or any franchisee.

**Response:**


**Request No. 37:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to any plaintiff's final payment from Defendant, including, but not limited to, document, tangible items, or electronic

data referring, reflecting, or relating to the date any plaintiff received a final payment from Defendant.

**Response:**


**Request No. 38:** Any and all documents and all tangible items in your possession, custody or control that relate to, refer to or show any information that you allege were received or reviewed by any plaintiff from any source concerning any of the wage and hour laws at issue in this case.

**Response:**


**Request No. 39:** Any and all documents and all tangible items in your possession, custody or control that relate to, refer to or show any information received or reviewed by you from any source concerning any of the wage and hour laws at issue in this case.

**Response:**


**Request No. 40:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to communications with any other person concerning any of the factual allegations or claims made in the Complaint.

**Response:**


**Request No. 41:** Any and all documents and tangible items in your possession, custody or control that you allege any plaintiff removed from Defendant's premises at any time.

**Response:**

**Request No. 42:** Any and all documents and all tangible items in your possession, custody or control which reflect communications or correspondence to or from any governmental entity that relate to or refer to the claims alleged in the Complaint.

**Response:**


**Request No. 43:** Any and all documents and tangible items in your possession, custody or control which relate to, refer to or show any written or recorded statements made or obtained by you from any individual concerning the subject matter of the Complaint.

**Response:**


**Request No. 44:** Any and all documents and tangible items in your possession, custody or control which relate to, refer to or show any written or recorded statements that you allege were made or obtained by any plaintiff from any individual concerning the subject matter of the Complaint.

**Response:**


**Request No. 45:** Any and all documents and all tangible items in your possession, custody or control which relate to, refer to or show any reports received by you from any individual concerning the subject matter of the Complaint.

**Response:**


**Request No. 46:** Any and all audio or video recordings of any of your employees made by you or on your behalf at any time.

**Response:**

**Request No. 47:** Any and all documents and tangible items in your possession, custody or control that allegedly relate to, refer to or show that any plaintiff will or will not fairly and adequately represent and protect the interests of all members of the purported class.

**Response:**

**Request No. 48:** Any and all documents and tangible items in your possession, custody or control related in any way to any plaintiff's employment with any franchisee, including, but not limited to, any plaintiff's personnel records, hours worked, breaks, wages, deductions, uniforms, and nonslip shoes.

**Response:**

**Request No. 49:** Any and all policies, procedures, manuals, description of benefits, handbooks, rules, correspondence, and any other documents related to any plaintiff's employment with any franchisee.

**Response:**

**Request No. 50:** Any and all documents and tangible items in your possession, custody or control that you allege any plaintiff removed from any franchisee's premises at any time.

**Response:**

**Request No. 51:** Any and all documents and tangible items in your possession, custody or control that you removed from any Oregon franchisee's premises at any time.

**Response:**

**Plaintiffs' First Request for Production**

**Request No. 52:** Any and all audio or video recordings of any franchisee's employees made by you or on your behalf at any time.

**Response:**


**Request No. 53:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to Jack's Timekeeping during the time any plaintiff was employed with any franchisee.

**Response:**


**Request No. 54:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to any interaction or communication any plaintiff had with any management or supervisory employee of Jack in the Box, Inc. during the time that any plaintiff was employed with any franchisee.

**Response:**


**Request No. 55:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to the transfer of ownership of the restaurant any plaintiff worked in from Defendant to any franchisee, including, but not limited to, communications from Defendant and/or any franchisee concerning any changes to the employment status of restaurant employees as a result of the transfer of ownership.

**Response:**


**Request No. 56:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to communications with any

named plaintiffs or putative class or collective members.

**Response:**


**Request No. 57:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to any calculations of damages or other relief any plaintiff seeks to recover in this litigation.

**Response:**


**Request No. 58:** Any and all documents or tangible evidence that pertain to, refer to, reflect, support, refute or otherwise document all references made by any plaintiff or to any plaintiff in social media (including but not limited to: Facebook, twitter, LinkedIn, Pinterest, GooglePlus+, Tumblr, Flickr, Vine, Meetup, tagged, Instagram, Snapchat, YouTube, and MySpace) about any plaintiff's employment with Defendant or any franchisee or the allegations in the Complaint.

**Response:**


**Request No. 59:** Any and all Master equipment leases between you and third party vendors; Franchise Business Manuals, Approved Supplier Manuals, Operating Manuals, and other manuals, however named or renamed, amended, expanded and/or consolidated by you from time to time; other written standards, policies, approved sources for the System, and any and all other reference documents that contain standards or other information regarding the operation of a franchised restaurant, as well as any written standards that comprise part of your operating system, that have been in effect on or after January 1, 2008.

**Response:**

**Plaintiffs' First Request for Production**

**Request No. 60:** Any and all letters, notices or other demands to any franchisees notifying them of this suit, tendering the suit for defense, or seeking indemnity for the claims asserted therein.

**Response:**

Dated this September 15, 2015

JON M. EGAN, P.C.

Jon M. Egan, OSB # 002467
Attorney for Plaintiffs

Douglas S. Parker, OSB No. 821017
dparker@littler.com
Jennifer Warberg, OSB No. 035472
jwarberg@littler.com
LITTLER MENDELSON, P.C.
121 SW Morrison, Suite 900
Portland, OR 97204
Telephone:    503.221.0309
Fax No.:       503.242.2457

Attorneys for Defendant
JACK IN THE BOX INC., a Corporation of Delaware

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESSICA GESSELE, ASHLEY ORTIZ, NICOLE GESSELE, TRICIA TETRAULT, CHRISTINA MAULDIN, and JASON DIAZ, both on behalf of themselves individually and, in addition, on behalf of the other similarly situated employees, | Case No.: 3:14-cv-01092-BR |
| Plaintiffs, | DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION |
| v. | |
| JACK IN THE BOX INC., a Delaware corporation doing business in Oregon as "Jack In The Box Inc. A Corporation of Delaware,", | |
| Defendant. | |

TO:    Plaintiffs Jessica Gessele, Ashley Ortiz, Nicole Gessele, Tricia Tetrault, Christina

Mauldin, and Jason Dias, and their attorney, Jon Egan.

Page 1 -  DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR  97204
Tel: 503.221.0309

Exhibit 2
Page 1 of 27

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Jack in the Box, Inc. ("Defendant") hereby submits its responses, answers, and objections to Plaintiffs' Request for Production of Documents, as follows:

## GENERAL OBJECTIONS

The following objections apply generally to all of Plaintiffs' discovery requests:

(a)    <u>Objections to Scope of Discovery Requests.</u>  Defendant objects to all discovery requests to the extent they purport to require any actions not required by the Federal Rules of Civil Procedure, Local Rules, or Orders of the Court specific to this case.  Without limiting the generality of this objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope of discovery provided by the Federal Rules of Civil Procedure; (2) are not reasonably calculated to lead to the discovery of admissible evidence; and (3) purport to impose a duty of supplementation greater than that imposed by the Federal Rules of Civil Procedure.

(b)    <u>Privilege and Trial Preparation Materials.</u>  Defendant objects to all discovery requests to the extent they call for information or documents that fall within any relevant privilege (including without limitation the attorney-client privilege), that are within the work product doctrine, that constitute trial preparation materials, seek the mental impressions of counsel, or that qualify for any other discovery immunity.

(c)    <u>No Waiver.</u>  Nothing set forth in Defendant's specific objections, general objections or responses is intended as or should be construed as a waiver of these general objections, or of any specific objections set forth.  The fact that Defendant has not responded to or objected to any requests or part thereof should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by Plaintiffs' request, or that any such response or objection constitutes admissible evidence.  The fact that Defendant has

Page 2 -  DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION

answered part or all of any request is not intended and shall not be construed to be a waiver by Defendant of all or any part of any objections to any request. Furthermore, this response and the associated document production, if any, are made without prejudice to using or relying on at trial documents or information discovered after the date of this response and production as a result of mistake, error, oversight or inadvertence. Defendant further reserves the right to produce additional facts, evidence and/or documents at trial, and to object on appropriate grounds to the introduction of any documents produced in connection with this response.

(d)     Reservation of Rights.  Defendant reserves the right to move later for a protective order or otherwise to seek relief from the court if the parties are unable to resolve Defendant's objections by agreement.

(e)     Publicly Available Documents.  Defendant objects to producing publicly available documents (including without limitation court records) that are, due to their public availability, equally available to the requesting party.

(f)     Amendment/Supplementation.  Defendant reserves the right to amend and supplement its responses as reasonably may be necessary.

(g)     Duplicative Requests.  To the extent that any discovery request seeks documents that are also sought by or identified pursuant to any other request, Defendant declines to produce or identify multiple copies of such documents, and Defendant states that each document produced or identified pursuant to any request is also produced pursuant to any other request to which it is responsive.

(h)     Privilege Log.  Defendant reserves the right to produce a privilege log if the parties deem it necessary.

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR  97204
Tel: 503.221.0309

Exhibit 2

Defendant's Response to each Request for Production specifically incorporates these General Objections by this reference.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any and all documents reflecting the names and/or contact information of every franchisee with whom you ceased to do business under a franchise agreement during any fiscal year on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of its objections, Defendant will produce a list containing the identity and last known contact information for those franchisees with whom Defendant has ceased doing business under a franchise agreement since 2006 to the extent that the information can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:** Any and all documents reflecting the names and/or contact information of every person with whom you terminated a development agreement during any fiscal year on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of its objections, Defendant will produce a list containing the identity and last known contact information for those individuals or entities with whom Defendant has terminated a development agreement since 2006 to the extent that the information can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:** Any and all franchise, license, development, lease, operating, equipment brokerage, master technology and other contracts or agreements (and any and all addenda, exhibits and amendments thereto) signed by any person to whom you have

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2

granted or with whom you have maintained a franchise of or for any Jack in the Box location in the state of Oregon on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks proprietary information. Without waiving any of its objections, Defendant will produce its franchise, lease, and related agreements with Northwest Group, Inc. to the extent that they can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:** All documents identifying any person who participated in training or providing support or services to any franchisee or franchisee employee on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant will produce a list of individuals holding the position of Franchise Business Consultant, or equivalent, in Oregon since 2006.

**REQUEST FOR PRODUCTION NO. 5:** All documents identifying any person who represented you or communicated on your behalf with any current or potential Oregon franchisee on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks

Page 5 - DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2
Page 5 of 27

documents protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 6:** All documents identifying any person involved in the transition of any corporate Oregon store to franchisee operation on or after January 1, 2006.

**RESPONSE:** See objections and response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 7:** All documents identifying any person involved in developing any new Jack in the Box site or location in Oregon on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks proprietary information. Without waiving any of its objections, see objections and response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 8:** All documents identifying any non-traditional venue operated by you or any franchisee or licensee in Oregon on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and seeks proprietary information. Without waiving any of its objections, Defendant states that no such locations exist in Oregon.

**REQUEST FOR PRODUCTION NO. 9:** All applications and other documents submitted to you by or by you to any Oregon franchisee candidate on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, unduly burdensome, not reasonably calculated to lead to the

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR  97204
Tel: 503.221.0309 Exhibit 2

discovery of admissible evidence, and seeks highly confidential information concerning a non-party.

**REQUEST FOR PRODUCTION NO. 10:** All interview notes or other documents relating to any interview of any Oregon franchisee candidate on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks highly confidential information concerning a non-party. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 11:** Any and all Jack's Timekeeping records for all franchisee employees within the state of Oregon on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not in the possession of Defendant. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant will produce the requested information for the named plaintiffs to the extent the documentation exists and was not already produced in *Gessele I*.

**REQUEST FOR PRODUCTION NO. 12:** All posters, training materials, manuals, handbooks, and other documents used by and/or provided to franchisee employees at any time on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2

evidence, and seeks documents not in the possession of Defendant. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery.

**REQUEST FOR PRODUCTION NO. 13:** All documents used in training of franchisee employees at any time on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not in the possession of Defendant.

**REQUEST FOR PRODUCTION NO. 14:** Any and all records of, or regarding, communications (including but not limited to any correspondence, notes, email correspondence, or recorded voicemail messages) to, from, between, or among any employee and/or Defendant regarding or relating to the subject matter of this litigation.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendants states that it is not aware of any non-privileged responsive documents that were not already produced in *Gessele I*.

**REQUEST FOR PRODUCTION NO. 15:** All document and record retention and oversight policies in effect on or after January 1, 2006.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2

ambiguous, overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant directs Plaintiffs to the deposition of Lea Haggerty in *Gessele I* regarding Defendant's records retention manual, portions of which were produced in *Gessele I*.

**REQUEST FOR PRODUCTION NO. 16:** Any and all records regarding or relating to any steps Defendant has taken to preserve relevant records, including but not limited to email and other electronic communication, since May 3, 2010.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery.

**REQUEST FOR PRODUCTION NO. 17:** Documents to or from the U.S. Department of Labor or any state equivalent of the U.S. Department of Labor regarding compliance with the FLSA or compensation of employees.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of its objections, Defendant directs Plaintiffs to the deposition testimony of Raymond Pepper in *Gessele I* regarding state and federal Department of Labor matters. Defendant further states that it will produce documentation it received from the Oregon

Page 9 - DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2
Page 9 of 27

Bureau of Labor and Industries regarding the resolution of any wage and hour matters since 2006 to the extent that they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:** All documents that you believe support each and every affirmative defense that you assert or intend to assert in response to this lawsuit.

**RESPONSE:** Defendant objects to this request as seeking documents protected by the attorney-client privilege and/or work product doctrine, trial preparation materials, and the mental impressions of counsel. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery.

**REQUEST FOR PRODUCTION NO. 19:** Any and all documents related to any and all bank accounts ever used by you in the state of Oregon on or after January 1, 2006, regardless of whether such account was or is held in your name.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks highly confidential and proprietary information. Without waiving any of its objections, Defendant directs Plaintiffs to the "Method of Payment and Application of Payments" section of the franchise agreements with Northwest Group, Inc.

**REQUEST FOR PRODUCTION NO. 20:** Any and all documents reflecting any real property interest held by you in the state of Oregon at any time.

**RESPONSE:** See objections and response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 21:** Any and all real property lease documents identifying you as either a landlord or tenant in the state of Oregon.

**RESPONSE:** See objections and response to Request for Production No. 3.

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2

**REQUEST FOR PRODUCTION NO. 22:** Any and all government-issued business or sales license or permit documents that have ever been issued to you and/or any franchisee in the state of Oregon.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not in the possession of Defendant. Without waiving any of its objections, Defendant will produce responsive documents to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:** Any and all documents, including contracts of sale, invoices and receipts, pertaining to the sale or transfer of any and all equipment, furnishings, fixtures, licenses, trademarks and other property to any franchisee in the state of Oregon.

**RESPONSE:** See objections and response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 24:** Any and all documents containing your policies or procedures for transferring a Jack in the Box location from corporate operation to franchisee operation.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks proprietary information. Without waiving any of its objections, Defendant will produce responsive documents relating to Northwest Group, Inc. to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:** Any and all documents containing your policies or procedures for starting a Jack in the Box location under franchisee operation from its

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2

outset.

**RESPONSE:** See objections and response to Request for Production No. 24.

**REQUEST FOR PRODUCTION NO. 26:** Any and all documents used in or containing your policies or procedures for training franchisees or any other person employed at a Jack in the Box location under franchisee operation.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents protected by the attorney-client privilege and/or work product doctrine, trial preparation materials, and the mental impressions of counsel. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant will produce responsive documents since 2006 to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:** Any and all documents containing policies or procedures that you require franchisees to follow in the operation of Jack in the Box locations.

**RESPONSE:** See objections and responses to Request for Production Nos. 3 and 30.

**REQUEST FOR PRODUCTION NO. 28:** Any and all documents indicating the dates that each and every Jack in the Box location in Oregon was operated by a franchisee, and the dates that each franchisee operated it.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of its objections, Defendant will produce a list containing the

Page 12 - DEFENDANT'S RESPONSE TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309 Exhibit 2
Page 12 of 27

requested information.

**REQUEST FOR PRODUCTION NO. 29:** Any and all documents relating to your wage and hour policies and/or procedures at any time on or after August 13, 2004, including but not limited to personnel policy manuals, employee handbooks, computer-based training or similar documents, as well as materials used in training assistant managers, managers or anyone else regarding the applicable policies.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking documents protected by the attorney-client privilege and/or work product doctrine, trial preparation materials, and the mental impressions of counsel. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant directs Plaintiffs to the documents produced in *Gessele I.*

**REQUEST FOR PRODUCTION NO. 30:** Any and all booklets, manuals, workbooks, guides, text, scripts, transcripts, and actual audiovisual (flash or otherwise) files (and any accompanying audio and video files) (playable in a browser for the jury) for the current and all previous versions of all CBT modules, classroom training, on-the-job training, and any and all other training that franchisee owners or operators are or have been required to complete on or after January 1, 2006.

**RESPONSE:** See objections and response to Request for Production No. 26.

**REQUEST FOR PRODUCTION NO. 31:** Any and all hotline database entries pertaining to franchisees and containing any of the following key words: break, breaks, meal,

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2

meals, lunch, lunches, rest or rests.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant will produce the requested information for the named Plaintiffs to the extent the documentation exists and was not already produced in *Gessele I*.

**REQUEST FOR PRODUCTION NO. 32:** Any and all documents and tangible items in your possession, custody or control related in any way to any plaintiff's employment with Defendant, including, but not limited to, any plaintiff's arbitration agreement, hours worked, breaks, wages, deductions, uniforms, and non-slip shoes.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant directs Plaintiffs to the documents produced in *Gessele I*. Defendant will also produce Jason Diaz's personnel file and time and payroll records.

**REQUEST FOR PRODUCTION NO. 33:** Any and all policies, procedures, manuals, description of benefits, handbooks, rules, correspondence, agreements, and any other documents, whether or not you allege any plaintiff received them, related to any plaintiff's employment with Defendant.

Page 14 - DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2
Page 14 of 27

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous as to "related to any plaintiff's employment", overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant directs Plaintiffs to the documents produced in *Gessele I* and see response to Request for Production No. 32.

**REQUEST FOR PRODUCTION NO. 34:** Any and all documents and tangible items in your possession, custody or control that refer, relate to, support, or reflect the allegations in the Complaint.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant directs Plaintiffs to the documents produced in *Gessele I* and the documents produced in response to the other requests herein.

**REQUEST FOR PRODUCTION NO. 35:** Any and all personal diaries, calendars, journals, or similar documents prepared by any plaintiff during any plaintiff's employment with Defendant and/or any franchisee.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this request

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2

seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant states that it does not maintain such documents in the normal course of its business and is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 36:** Any and all personal diaries, calendars, journals, or similar documents prepared by you during any plaintiff's employment with Defendant and/or any franchisee.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. As Defendant is a corporate entity and not a "person", it does not prepare or maintain "personal" records.

**REQUEST FOR PRODUCTION NO. 37:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to any plaintiff's final payment from Defendant, including, but not limited to, document, tangible items, or electronic data referring, reflecting, or relating to the date any plaintiff received a final payment from Defendant.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this request seeks merits-based

Page 16 - DEFENDANT'S RESPONSE TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2
Page 16 of 27

discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant directs Plaintiffs to the documents produced in *Gessele I* and see response to Request for Production No. 32.

**REQUEST FOR PRODUCTION NO. 38:** Any and all documents and all tangible items in your possession, custody or control that relate to, refer to or show any information that you allege were received or reviewed by any plaintiff from any source concerning any of the wage and hour laws at issue in this case.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant directs Plaintiffs to the documents produced in *Gessele I* and see response to Request for Production No. 32.

**REQUEST FOR PRODUCTION NO. 39:** Any and all documents and all tangible items in your possession, custody or control that relate to, refer to or show any information received or reviewed by you from any source concerning any of the wage and hour laws at issue in this case.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without

Page 17 - DEFENDANT'S RESPONSE TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2
Page 17 of 27

waiving any of its objections, Defendant directs Plaintiffs to the documents produced in *Gessele I* and the documents produced in response to the other requests herein.

**REQUEST FOR PRODUCTION NO. 40:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to communications with any other person concerning any of the factual allegations or claims made in the Complaint.

**RESPONSE:** Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Defendant also objects on the grounds to the extent that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery.

**REQUEST FOR PRODUCTION NO. 41:** Any and all documents and tangible items in your possession, custody or control that you allege any plaintiff removed from Defendant's premises at any time.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Defendant has not made any such allegation.

**REQUEST FOR PRODUCTION NO. 42:** Any and all documents and all tangible items in your possession, custody or control which reflect communications or correspondence to or from any governmental entity that relate to or refer to the claims alleged in the Complaint.

**RESPONSE:** See objections and response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 43:** Any and all documents and tangible items in your possession, custody or control which relate to, refer to or show any written or recorded statements made or obtained by you from any individual concerning the subject matter of the

Page 18 - DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2
Page 18 of 27

Complaint.

**RESPONSE:** Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Without waiving any of its objections, Defendant states that it is not aware of any non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 44:** Any and all documents and tangible items in your possession, custody or control which relate to, refer to or show any written or recorded statements that you allege were made or obtained by any plaintiff from any individual concerning the subject matter of the Complaint.

**RESPONSE:** Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Without waiving any of its objections, Defendant states that it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 45:** Any and all documents and all tangible items in your possession, custody or control which relate to, refer to or show any reports received by you from any individual concerning the subject matter of the Complaint.

**RESPONSE:** Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Without waiving any of its objections, Defendant states that it is not aware of any non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 46:** Any and all audio or video recordings of any of your employees made by you or on your behalf at any time.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-

Page 19 - DEFENDANT'S RESPONSE TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309 Exhibit 2
Page 19 of 27

certification discovery. Without waiving any of its objections, Defendant states that it is not aware of any recordings of the named Plaintiffs during the time period they were employed by Defendant.

**REQUEST FOR PRODUCTION NO. 47:** Any and all documents and tangible items in your possession, custody or control that allegedly relate to, refer to or show that any plaintiff will or will not fairly and adequately represent and protect the interests of all members of the purported class.

**RESPONSE:** Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Without waiving any of its objections, Defendant directs Plaintiffs to the pleadings in *Gessele I* regarding the failure to timely file written consents.

**REQUEST FOR PRODUCTION NO. 48:** Any and all documents and tangible items in your possession, custody or control related in any way to any plaintiff's employment with any franchisee, including, but not limited to, any plaintiff's personnel records, hours worked, breaks, wages, deductions, uniforms, and nonslip shoes.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not in the possession of Defendant. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, see objections and response to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 49:** Any and all policies, procedures, manuals, description of benefits, handbooks, rules, correspondence, and any other documents related to

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309
Exhibit 2
Page 20 of 27

any plaintiff's employment with any franchisee.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not in the possession of Defendant. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, see objections and response to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 50:** Any and all documents and tangible items in your possession, custody or control that you allege any plaintiff removed from any franchisee's premises at any time.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Defendant has not made any such allegation and would not be aware of what Plaintiffs may or may not have removed from any franchisee's premises. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery.

**REQUEST FOR PRODUCTION NO. 51:** Any and all documents and tangible items in your possession, custody or control that you removed from any Oregon franchisee's premises at any time.

**RESPONSE:** Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2
Page 21 of 27

the scope of pre-certification discovery. Without waiving any of its objections, Defendant states that it is not aware of documents or tangible items removed from any Oregon franchisee's premises.

**REQUEST FOR PRODUCTION NO. 52:** Any and all audio or video recordings of any franchisee's employees made by you or on your behalf at any time.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery.

**REQUEST FOR PRODUCTION NO. 53:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to Jack's Timekeeping during the time any plaintiff was employed with any franchisee.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of its objections, see response to Request for Production No. 11. Defendant will produce any updated Jack's Timekeeeping documents that were previously produced in *Gessele I* to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 54:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to any interaction or communication any plaintiff had with any management or supervisory employee of Jack in the Box, Inc. during the time that any plaintiff was employed with any franchisee.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2
Page 22 of 27

scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, Defendant states that it is unaware of any responsive communication in its possession.

**REQUEST FOR PRODUCTION NO. 55:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to the transfer of ownership of the restaurant any plaintiff worked in from Defendant to any franchisee, including, but not limited to, communications from Defendant and/or any franchisee concerning any changes to the employment status of restaurant employees as a result of the transfer of ownership.

**RESPONSE:** Defendant objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Without waiving any of its objections, see objections and response to Requests for Production No. 24 and 54.

**REQUEST FOR PRODUCTION NO. 56:** Any and all documents, tangible items, or electronic data in your possession, custody or control that refer, reflect, or relate to communications with any named plaintiffs or putative class or collective members.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this request seeks merits-based discovery related to putative class members prior to certification and beyond the scope of pre-certification discovery. Defendant further objects to this request to the extent it seeks documents protected by

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2

the attorney-client privilege and/or work product doctrine. Without waiving any of its

objections, Defendant states that it is unaware of any responsive communications other than the

documents produced and depositions taken in *Gessele I.*

**REQUEST FOR PRODUCTION NO. 57:** Any and all documents, tangible items, or

electronic data in your possession, custody or control that refer, reflect, or relate to any

calculations of damages or other relief any plaintiff seeks to recover in this litigation.

**RESPONSE:** Defendant objects to this request to the extent it seeks documents

protected by the attorney-client privilege and/or work product doctrine. Defendant also objects

on the grounds that this request seeks merits-based discovery related to putative class members

prior to certification and beyond the scope of pre-certification discovery. Without waiving any

of its objections, Defendant states that the only non-privileged responsive documents that it is

aware of are documents provided by counsel for Plaintiff.

**REQUEST FOR PRODUCTION NO. 58:** Any and all documents or tangible evidence

that pertain to, refer to, reflect, support, refute or otherwise document all references made by any

plaintiff or to any plaintiff in social media (including but not limited to: Facebook, twitter,

LinkedIn, Pinterest, GooglePlus+, Tumblr, Flickr, Vine, Meetup, tagged, Instagram, Snapchat,

YouTube, and MySpace) about any plaintiff's employment with Defendant or any franchisee or

the allegations in the Complaint.

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad in

scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Defendant also objects on the grounds that this request seeks merits-based discovery

related to putative class members prior to certification and beyond the scope of pre-certification

discovery. Without waiving any of its objections, Defendant states that it is not aware of any

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR  97204
Tel: 503.221.0309

Exhibit 2

responsive documents.

**REQUEST FOR PRODUCTION NO. 59:** Any and all Master equipment leases between you and third party vendors; Franchise Business Manuals, Approved Supplier Manuals, Operating Manuals, and other manuals, however named or renamed, amended, expanded and/or consolidated by you from time to time; other written standards, policies, approved sources for the System, and any and all other reference documents that contain standards or other information regarding the operation of a franchised restaurant, as well as any written standards that comprise part of your operating system, that have been in effect on or after January 1, 2008.

**RESPONSE:** Defendant objects to this request on the basis that it is vague and ambiguous, overbroad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks proprietary information. Defendant also objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Without waiving any of its objections, see responses to Request for Production Nos. 26 and 27.

**REQUEST FOR PRODUCTION NO. 60:** Any and all letters, notices or other demands to any franchisees notifying them of this suit, tendering the suit for defense, or seeking indemnity for the claims asserted therein.

**RESPONSE:** Defendant objects to this request on the basis that it is vague and ambiguous as to "this suit". Without waiving any of its objections, Defendant states that it is not aware of any responsive documents regarding this *Gessele II* suit.

Page 25 - DEFENDANT'S RESPONSE TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309 Exhibit 2
Page 25 of 27

Dated:  October 19, 2015

_____
Douglas S. Parker, OSB No. 821017
Jennifer Warberg, OSB No. 035472
Littler Mendelson, P.C.

Attorneys for Defendant
JACK IN THE BOX INC., a Corporation of
Delaware

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR  97204
Tel: 503.221.0309

Exhibit 2

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2015, I served a full, true, and correct copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION:

☐ By delivery via messenger, or otherwise by hand,
☐ By facsimile,
☒ By e-mail,
☒ Mailing same, postage paid,

addressed to:

Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
(503) 697-3427 tel.
(866) 311-5629 fax
E-mail: jegan@eganleglateam.com

Of Attorneys for Plaintiff

By: _Laura M Lucero_
Laura M. Lucero

Firmwide:136175357.3 063201.1002

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 2
Page 27 of 27

Douglas S. Parker, OSB No. 821017
dparker@littler.com
Jennifer Warberg, OSB No. 035472
jwarberg@littler.com
LITTLER MENDELSON, P.C.
121 SW Morrison, Suite 900
Portland, OR 97204
Telephone:     503.221.0309
Fax No.:        503.242.2457

Attorneys for Defendant
JACK IN THE BOX INC., a Corporation of Delaware


## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION


| | |
|---|---|
| JESSICA GESSELE, ASHLEY ORTIZ, NICOLE GESSELE, TRICIA TETRAULT, CHRISTINA MAULDIN, and JASON DIAZ, both on behalf of themselves individually and, in addition, on behalf of the other similarly situated employees, | Case No.: 3:14-cv-01092-BR |
| Plaintiffs, | DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION |
| v. | |
| JACK IN THE BOX INC., a Delaware corporation doing business in Oregon as "Jack In The Box Inc. A Corporation of Delaware,", | |
| Defendant. | |


TO:     Plaintiffs Jessica Gessele, Ashley Ortiz, Nicole Gessele, Tricia Tetrault, Christina

Mauldin, and Jason Dias, and their attorney, Jon Egan.

Page 1 -  DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 3
Page 1 of 8

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Jack in the Box, Inc. ("Defendant") hereby submits its responses, answers, and objections to Plaintiffs' Request for Production of Documents, as follows:

## GENERAL OBJECTIONS

The following objections apply generally to all of Plaintiffs' discovery requests:

(a)     <u>Objections to Scope of Discovery Requests.</u> Defendant objects to all discovery requests to the extent they purport to require any actions not required by the Federal Rules of Civil Procedure, Local Rules, or Orders of the Court specific to this case. Without limiting the generality of this objection, Defendant objects to all discovery requests to the extent that they (1) go beyond the scope of discovery provided by the Federal Rules of Civil Procedure; (2) are not reasonably calculated to lead to the discovery of admissible evidence; and (3) purport to impose a duty of supplementation greater than that imposed by the Federal Rules of Civil Procedure.

(b)     <u>Privilege and Trial Preparation Materials.</u> Defendant objects to all discovery requests to the extent they call for information or documents that fall within any relevant privilege (including without limitation the attorney-client privilege), that are within the work product doctrine, that constitute trial preparation materials, seek the mental impressions of counsel, or that qualify for any other discovery immunity.

(c)     <u>No Waiver.</u> Nothing set forth in Defendant's specific objections, general objections or responses is intended as or should be construed as a waiver of these general objections, or of any specific objections set forth. The fact that Defendant has not responded to or objected to any requests or part thereof should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by Plaintiffs' request, or that any such response or objection constitutes admissible evidence. The fact that Defendant has

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 3
Page 2 of 8

answered part or all of any request is not intended and shall not be construed to be a waiver by Defendant of all or any part of any objections to any request. Furthermore, this response and the associated document production, if any, are made without prejudice to using or relying on at trial documents or information discovered after the date of this response and production as a result of mistake, error, oversight or inadvertence. Defendant further reserves the right to produce additional facts, evidence and/or documents at trial, and to object on appropriate grounds to the introduction of any documents produced in connection with this response.

(d)     Reservation of Rights. Defendant reserves the right to move later for a protective order or otherwise to seek relief from the court if the parties are unable to resolve Defendant's objections by agreement.

(e)     Publicly Available Documents. Defendant objects to producing publicly available documents (including without limitation court records) that are, due to their public availability, equally available to the requesting party.

(f)     Amendment/Supplementation. Defendant reserves the right to amend and supplement its responses as reasonably may be necessary.

(g)     Duplicative Requests. To the extent that any discovery request seeks documents that are also sought by or identified pursuant to any other request, Defendant declines to produce or identify multiple copies of such documents, and Defendant states that each document produced or identified pursuant to any request is also produced pursuant to any other request to which it is responsive.

(h)     Privilege Log. Defendant reserves the right to produce a privilege log if the parties deem it necessary.

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 3
Page 3 of 8

Defendant's Response to each Request for Production specifically incorporates these General Objections by this reference.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any and all documents reflecting the names and/or contact information of every franchisee with whom you ceased to do business under a franchise agreement during any fiscal year on or after January 1, 2006.

**RESPONSE:** Notwithstanding all prior stated objections, see documents attached as JITB2 000091 to JITB2 000096

**REQUEST FOR PRODUCTION NO. 2:** Any and all documents reflecting the names and/or contact information of every person with whom you terminated a development agreement during any fiscal year on or after January 1, 2006.

**RESPONSE:** Notwithstanding all prior stated objections, see documents attached as JITB2 000097.

**REQUEST FOR PRODUCTION NO. 3:** Any and all franchise, license, development, lease, operating, equipment brokerage, master technology and other contracts or agreements (and any and all addenda, exhibits and amendments thereto) signed by any person to whom you have granted or with whom you have maintained a franchise of or for any Jack in the Box location in the state of Oregon on or after January 1, 2006.

**RESPONSE:** Notwithstanding all prior stated objections, see documents attached as JITB2 000098 to JITB2 000387.

**REQUEST FOR PRODUCTION NO. 4:** All documents identifying any person who participated in training or providing support or services to any franchisee or franchisee employee on or after January 1, 2006.

Page 4 - DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 3
Page 4 of 8

**RESPONSE**: Notwithstanding all prior stated objections, Defendant states that Jeff Tennant is the Franchise Business Consultant for Jack in the Box in Oregon.

**REQUEST FOR PRODUCTION NO. 5**: All documents identifying any person who represented you or communicated on your behalf with any current or potential Oregon franchisee on or after January 1, 2006.

**RESPONSE**: Notwithstanding all prior stated objections, and in addition to Mr. Tennant, documents which identify persons involved in communications with current or potential Oregon franchisees are produced in response to Requests for Production 3 and 9.

**REQUEST FOR PRODUCTION NO. 6**: All documents identifying any person involved in the transition of any corporate Oregon store to franchisee operation on or after January 1, 2006.

**RESPONSE**: Notwithstanding all prior stated objections, see supplemental response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 7**: All documents identifying any person involved in developing any new Jack in the Box site or location in Oregon on or after January 1, 2006.

**RESPONSE**: Notwithstanding all prior stated objections, see supplemental response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 9**: All applications and other documents submitted to you by or by you to any Oregon franchisee candidate on or after January 1, 2006.

**RESPONSE**: Notwithstanding all prior stated objections, see documents attached as JITB2 000388 to JITB2 000778.

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 3
Page 5 of 8

**REQUEST FOR PRODUCTION NO. 10:** All interview notes or other documents relating to any interview of any Oregon franchisee candidate on or after January 1, 2006.

**RESPONSE:** Notwithstanding all prior stated objections, see response to Request for Production 9.

**REQUEST FOR PRODUCTION NO. 24:** Any and all documents containing your policies or procedures for transferring a Jack in the Box location from corporate operation to franchisee operation.

**RESPONSE:** Notwithstanding all prior stated objections, see supplemental response to Request for Production No. 3 and 9.

**REQUEST FOR PRODUCTION NO. 25:** Any and all documents containing your policies or procedures for starting a Jack in the Box location under franchisee operation from its outset.

**RESPONSE:** Notwithstanding all prior stated objections, see supplemental response to Request for Production Nos. 3 and 9.

**REQUEST FOR PRODUCTION NO. 28:** Any and all documents indicating the dates that each and every Jack in the Box location in Oregon was operated by a franchisee, and the dates that each franchisee operated it.

**RESPONSE:** Notwithstanding all prior stated objections, see documents attached as JITB2 000779 to JITB2 000780.

**REQUEST FOR PRODUCTION NO. 59:** Any and all Master equipment leases between you and third party vendors; Franchise Business Manuals, Approved Supplier Manuals, Operating Manuals, and other manuals, however named or renamed, amended, expanded and/or consolidated by you from time to time; other written standards, policies, approved sources for the

Page 6 - DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 3
Page 6 of 8

System, and any and all other reference documents that contain standards or other information regarding the operation of a franchised restaurant, as well as any written standards that comprise part of your operating system, that have been in effect on or after January 1, 2008.

**RESPONSE:** Notwithstanding all prior stated objections, see supplemental response to Request for Production No. 3 and 9.

Dated: October 30, 2015

_____
Douglas S. Parker, OSB No. 821017
Jennifer Warberg, OSB No. 035472
Littler Mendelson, P.C.

Attorneys for Defendant
JACK IN THE BOX INC., a Corporation of Delaware

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 3
Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2015, I served a full, true, and correct copy of the

foregoing DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST

REQUEST FOR PRODUCTION:

☐    By delivery via messenger, or otherwise by hand,
☐    By facsimile,
☒    By e-mail,
☒    Mailing same, postage paid,

addressed to:

     Jon M. Egan, PC
     547 Fifth Street
     Lake Oswego, OR 97034-3009
     (503) 697-3427 tel.
     (866) 311-5629 fax
     E-mail: jegan@eganleglateam.com

     Of Attorneys for Plaintiff

By: _____
          Laura M. Lucero

Firmwide:136726557.1 063201.1002

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

Exhibit 3
Page 8 of 8

# Jon M. Egan, PC

547 Fifth Street
Lake Oswego, OR 97034-3009
telephone (503) 697-3427
facsimile (866) 311-5629
jegan@eganlegalteam.com
www.eganlegalteam.com

## FACSIMILE TRANSMITTAL

Name:           Douglas Parker
Organization:   Littler Mendelson, PC
Fax:            (503) 961-7854
Date:           November 10, 2015
Subject:        *Gessele et al. v. Jack in the Box, Inc.*
 Pages:          4 (including this page)

**Comments:**

Also sent via email to *DParker@littler.com, JWarberg@littler.com, SMcFarland@littler.com* and *LLucero@littler.com*

Originals ☐ **will** follow via U.S. Mail
☒ **will not** follow via U.S. Mail

Exhibit 4
Page 1 of 5

# Jon M. Egan, PC
# Attorney at Law

547 Fifth Street
Lake Oswego, OR  97034-3009
telephone: (503) 697-3427
facsimile:  (866) 311-5629
Jegan@eganlegalteam.com
www.eganlegalteam.com

November 10, 2015

*Via email and facsimile*
Douglas S. Parker
Jennifer Warberg
Littler Mendelson, PC
121 SW Morrison, Ste. 900
Portland, OR 97204
FAX: (503) 961-7854
*DParker@littler.com*
*JWarberg@littler.com*

Re:  *Gessele et al. v. Jack in the Box, Inc.*

Dear Doug:

I write to address several concerns with defendants' responses (both original and supplemental) to plaintiffs' first request for production, and to see if there are any uncertainties that can be cleared up without involving the Court.

First, we asked for the time records in a usable spreadsheet format. The 30(b)(6) testimony confirmed that those Jack's Timekeeping records can be exported directly into Excel. That is the format that we requested them in, and I would like to get them in that format. *Compare* Fed.R.Civ.P. 34(a)(1)(A), (b)(1)(C) and (b)(2)(E)(ii).

With regard to the specific requests, I offer the following questions and concerns in anticipation of our upcoming conferral:

**RFP 3, 27, 59**: Why have you limited your production to Northwest Group, Inc.? All Oregon franchise documents are relevant to class and collective certification. Also, the following attachments and incorporated documents were specifically identified or referenced in your production but not produced:
    a. The Manuals (JITB2 000192 et seq., JITB2 000529)
    b. The applicable FDD (identified in JITB2 000447)
    c. The Technology Contracts (JITB2 000453)
    d. Master Technology Services Agreement (JITB2 000550);
    e. IRIS Software Sublicensing Agreement for POS Software (JITB2 000550);
    f. Personal Computer Rental Agreement (JITB2 000550);
    g. Satellite Communications Agreement (JITB2 000550);
    h. POS Equipment Sublease (JITB2 000550);
    i. Technology Equipment Brokerage Agreement (JITB2 000550):
    j. Adoption Agreement (JITB2 000550); and
    k. Master Software License Agreement (JITB2 000550).
    l. IS documents (JITB2 000554)
    m. Equipment Broker Agreement (JITB2 000554, JITB2 000547)
    n. PC documents (JITB2 000548)

Exhibit 4
Page 2 of 5

      o. RAM forms (JITB2 000674)
      p. Vendor spreadsheet (JITB2 000674)
      q. POS checklists (JITB2 000777)
      r. Stand Bank inventory forms (JITB2 000778)
      s. Franchise Business Manual (¶ 1.12 of Exhibit S of current FDD)
      t. Approved Supplier Manual (p. 20 of current FDD)

In addition, no completed transfer checklist (*e.g.* 523 et seq.) was produced for any transfers of Oregon stores.

**RFP 4**: Why have you limited production to those holding the position of Franchise Business Consultant? And why have you only produced Jeff Tennant's name rather than the promised list going back to 2006?

**RFP 8**: Regarding non-traditional venues, you state that "no such locations exist in Oregon." This covers only the present, and my request was since 1/1/06. Please confirm whether any such locations have existed in Oregon at any time since January 1, 2006.

**RFP 9–10**: You have not produced the interview notes, nor any documents at all related to FEAST Foods, LLC; V.R., Inc.; VPS Inc.; or Constellation Group, Inc. Please do so.

**RFP 11, 48, 49, 53**: You have not exported the named plaintiffs' records to a usable spreadsheet format as requested. Please do that. Please also produce the remaining requested documentation regarding the named plaintiffs' employment at franchisee stores. Finally, you have refused to produce the time and pay records for the Oregon class members. As far as anonymized records were produced in *Gessele I*, they were produced in a PDF format that requires a labor-intensive and error-prone process to convert into usable spreadsheets, as well as being defective in failing to uniquely identify each employee. Please produce the time and pay records for all Oregon employees since August 13, 2004, in usable spreadsheet format.

**RFP 12–13**: You object that the request seeks documents "not in the possession of Defendant," but you do not state whether defendant has responsive documents within its custody or control. Please do so.

**RFP 16**: If your objection to producing preservation letters/litigation holds/etc. is privilege or work product, you need to produce a privilege log. The Judge must be the one to decide whether and to what extent any litigation holds, etc. are covered by any applicable privilege or protection. This discovery is just as relevant to plaintiffs' individual cases as it is to any class or collective determination. Please produce a privilege log.

**RFP 17, 42**: You state that defendant "will produce documentation it received from the Oregon Bureau of Labor and Industries regarding the resolution of any wage and hour matters since 2006." None have been produced. Please do so.

**RFP 22**: You state that "Defendant will produce responsive" business or sale license and permit documents. None have been produced. Please do so.

**RFP 26, 30, 59**: You state that "Defendant will produce responsive documents since 2006" used in or containing policies and procedures for training franchisees or franchisee employees. None have been produced. Please do so.

**RFP 31**: You state that "Without waiving any of its objections, Defendant will produce the requested information for the named Plaintiffs to the extent the documentation exists and was not already produced in *Gessele I*." First, no documents have been produced. Second, the limitation to the named plaintiffs is inappropriate at the precertification stage. Please produce documents for all affected employees.

**RFP 43, 45**: You state that defendant "is not aware of any non-privileged responsive documents." If you are relying on any privilege to avoid production of a document, you must produce a privilege log so that the Judge can evaluate your claim of protection.

Exhibit 4
Page 3 of 5

**RFP 46**: You state that defendant "is not aware of any recordings of the named Plaintiffs during the time period they were employed by Defendant." If you have audio or video recordings of any named plaintiff made by you or on your behalf *at any time*, you must produce them.

**RFP 53**: You state that defendant "will produce any updated Jack's Timekeeping documents that were previously produced in *Gessele I*." I have already addressed above the request to produce the named plaintiffs' time records in usable spreadsheet format. Please also produce in usable spreadsheet format the pay records for the Oregon employees that you previously produced only in redacted PDF format. Please also produce in usable spreadsheet format any pay records for Oregon employees after the cutoff date of that *Gessele I* production. Finally, please also produce in usable spreadsheet format the time records for all Oregon corporate and franchisee employees, both before and after the cutoff date for the *Gessele I* production.

**RFP 60**: Please confirm whether defendant is aware of any responsive documents regarding *Gessele I* as well.


Please let me know as soon as possible whether Jack in the Box will be producing any additional records voluntarily (including in electronic format), and when. Please also let me know what times this week you or your designee would be available to confer on plaintiffs' anticipated motion to compel.

Thank you.


                                        Sincerely,


                                        *Jon Egan*
                                        Jon M. Egan
                                        Attorney at Law


JME/ml

Exhibit 4
Page 4 of 5



## Transmission Status

**Your transmission has completed.**

DOC Identifier : 46597134
Fax Number : 5039617854
Recipient : Douglas S. Parker
Status Classification : "Success"
Status Outcome : "Success"
Last Attempt Date : 11/10/2015
Last Attempt Time : 16:58:04
Pages Scheduled : 4
Pages Sent : 4
Baud Rate : 14400
Duration (in seconds) : 136
Number of Retries : 1
Remote CSID : "15039617854"

 [15-11-10 JME Parker Letter.pdf](15-11-10 JME Parker Letter.pdf)

Copyright © 1996-2014 **Send2Fax** All Rights Reserved.



**Littler Mendelson, P.C.**
121 SW Morrison
Suite 900
Portland, OR 97204

Douglas S. Parker
503.889.8873 direct
503.221.0309 main
503.961.7854 fax
dparker@littler.com

November 13, 2015

**VIA EMAIL TO JEGAN@EGANLEGAL TEAM.COM**

Jon M. Egan
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009

Re:   *Gessele, et al. v. Jack In The Box Inc.*

Dear Jon:

This will respond to your letter received at the end of the day on November 10 in the order in which your concerns are presented. While we are still looking into a small handful of issues and will report further on them by early next week, we can this afternoon update information and/or provide further explanation of our client's position on the following.

We will provide those Jacks Timekeeping records previously provided for the named plaintiffs in a usable Excel format.

**RFP 3, 27, 59:** Our limitation to Northwest Group is as stated in our October 19 responses. As you will recall, we objected to the considerable burden of your request as framed: "any and all" agreements of various kinds. Our October 30 supplemental responses include the agreement package for one of the stores operated by Northwest Group. Additionally, in response to RFP 9, we provided the transactional file for stores sold in March 2010 to Northwest Group. Please note that we also produced 2011 transactional documents to your portal this afternoon, Bates Nos JITB2 781 - 1239. We will stipulate that these several groups of documents are consistent for other operators and other Oregon stores operated by franchisees. Given such a stipulation, we would not understand any remaining need for the burdensome exercise of producing voluminous and detailed information about all operators for resolving the joint employer issue.

Likewise, we do not understand the need to produce each and every last technology agreement, food production manual and similar, which have little or nothing to do about personnel or their management. ==Nonetheless, we will produce a representative copy of each of the agreements referenced in the transactional documents.==

**RFP 4:** In addition to Mr. Tennant, Franchise Business Consultants and/or Regional Franchise Directors since 2006 have included Kathi Corder and Gary Marstall. Field trainers have been Laura Fleming, Anamarie Montes, Patricia Alvarez, and Garry Siggelkow.

Exhibit 5
Page 1 of 4

**RFP 9-10:**  As with RFP 3 et al, we are willing to stipulate that the process for bringing in and factors for evaluating the business and financial ability of a prospective franchise operator applied equally to other operators.  Again, on that basis we would not understand the remaining need for burdensome responses concerning other operators.

**RFP 11, 48, 49, 53:**  Your blunt assumption communicated here and elsewhere that Jack in the Box must respond to your burdensome demands for information concerning all other Jack in the Box and/or franchisee employees at this time is without legal citation or support.  Before class wide pre-certification discovery will be allowed, the burden is on the plaintiff to either (a) make a prima facie showing of Rule 23 's prerequisites for certification, or (b) demonstrate that the discovery is relevant to substantiating the class allegations (i.e. relevant to proving the existence of a class or subset of classes).  *Doninger v. Pac. NW Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977).  When that showing is not met, courts have routinely denied or limited pre-certification discovery regarding the entire class to the extent necessary to investigate the existence of a class. *See e.g. Mantolete v. Bolger*, 767 F.2d 1416, 1424-25 (9th Cir. 1985); *Van Patten v. Vertical Fitness Group, LLC*, Case No. 12cv1614-LAB (MDD) (SD Cal. May 7, 2013).  In light of this, federal courts have largely followed the principle that pre-certification discovery should generally be directed at evidence concerning the named parties only.  This coincides with the Supreme Court's view that at this stage of a class action, "[m]erits questions may be considered to the extent — but only to the extent — that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied," *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1195 (2013).

We object, too, to production on a class wide basis of personnel or payroll records because you and your clients presently have no right or legal entitlement to receive or review them.  Unless and until you have achieved Rule 23 class certification, you simply do not have a privileged relationship with putative class members.  *Parks v. Eastwood Ins. Services, Inc.*, 235 F. Supp. 2d 1082 (CD Cal. 2002) (class counsel has no attorney client relationship outside of the named plaintiffs prior to certification), cited with approval in *Giles v. St. Charles Health System, Inc.*, 980 F. Supp. 2d 1223 (D. Or 2013).

Finally, we note that on July 17 of this year at docket 25, Judge Brown ordered that each party file a Discovery Plan on or before August 31 setting out pre-certification and post certification discovery objectives.  This order was entered upon the parties' Joint Proposed Case Management Schedule at docket 24.  We have no record that plaintiffs ever filed the required Discovery Plan. Given such violation, we wonder if you can be heard to complain that Jack in the Box should comply with your overbroad requests that clearly seek class wide discovery.  In the absence of further direction from the Court that it must do so at this time, Jack in the Box does not intend to produce records for thousands of individuals with whom you presently have no attorney/client relationship.

Exhibit 5
Page 2 of 4

**RFP 12-13:** Jack in the Box's objection that it did not have certain of the requested documents in possession refers to the fact that franchisee employees are just that – employees of franchisees. Jack in the Box does not necessarily know what materials may or may not be used in their training. I say this not to be difficult but to reflect that you are asking about events occurring with third parties and not necessarily Jack in the Box. That said, we are assessing what additional training and policy documents exist that were not already within the substantial production to you in *Gessele I*. Again, we hope to have any such documents to you early this next week.

**RFP 16:** Among stated objections to this request is that it has no legitimacy as a pre-certification discovery request. As noted in response to RFP 11, you did not by August 31 state a pre-certification need for discovery of litigation holds topic. Even if you had complied with the Court's July 17 order, it is your burden to show how this kind of information applies to certification, something you have not done.

**RFP 22:** Jack in the Box does not collect licenses or permits from franchise operators per se and, rather, includes the following statement in the Franchise Agreement: "Franchisee agrees at all times during the term of this Agreement, at its own expense, to conform to and comply with all federal, state and local laws, ordinances and regulations, and security standards imposed by the credit card or similar industries now in force or that are hereafter enacted affecting the operation of the Franchised Restaurant business, including, without limitation, the federal Americans with Disabilities Act and any similar state law." Moreover, "when developing and operating a Jack in the Box restaurant, you must comply with all local, state and federal laws regarding health, sanitation, safety, fire, zoning, building, nutritional disclosures on menus and menu boards, employment, and environmental issues, among others." If a franchisee is engaged in construction, the FDD and Development Agreement both reference building permits. The FDD also lists estimates of certain required licenses (software, e-mail, other IT stuff; business licenses) but doesn't go into specifics.

**RFP 31:** See responses to RFPs 11 et al concerning Jack in the Box's refusal to accede to your unsubstantiated demand for class-wide discovery. As for the named plaintiffs, we previously produced a summary of reports for the plaintiffs named in Gessele I, none of which appeared to concern wage and hour complaints. As you may recall, Ashley Gessele, Jessica Gessele, Nicole Gessele, and Tricia Tetrault did not even recall in their deposition testimony contacting the Jack in the Box hotline. We are producing the only report into the hotline concerning a named plaintiff since that prior production. See attached.

**RFP 43, 45:** Other than *Gessele I* deposition transcripts, there are no such documents.

**RFP 46:** Do your clients really believe someone recorded them while they worked for Jack in the Box or that it has recordings of them from some other time? We are unaware of any such

Exhibit 5
Page 3 of 4

recordings other than your surreptitious tape recordings of their testimony which came to light midway through one of their depositions; those recordings presumably are in your possession.

**RFP 53:** See responses to RFPs 11 et al concerning Jack in the Box's refusal to accede to your unsubstantiated demand for class-wide discovery.

**RFP 60:** You have now clarified your demand to include your prior lawsuit. The only documents we are aware of concerning notice to franchisees of that lawsuit are the letters you wrote to various franchise operators over Thanksgiving weekend 2012. As you will recall, you threatened to add them to the lawsuit unless they immediately capitulated to your demands. Although they are no relevance whatsoever to "this lawsuit," *Gessele II*, we can provide our copies of those letters to you if you insist. As is the case with *Gessele II*, Jack in the Box did not tender defense or seek indemnity from any franchise operator of *Gessele I*.

After considering the points made in this response, if you continue to feel you have any basis for a motion to compel, please provide written notice of the remaining areas of concern before calling me to confer.

Thank you

Sincerely,

Douglas S. Parker
DSP/lml

cc:     Sarah Super, Jack in the Box, Inc.
        Jennifer Warberg

Attachment

Firmwide:137020731.1 063201.1002

Exhibit 5
Page 4 of 4