IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA GESSELE, ASHLEY ORTIZ,                3:14-CV-01092-HZ
NICOLE GESSELE, TRICIA
TETRAULT, and CHRISTINA                       OPINION & ORDER
MAULDIN, on behalf of themselves and
all others similarly situated,

        Plaintiffs,

v.

JACK IN THE BOX, INC., a corporation
of Delaware,

        Defendant.

Jon M. Egan
240 6th Street
Lake Oswego, OR 97034-2931
(503) 697-3427

Jim W. Vogele
812 N.W. 17th Avenue
Portland, OR 97209
(503) 779-5415

        Attorneys for Plaintiff

Douglas S. Parker
David P. R. Symes
LITTLER MENDELSON, P.C.
1300 S.W. 5th Avenue
Suite 2050
Portland, OR 97201
(503) 221-0309

1 - OPINION & ORDER

Ian Maher
LITTLER MENDELSON, P.C.
633 West 5th Street
Los Angeles, CA 90071
(213) 443-4300

      Attorneys for Defendant

HERNÁNDEZ, District Judge.

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of Court's Previous Denial of Class Certification for Plaintiffs' Unpaid Break Class. For the reasons that follow, the Court grants Plaintiff's Motion to the extent that the Court reconsiders the denial of class certification for Plaintiffs' unpaid break class. The Court, however, adheres to the denial of class certification.

## BACKGROUND

Because the parties are familiar with the facts underlying this action, the Court sets out only the facts that are relevant to the pending Motion.

Until September 30, 2011, Defendant Jack in the Box, Inc., owned and operated several restaurants in Oregon. From May 2006 through September 2011 Defendant sold its Oregon restaurants to various franchise operators as follows:

| | |
|---|---|
| May 1, 2006: | 6 restaurants |
| March 29, 2010: | 21 restaurants |
| March 7, 2011: | 13 restaurants |
| September 30, 2011: | 3 restaurants |

After September 30, 2011, Defendant did not own or operate any restaurants in Oregon and did not have any Oregon employees. The last Jack in the Box restaurant in Oregon owned by Defendant at which any of the named Plaintiffs worked was sold to a franchisee on March 29, 2010.

2 - OPINION & ORDER

Plaintiffs were employed by Defendant in its Oregon restaurants at various times. Plaintiffs received their final paychecks from Defendant on the following dates:

| | |
|---|---|
| Tricia Tetrault: | July 11, 2008 |
| Ashley Ortiz: | December 26, 2008 |
| Nicole Gessele: | March 20, 2009 |
| Jessica Gessele: | November 23, 2009 |
| Christina Mauldin: | March 30, 2010. |

Defendant has a national company-wide meal-and-break policy. During the relevant period the Oregon-specific portion of Defendant's policy provided employees were to receive a "30 minute meal break for shifts of 6 hours or more." Decl. of Douglas Parker in Supp. of Def.'s Opp. to Pls.' Mot. for Class Cert. ("Parker Decl."), ECF 129, Ex. AA at 2-3. In addition, Defendant's Oregon employees signed On-Duty Meal Policy Agreements in which employees "agree[d] with [Defendant] that on those sporadic occasions when the nature of my work prevents me from being relieved of all duties during my required meal period, I shall be paid for those meal periods." Decl. of Jon M. Egan in Supp. of Pls.' Mot. for Class Cert. ("Egan Decl."), ECF 124, Ex. 30. It is undisputed that on occasion Plaintiffs had meal breaks of less than 30 minutes. The record reflects restaurant managers were authorized to ask employees to come back early from their meal breaks if the restaurant was "really busy" and that Plaintiffs expected to be paid for their meal breaks when they did not take the entire 30 minutes due to being asked to return to work by a manager.

Before February 2010 Defendant used the timekeeping system Kronos. The Kronos system consisted of wall-mounted keypunch pads that fed employee key-punch information into the on-site office computer running the Kronos software. To log a time-punch into the Kronos system the employee entered her employee number using the keypad and pressed "enter." The

system did not provide a way for employees to indicate whether they were punching in or out of work. Kronos also did not contain a way for employees to indicate whether they were punching in or out from a shift, a rest break, or a meal break. The Kronos system simply logged the time of an employee's various punches, and Defendant's computers compared the punches to each other to determine the reason for each punch. Under the Kronos system each employee should have had an even number of punches each day that she worked because each "in" punch should have been paired with an "out" punch. If there were an odd number of punches for an employee, the computer would produce an error message and a manager had to fix it manually before the computer would accept the employee's punches for the day.

Defendant used the Kronos system programmed with punch-in and punch-out calculation rules that did not pay employees for breaks longer than 20 minutes regardless of whether the break was a rest break or a meal break and regardless whether an employee was called back to work from a meal break by a manager or took a short meal break for some other reason. As one of Defendant's People and Organizational Effectiveness Managers, Shelly Rohlfs, explained at deposition:

> Q:    Are there breaks for which [Defendant] pays its employees and
>        breaks for which it doesn't pay its employees?
>
> A:    Yes.
>
> Q:    Okay. Where is the dividing line between those two?
>
> A:    So we have breaks that - anything less than 20 minutes is paid,
>        anything more than 20 minutes is not.
>
> Q:    What about 20 on the dot?
>
> A:    20 minutes or - or less is -is paid.

4 - OPINION & ORDER

\* \* \*

Q:    Okay. Is . . . 30 minutes the companywide standard for how long
      managers are supposed to give for a . . . meal period . . . ?

A:    30 minutes is the practice. We give - we call a half-an-hour [meal]
      break.

\* \* \*

Q:    But if for some reason someone isn't able to take their full 30
      minutes, let's say that their manager asks them to come back after
      28 because of the press of business or for whatever other reason
      . . . . Your understanding is that it's unpaid as long as it's more
      than 20 minutes?

A:    That's my understanding.

\* \* \*

Q:    So what's your understanding of [Defendant's 30-minute meal
      policy]?

\* \* \*

A:    Okay. So if . . . somebody is sent on a meal period and they were
      unable to finish their meal period, then they would be paid for that
      time that they were out. So if it was, "I sent you on your half-an-
      hour break and you were only able to take 15 minutes," you'd be
      paid for that time. Wouldn't count as not paid.

Q:    I see. But if . . . to keep with your example, if you sent me on the
      half-an-hour break and I took 22 minutes, that wouldn't be paid; is
      that right?

A:    Based on the way it calculates today, yes.

Q:    Okay. And to your understanding, that's the way it's always been
      calculated?

A:    Yes.

Egan Decl., ECF 123,  Ex. 28 at 2-4, 7-8. Thus, Defendant did not pay employees for interrupted

5 - OPINION & ORDER

meal breaks that were more than 20 minutes and less than 30 minutes. As noted, under the

Kronos system there was not any way for an employee or manager to indicate whether a break of

more than 20 minutes but less than 30 minutes was an interrupted meal break or a long rest

break. Defendant also did not have any system from which it could be determined whether an in-

and-out punch combination that was more than 20 minutes but less than 30 minutes was an

interrupted meal break or a longer rest break.

In February 2010[1] Defendant began switching to a different timekeeping system called

Jack's Timekeeping, which uses a software clock integrated into the point-of-sale cash registers

used by employees. Under Jack's Timekeeping employees must indicate at the time they punch

in or out whether the punch is for the beginning or the end of a shift, the beginning or the end of

a rest break, or the beginning or the end of a meal break. If an employee presses the "End Meal"

button less than 30 minutes after the employee has selected "Start Meal," an error message pops

up noting the meal break was not long enough and a supervisor must override the system to enter

the shorter meal break. Thus, employees cannot clock in early from a 30-minute meal break

without a supervisor override.

After Defendant imports all of its employees' time punches from Jack's Timekeeping

into its computers in San Diego, Defendant's system breaks up the employees' punched time into

various time codes that determine whether they constitute a paid break. Under Jack's

Timekeeping, rest periods of 20 minutes or less are paid. For any rest period longer than 20

---

[1] Defendant switched each of its Oregon stores from Kronos to Jack's Timekeeping on various dates from February 8, 2010, through February 12, 2012. Christina Mauldin was the only named Plaintiff working for Defendant at the time that Defendant began to move its stores to Jack's Timekeeping. The store at which Mauldin worked, however, did not change to Jack's Timekeeping until after Mauldin stopped working for Defendant.

minutes, Jack's Timekeeping pays the portion of the rest period up to 20 minutes and does not

pay the portion of the rest period over 20 minutes. Meal breaks under Jack's Timekeeping are

unpaid, thus, when an employee clocks out using the "Start Meal" button, the resulting break is

coded as a meal break and is unpaid regardless of its length.[2]

On August 13, 2010, Jessica Gessele, Ashley Gessele, Nicole Gessele, and Tricia Tetrault

filed a putative class-action Complaint (*Gessele I*, Case No. 3:10-CV-00960-ST) in this Court

against Jack in the Box for violations of the minimum-wage and overtime provisions of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and various Oregon wage-and-hour

laws.

On May 16, 2011, Jessica Gessele, Ashley Gessele, Nicole Gessele, and Tricia Tetrault

filed a First Amended Complaint in *Gessele I* in which they added Christina Luchau as a named

Plaintiff.

On August 13, 2012, Jessica Gessele, Ashley Gessele, Nicole Gessele, Tricia Tetrault,

and Christina Luchau filed a Motion to Certify Oregon Rule 23(b)(3) Classes and Alternative

Motions to Either Certify Hybrid FLSA Classes or Certify FLSA 216(b) Collectives.

On January 28, 2013, Magistrate Judge Stewart issued Findings and Recommendation in

*Gessele I* in which she recommended granting in part and denying in part the Motion to Certify.

Relevant to Plaintiffs' current Motion, Magistrate Judge Stewart recommended denying

certification of the proposed Rule 23(b)(3) break class.

On April 1, 2013, Judge Ancer Haggerty entered an Order adopting the January 28, 2013,

Findings and Recommendation.

---

[2] Plaintiffs note unpaid meal breaks longer than 30 minutes are not at issue in this action.

After resolving various motions, Judge Anna Brown entered a Judgment on May 15, 2014, dismissing *Gessele I* without prejudice.

On June 10, 2014, Jessica Gessele, Ashley Ortiz (formerly Ashley Gessele), Nicole Gessele, Tricia Tetrault, Christina Mauldin (formerly Christina Luchau), and Jason Diaz[3] filed a putative class action against Jack in the Box in Multnomah County Circuit Court (*Gessele II*) in which they alleged claims for violation of Oregon's wage-and-hour laws, violation of the FLSA, breach of fiduciary duty, and equitable and quasi-contractual claims for return of money.

On July 9, 2014, Defendant removed *Gessele II* to this Court on the ground of federal-question jurisdiction based on Plaintiffs' FLSA claims and/or jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

On March 2, 2017, Plaintiffs filed a Motion for Rule 23(b)(3) Class Certification.

On June 12, 2017, Judge Brown issued an Opinion and Order in which she, among other things, denied Plaintiffs' Motion to Certify the Unpaid Break Class.

On March 27, 2020, Plaintiffs filed a Renewed Motion to Certify Unpaid Break Class.

On June 5, 2020, Judge Brown issued an Opinion and Order in which she denied Plaintiffs' Renewed Motion to Certify Unpaid Break Class.

On November 19, 2020, the Ninth Circuit denied Plaintiffs' petition for permission to appeal Judge Brown's June 5, 2020, Opinion and Order.

On January 21, 2021, *Gessele II* was reassigned to this Court.

On September 15, 2021, Plaintiffs filed a Motion for Reconsideration of Courts' Previous Denial of Class Certification for Plaintiffs' Unpaid Break Class in which Plaintiffs move for

---

[3] On December 13, 2016, Judge Brown granted Defendant's Motion for Partial Summary Judgment as to Diaz's claims on the basis that his claims were subject to mandatory arbitration.

reconsideration of Judge Brown's previous Opinions and Orders denying Plaintiffs' Motions to Certify the Unpaid Break Class.

## DISCUSSION

Plaintiffs move for reconsideration of Judge Brown's denial of Plaintiffs' Motion to Certify Unpaid Break Class and Plaintiffs' Renewed Motion to Certify Unpaid Break Class. Plaintiffs assert the Ninth Circuit's decision in *Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127 (9th Cir. 2021), indicates Judge Brown erred when she concluded *Maza v. Waterford Operations LLC*, 300 Or. App. 471 (2019), did not apply retroactively. According to Plaintiffs, *Maza* indicates individualized inquiries no longer exceed the common class questions as to the unpaid break class, and, therefore, resolution of the unpaid meal-break claim is amenable to efficient classwide resolution.

## I.    Oregon Meal Break History

At all relevant times Oregon Revised Statute § 653.055(1) provided:

> (1) Any employer who pays an employee less than the wages to which the employee is entitled under O.R.S. 653.010 to 653.261 is liable to the employee affected:
>
>> (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and
>>
>> (b) For civil penalties provided in O.R.S. 652.150.

Oregon Revised Statute § 653.261(1)(a), in turn, authorizes the Oregon Bureau of Labor and Industries ("BOLI") to regulate meal and rest breaks:

> The Commissioner of [BOLI] may adopt rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees. The rules may include, but are not limited to, minimum meal periods and rest periods, and maximum hours of work. . . .

Pursuant to § 653.261(1)(a) the BOLI Commissioner promulgated Oregon Administrative Rule 839-020-0050.

### A.    O.A.R. 839-020-0050 before June 1, 2010

Prior to January 12, 2009, O.A.R. 839-020-0050 provided in pertinent part:

> "(1) Every employer shall provide to each employee an appropriate meal period and an appropriate rest period.
>
> (a) Appropriate meal period means:
>
> > (A) A period of not less than 30 minutes during which the employee is relieved of all duties for each work period of not less than six or more than eight hours."

*Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr.*, 213 Or. App. 343, 346–47 (2007), *rev'd in part*, 344 Or. 525 (2008)(quoting O.A.R. 839-020-0050(1)(2007)).

BOLI amended O.A.R. 839-020-0050 effective January 12, 2009, but did not substantively change the language of the meal-period provision. Specifically, after January 12, 2009, but before June 1, 2010, O.A.R. 839-020-0050 provided in pertinent part:

> [E]very employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.

Decl. of Robert Parker in Supp. of Def.'s Opp. to Mot. for Reconsideration of Cert. for Unpaid Break Class ("Parker Decl. II"), Ex. B at 2, ECF 272 (O.A.R. 839-020-0050(2)(a)(2009)).

Courts consistently concluded that the pre-June 1, 2010 version of O.A.R. 839-020-0050 did not entitle employees to wages for unprovided meal breaks. For example, in 2007 the Oregon Court of Appeals concluded in *Gafur* that the trial court did not err when it dismissed the plaintiffs' meal-break claims that were based on the plaintiffs' allegation that the "defendant

did not provide them meal breaks and did not pay them for the time that they would have spent

on those breaks . . . in other words [that the plaintiffs] worked . . . eight straight hours but did not

receive wages for eight and one-half hours." 213 Or. App. at 348. The Court of Appeals

explained:

> Under O.R.S. 653.055, [the plaintiffs' meal-break] allegation[s] would
> state a claim only if plaintiffs were "entitled under O.R.S. 653.010 to
> 653.261" to wages for meal breaks. Neither those statutes nor the rules
> promulgated to implement them state that an employee is entitled to wages
> for meal breaks; O.A.R. 839–020–0050(1)(a) requires meal breaks but not
> *paid* meal breaks. Therefore, the court did not err in dismissing plaintiffs'
> claims based on entitlement to wages for unreceived meal breaks.

*Id.* (emphasis in original). Similarly, in *Wren v. RGIS Inventory Specialists*, the plaintiffs brought

a wage-and-hour class action in which they alleged, among other things, that "managers

sometimes did not give [the plaintiffs] meal breaks, denied requests for meal breaks in order to

finish inventories more quickly[,] and altered time sheets to reflect meal breaks that were not

actually taken." No. C-06-05778 JCS, 2009 WL 2612307, at *15 (N.D. Cal. Aug. 24, 2009). The

court granted the defendant's motion for summary judgment as to the plaintiffs' Oregon meal-

break claims noting "Plaintiffs do not offer any authority that there is a private right of action

under Oregon wage and hour laws for missed meal breaks, and the Court finds none." *Id.*, at *17.

The court concluded "under Oregon wage and hour statutes, there is no private right of action for

missed meal breaks." *Id.*, at n.11 (citing *Gafur*, 213 Or. App. at 348).

In *Gessele I*, however, Magistrate Judge Stewart rejected Defendant's assertion that

pursuant to *Gafur* Plaintiffs did not have a private right of action under O.A.R. 839-020-0050

prior to June 1, 2010, for provided but unpaid meal breaks. Magistrate Judge Stewart pointed out

that Oregon employees "have always had a private right of action to recover for time worked for

11 - OPINION & ORDER

which they were not paid." *Gessele v. Jack in the Box, Inc.*, No. 3:10-CV-960-ST, 2013 WL

1326563, at *36 (D. Or. Jan. 28, 2013)(citing O.R.S. 653.055), report and recommendation

adopted, No. 3:10-CV-00960-ST, 2013 WL 1326538 (D. Or. Apr. 1, 2013). Magistrate Judge

Stewart noted the Oregon Court of Appeals in 2009 "characterized the *Gafur* decisions as

establishing only 'that there is no private right of action by an employee for . . . *unprovided* meal

breaks." *Id*. (quoting *Rogers v. RGIS, LLP,* 232 Or. App. 433, 434 (2009)(emphasis in *Gessele I*).

The Oregon Court of Appeals in *Rogers* "explicitly noted that *Gafur* did not establish [there is]

'no private right of action by an employee for . . . *unpaid* meal breaks." *Gessele I*, 2013 WL

1326563, at *36 (quoting *Rogers*, 232 Or. App. at 434)(emphasis in *Rogers*). Magistrate Judge

Stewart pointed out that Plaintiffs' claims were not "premised on missing breaks since each of

the named plaintiffs were permitted breaks. Instead they are based on a failure to pay for"

shortened meal breaks and, therefore, Magistrate Judge Stewart found *Gafur* did not extend to

Plaintiffs' claims. *Gessele*, 2013 WL 1326563, at *36. Ultimately, Magistrate Judge Stewart

concluded "even though OAR 839–020–0050 was not amended to explicitly provide a private

right of action for unpaid meal breaks until" June 1, 2010, it did not bar Plaintiffs' unpaid meal-

break claims. *Id.* Magistrate Judge Stewart, however, did not conclude that the pre-June 1, 2010,

version of O.A.R. 839-020-0050 mandated an employer to pay an employee for a full 30-minute

meal period when the employee took a meal break that was less than 30 minutes for personal

reasons rather than because the employee was called back to work. In fact, Magistrate Judge

Stewart concluded Plaintiffs' claims for unpaid meal breaks required "individualized inquiries

into the circumstances of each break less than 30 minutes," and, therefore, Plaintiffs "failed to

establish that there exists sufficient commonality and typicality to support certification of the

break classes." *Id.*, at \*37. In *Gessele II* Judge Brown also concluded Plaintiffs had a private

right of action for shortened meals breaks that occurred before June 1, 2010.[4] Judge Brown,

however, denied Plaintiffs' motion to certify the unpaid break class on the basis that

individualized inquiries as to why employees returned to work before the end of their 30-minute

meal period exceeded the common questions of law or fact. *Gessele II*, June 12, 2017 Opinion

and Order [139] at 44-45.

      **B.**    **O.A.R. 839-020-0050 after June 1, 2010**

        In 2010 BOLI amended O.A.R. 839-020-0050 effective June 1, 2010, to provide

in pertinent part:

> (a) . . . [E]very employer shall provide to each employee, for each work
> period of not less than six or more than eight hours, a meal period of not
> less than 30 continuous minutes during which the employee is relieved of
> all duties.
>
> (b) . . . [I]f an employee is not relieved of all duties for 30 continuous
> minutes during the meal period, the employer must pay the employee for
> the entire 30-minute meal period.

O.A.R. 839-020-0050(2)(a)-(b). This Court analyzed post-June 1, 2010 O.A.R. 839-020-0500 in

*Weir v. Joly*, No. 3:10-CV-898-HZ, 2011 WL 6778764, at \*7 (D. Or. Dec. 23, 2011). In that case

the plaintiff brought a class action alleging the defendants violated various Oregon wage-and-

hour laws. The plaintiff asserted, among other things, that the defendants "deducted time from

employees' time worked for meal breaks, whether or not those employees received a *bona fide*

meal break." *Id.*, at \*6. The plaintiff contended "if he took meal breaks of less than 30 minutes

---

[4] Plaintiffs have explained: "This case is not concerned with whether or not an employee got a
meal break. If an employee works 12 hours straight every day, without any breaks whatsoever,
that employee is not a member of this class. Both the *Brinker* case out of California and the
*Gafur* case in Oregon eliminated private claims for untaken breaks. Pls.' Reply to Motion to
Certify the Class [138] at 24 (citing O.A.R. 839-020-1010).

13 - OPINION & ORDER

. . . then he must be paid for the full 30 minutes." *Id.*, at *7. This Court granted the defendants'

motion for summary judgment as to the plaintiff's meal-break claim noting:

> Weir also seems to take the position that an employer must pay an
> employee for a break of less than 30 minutes, no matter the reason. For
> instance, if the employee took a 29-minute meal break and happened to
> clock in a minute before 30 minutes had passed, the employer must pay
> the employee for the entire 30 minutes. Although Oregon courts have not
> spoken on this issue, I do not agree with Weir's interpretation of the rule.
> The rule requires that employers "provide" a meal break of 30 continuous
> minutes during which the employee is relieved of all duties. O.A.R. 839-
> 020-0050. To require an employer to police when an employee clocks in
> and out would be an unreasonable burden on the employer. The outcome
> would be an employee who could take a proper meal break, but then
> demand that it [be] paid simply by clocking in early.

*Id.* (footnote omitted).

Oregon state courts, however, remained silent and the state of the law unsettled as

to the post-June 1, 2010, meal-break provision of O.A.R. 839-020-0050(2) until the Oregon

Court of Appeals issued *Maza v. Waterford Operations, LLC*, 300 Or. App. 471 (2019). In *Maza*

the plaintiffs, who were hourly employees of the defendant, brought a putative class action

against the defendant asserting that the defendant paid "employee[s] less than the wages to which

the employee[s] were entitled" in violation of O.R.S. § 653.055. Specifically, the plaintiffs

alleged "between certain dates, defendants' hourly employees took unpaid meal periods that

were shorter than 30 minutes." *Maza*, 300 Or. App. at 474. Plaintiffs sought certification of a

class consisting of hourly employees who "are entitled to wages and penalty wages under O.A.R.

839-020-0050(2)(b) for the shortened meal periods." *Id.* The defendant asserted class

certification was inappropriate because under O.A.R. 839-020-0050(2)(b) "if an employer has

authorized a 30-minute meal period, no liability for wages or penalty wages will attach for a

shortened meal period, unless the employee was forced to return to work early. Thus, [according

to the defendant] . . . each employee's claim depends on the circumstances of the shortened meal period." *Id.* Plaintiffs, on the other hand, asserted fact-specific inquiries were not required because "the requirement to pay wages [for the full 30-minute meal period] under O.A.R. 839-020-0050(2)(b) attaches [when] the record shows that a meal period was shortened, regardless of the cause." *Id.* at 475. The trial court agreed with the defendant's interpretation of O.A.R. 839-020-0050(2)(b) and declined to certify the class, but authorized the plaintiffs to file an interlocutory appeal to address the following question: "Whether an employer can be found strictly liable under O.A.R. 839-020-0050(2) whe[n] an employee, regardless of the circumstances, takes less than the entire duty-free 30-minute lunch break to which the employee is otherwise entitled?" *Id.* On appeal the Oregon Court of Appeals stated

> the rule's text and context support plaintiffs' interpretation that the requirement to provide "a meal period of not less than 30 minutes during which the employee is relieved of all duties" means that a 30-minute meal is mandatory and, if not taken, the employer must pay the employee's wages for the full 30-minutes.

*Id.* at 477. The court stated the plaintiff's interpretation "is plain from the text of O.A.R. 839-020-0050(2)(b) which explicitly requires that 'if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period.'" *Id.* (quoting O.A.R. 839-020-0050(2)(b)). The court, therefore, concluded when an employee is not relieved of all duties for the prescribed minimum 30-minute meal period, an employer is strictly liable for the employee's wages for the entire 30-minute period pursuant to O.A.R. 839-020-0050(2)(b). The court vacated and remanded the matter to the trial court "[b]ecause [its] conclusion require[d] the trial court to reconsider its rulings regarding the certification of a class under ORCP 32A." *Id.* at 480.

Thus, after the *Maza* decision it is clear that pursuant to O.A.R. 839-020-0050(2)(b) when an employee is not relieved of all duties for a 30-minute meal period, an employer must pay the employee for the entire 30-minute meal period regardless of the reason the employee did not take the full meal break.

## II.    Reconsideration of Unpaid Break Class Certification

As noted, on June 5, 2020, Judge Brown denied Plaintiffs' Renewed Motion to Certify Unpaid Break Class. Plaintiffs asserted in their Renewed Motion that *Maza* indicates employees are entitled to a 30-minute meal period and when the meal period is shortened, the employer is strictly liable for the employee's wages for the full 30-minute period. According to Plaintiffs, therefore, individualized determination of violations of O.A.R. 839-020-0050 would no longer be needed to determine liability for unpaid breaks, and, thus, Plaintiffs' unpaid break class should be certified. Defendant asserted Plaintiffs did not have a cause of action for violations of O.A.R. 839-020-0050 that occurred before June 1, 2010, and that *Maza* is not retroactive.

Judge Brown concluded Plaintiffs have a private right of action for violations that occurred before June 1, 2010, but that *Maza* was not retroactive and, therefore, individualized inquiries continued to exceed the common class questions. Specifically, Judge Brown noted under Oregon law "'statutes are presumed not to apply retroactively if doing so will impair existing rights, create new obligations or impose additional duties with respect to past acts.'" *Gessele v. Jack in the Box, Inc.*, No. 3:14-CV-01092-BR, 2020 WL 9814402, at *12 (D. Or. June 5, 2020)(quoting *State v. Tucker*, 90 Or. App. 506, 509 (1988)). Judge Brown also noted "[a]lthough the presumption 'is stated in terms of its application to legislative changes, [the Oregon Court of Appeals has held] that it has equal applicability to changes in the common

law.'" *Id.*, at *12 (quoting *Antonnaci*, 108 Or. App. at 695 n.1). *See also Schlimgen v. May Trucking Co.*, 335 Or. 143, 152 (2003)(the extension to civil cases of a jury-instruction rule that was previously applied only in criminal cases "makes 'new' law, and . . . it would not be equitable to apply the rule to this case."). Judge Brown concluded *Maza* would create new obligations or impose additional duties with respect to Defendant's past acts, and, therefore, she declined to apply *Maza* retroactively.

In their Motion for Reconsideration Plaintiffs assert Judge Brown erred when she declined to apply *Maza* retroactively. Specifically, Plaintiffs assert Judge Brown applied the incorrect analytical framework in reaching her conclusion. Plaintiffs note the Supreme Court has stated generally "statutes operate only prospectively, while judicial decisions operate retrospectively." *United States v. Sec. Indus. Bank*, 459 U.S. 70, 79 (1982). Plaintiffs also assert the Oregon Supreme Court held in *Halperin v. Pitts* that courts do not have discretion to apply statutory interpretation only prospectively. 352 Or. 482, 497 (2012)("Plaintiffs finally argue that . . . we should apply that interpretation only prospectively. . . . The cases on which plaintiffs rely, however, pertain to this court's decision whether to give only prospective effect to a *rule of its own making*. None concerns whether this court has discretion to give such limited effect to its interpretation of a legislative enactment. We are not persuaded that we have, or should exercise, discretion to apply our decision in this case prospectively only." Emphasis in original).

Defendant asserts in its Response that even if *Maza* is retroactive, it does not apply to the meal-break claims of the named Plaintiffs and, therefore, individualized inquiries exceed common questions of fact as to named Plaintiffs' unpaid break claims. The Court agrees.

The Court notes that in *Maza* the Oregon Court of Appeals was interpreting the post-

17 - OPINION & ORDER

June 1, 2010, version of O.A.R. 839-020-0050. In reaching its conclusion that the post-June 1, 2010 version of O.A.R. 839-020-0050(2) requires an employee to be paid for a full 30-minute meal break even when an employee did not take a full 30-minute break for any reason the *Maza* court explicitly relied on the language in O.A.R. 839-020-0050(2)(b), which provides when "an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period." Before June 1, 2010, however, no version of O.A.R. 839-020-0050 included the language of O.A.R. 839-020-0050(2)(b) or any language similar to that provision. Moreover, before the June 1, 2010 amendment no court interpreted O.A.R. 839-020-0050 (or any other provision of Oregon's wage-and-hour laws) to require an employer to pay an employee for a full 30-minute meal period when the employee did not take a full 30-minute meal break and the employer did not require the employee to return early from his meal break. The Court, therefore, finds *Maza* does not establish that pre-June 1, 2010 O.A.R. 839-020-0050 required an employer to pay an employee for a full 30-minute meal period when the employee did not take a full 30-minute meal break and the employer did not recall the employee early from her meal break. Accordingly, the Court concludes Plaintiffs' unpaid break claims that involve shortened meal-breaks that occurred before June 1, 2010, continue to be unsuitable for class certification because, as noted by Judge Brown, for each break that lasted between 20 and 30 minutes the fact-finder would have to examine the reason the employee clocked back in after 20 minutes to determine whether the break at issue was a shortened meal break, a longer rest break, shortened at the request of a supervisor, or an accidental failure to punch back in timely from a break.

　　　　As noted, the last date any named Plaintiff worked for Defendant was March 29, 2010.

18 - OPINION & ORDER

Thus, even if *Maza* applies retroactively to the post-June 1, 2010 version of O.A.R. 839-020-0050, *Maza* does not apply to the named Plaintiffs. As a result, named Plaintiffs do not satisfy requirements of Federal Rule Civil Procedure 23 because named Plaintiffs' unpaid break claims are not typical of class members who had unpaid meal breaks after June 1, 2010. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)("[A] class representative must be part of the class and possess the same interest and suffer the same injury' as the class members.") (quotation omitted)). *See also Fox-Quamme v. Health Net Health Plan of Oregon, Inc*., No. 3:15-CV-01248-BR, 2017 WL 1034202, at *8 (D. Or. Mar. 9, 2017)(denying the plaintiffs' motion for class certification noting "none of named Plaintiffs' claims are typical of members who have health plans effective after January 1, 2016, when the fundamental benefit plan was modified as a result of a change in Oregon law.").

Accordingly, the Court reconsiders Judge Brown's decisions denying certification of the unpaid break class, but adheres to Judge Brown's denial of certification for the unpaid break class.

## CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' Motion for Reconsideration of Court's Previous Denial of Class Certification for Plaintiffs' Unpaid Break Class [270] to the extent that the Court reconsiders the denial of class certification for Plaintiff's unpaid break class. The

Court, however, ADHERES to the denial of class certification.

IT IS SO ORDERED.

DATED this __27__ day of November, 2021.

_____
MARCO A. HERNÁNDEZ
United States District Judge