**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JESSICA GESSELE, ASHLEY ORTIZ, NICOLE GESSELE, TRICIA TETRAULT,** and **CHRISTINA MAULDIN,** both on behalf of themselves individually and, in addition, on behalf of the other similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>**JACK IN THE BOX INC.**, a Delaware corporation doing business in Oregon as "Jack in the Box Inc. a Corporation of Delaware,"<br><br>Defendant. | Case No. 3:14-cv-01092-HZ<br><br>**PLAINTIFFS' TRIAL MEMORANDUM** |

**TABLE OF CONTENTS**

I. Material factual and legal contentions and the elements of each claim and/or defense ................................................................................................................ 2
   A. The Issues Remaining for Trial ........................................................................ 2
   B. Elements of the claims for trial ......................................................................... 4
II. Additional evidentiary and testimonial issues .................................................... 5
   A. O.R.S. 652.610(3)(b) is an affirmative defense................................................. 5
   B. The shoes received by plaintiffs do not count as wages for minimum-wage and overtime purposes ...................................................................................... 6
   C. Judge Brown already decided willfulness ........................................................ 6
   D. Due process arguments are not for the jury..................................................... 6
   E. Quasi-contract and common count claims are tried to the jury....................... 7
   F. Plaintiffs ask the Court to allow named plaintiff Christina Peacock f/k/a Mauldin to testify remotely .............................................................................. 7
   G. Prejudgment interest for the jury to award ..................................................... 8

I. **Material factual and legal contentions and the elements of each claim and/or defense**

Per the Court's Order, Dkt. #242, the parties cooperated to prepare and file a Joint Summary of All Remaining Unresolved Claims and Defenses [Dkt. 243].

A. **The Issues Remaining for Trial**

The remaining claims and defenses for trial are:

1. **WBF Class Claims**

   - **Wrongful deduction statute:** The Court granted summary judgment to the WBF wrongful deduction class plaintiffs on liability for Jack in the Box's violation of ORS 652.610. Dkt. 217, p. 51. Statutory damages under ORS 652.615 ($200 per person) are to be determined at trial.

   - **Penalty wages:** The Court granted summary judgment to WBF wrongful deduction class plaintiffs on willfulness and entitlement to penalty wages under ORS 652.150, subject to statute of limitations constraints. Dkt. 217, at 55. Penalties are to be determined at trial, subject to a due process defense (which is not for the jury). *Id.* at 58.

2. **Shoe Class Claims**

   - **Wrongful deduction statute:** The only remaining potentially applicable defense to the wrongful deduction statute concerning non-slip shoes is 652.610(3)(b).[1] The Court ruled on summary judgment that the shoes are for the employees' benefit, *Id.* at 79, so deductibility under this section hinges on

---

[1] ORS 652.610(3)(b) provides: "(3) An employer may not withhold, deduct or divert any portion of an employee's wages unless . . . (b) The deductions are voluntarily authorized in writing by the employee, are for the employee's benefit and are recorded in the employer's books."

Page 2 – PLAINTIFFS' TRIAL MEMORANDUM

whether the deductions were "voluntarily authorized in writing by the employee." It is undisputed that if any written authorizations did exist, they were destroyed by Jack in the Box, contrary to their document retention policy. For the Shoe class wrongful-deduction claim, both liability and statutory damages ($200/class member per ORS 652.615) are to be determined by the jury at trial.

- **Penalty wages**: The Court ruled on summary judgment that the non-slip shoes were part of a uniform and not for the employees' private benefit under Chapter 653, and that the deductions for the shoes were willful. Thus, to the extent that the deductions caused class members to receive less than the minimum wage or overtime wage to which they were entitled, penalty wages apply, as required by ORS 653.025, ORS 653.261, and ORS 653.055(b). The amount of penalty wages is to be determined by the jury at trial.

- **Equitable and quasi-contractual claims for return of money**: Rescission, restitution, unjust enrichment, and money had and received claims related to the non-slip shoes are to be determined by the jury at trial, on both liability and damages.

3. **Franchise Transfer Class Claims**

- **Penalty wages:** The Court granted the Franchise Transfer Class plaintiffs summary judgment on liability and willfulness. *Id*. at 134. This leaves penalty wages to be determined by the jury at trial.

4. **Named plaintiffs' individual unpaid break claims**

- Liability and damages are to be determined at trial.

## B. Elements of the claims for trial

| CLASS | CLAIMS FOR TRIAL | ELEMENTS OF PROOF |
|---|---|---|
| WBF CLASS | Wrongful Deduction Statute - ORS 652.610/652.615 | **Liability** has been established.<br><br>**Statutory Damages** = $200 for each class member, as $200 is greater than the wrongful deductions |
| WBF CLASS | Penalty Wages - ORS 652.150 | **Liability** has been established, subject to statute of limitations and due process defenses<br><br>**Penalty Wages** = hourly wage x 8 hrs x 30 days |
| SHOE CLASS | Wrongful Deduction Statute - ORS 652.610/652.615 | **Liability:** Plaintiffs' prima facie case is to show the deductions and their amount. Jack in the Box's only remaining affirmative defense is 652.610(3)(b); the only remaining element of that defense is whether the deductions were voluntarily authorized in writing<br><br>**Statutory Damages** = $200 or aggregate amounts deducted for shoes, whichever is greater, for each class member |
| SHOE CLASS | Penalty Wages - ORS 652.150 | **Liability** has been established<br><br>**Penalty wages** = hourly wage x 8 hrs x 30 days |
| SHOE CLASS | Unjust Enrichment | **Liability** will involve the jury's evaluation of whether JITB received a benefit from the class members and was aware that it did so, and that it is unjust for JITB to benefit without paying for it.<br><br>**Quasi-contract Damages** =<br>(a) The $2 kickback per pair of shoes +<br>(b) The remainder of the price of the shoes |
| SHOE CLASS | Money Had and Received | **Liability** will involve the jury's evaluation of the equity and good conscience of JITB requiring employees to purchase these shoes, in addition to receiving a $2 kickback from the manufacturers<br><br>**Common-Count Damages** =<br>(a) The $2 kickback per pair of shoes +<br>(b) The remainder of the price of the shoes +<br>(c) Punitive damages |

| CLASS | CLAIMS FOR TRIAL | ELEMENTS OF PROOF |
|---|---|---|
| **SHOE CLASS** | Rescission and Restitution | **Liability** will involve the jury's evaluation of whether JITB through fraud or misrepresentation required employees to purchase these shoes without telling them that it was receiving a $2 kickback from the manufacturers<br><br>**Restitution Damages** =<br>(a) The $2 kickback per pair of shoes +<br>(b) The remainder of the price of the shoes |
| **FRANCHISE TRANSFER CLASS** | Penalty Wages - ORS 652.150 | **Liability** has been established<br><br>**Penalty Wages =** hourly wage x 8 hrs x number of days until payment made |
| **NAMED PLAINTIFFS ONLY** | Unpaid Breaks - ORS 653.261(1) and OAR 839-020-0050/839-021-0072; and<br><br>Penalty Wages – ORS 652.150 | **Liability** exists if Jack in the Box failed to pay wages due as a result of its duty to provide employees with appropriate meal periods (which are (a) 30 uninterrupted minutes or (b) a paid period in which to eat) and/or rest periods (which are paid breaks of at least 10 minutes for adults and 15 minutes for minors).<br><br>**Unpaid wages** = the amount of hours underpaid x hourly rate<br><br>**Penalty wages** = hourly wage x 8 hrs x 30 days for each plaintiff |

## II. Additional evidentiary and testimonial issues

### A. O.R.S. 652.610(3)(b) is an affirmative defense

It is anticipated that Jack in the Box will attempt to argue that plaintiffs bear the burden of establishing O.R.S. 652.610(3)(b). Plaintiffs have already covered the status of O.R.S. 652.610(3)(b) as an affirmative defense, in Dkt. 292, pp. 2–4. We incorporate those arguments herein. To summarize, (a) this court has already ruled on multiple occasions in this case that it is an affirmative defense, without objection by Jack in the Box; (b) its status as an affirmative defense was essential to Judge Brown's ruling declining to assess spoliation sanctions; and (c) a plain reading of the statute indicates that that subsection is an *exception* to the generally stated prohibition against

deductions. Plaintiffs need only show that deductions were made, and the amount thereof. It will then be Jack in the Box's burden to show how many, if any, of those deductions were voluntarily authorized. Jack in the Box destroyed whatever few authorizations may have existed (contrary to its document retention policy), and it now seeks to use that willful destruction as a sword, to evade a burden that the statute clearly places on the employer.

### B. The shoes received by plaintiffs do not count as wages for minimum-wage and overtime purposes

At times, Jack in the Box seems to suggest that the "value" of the shoes should be counted as wages in determining whether the minimum wage or overtime has been violated. Judge Brown has already ruled that the shoes are part of a required uniform and are not for the employees' private benefit. Dkt. 217 at 71. The shoes are therefore not "facilities" and by statute cannot be counted as wages for minimum-wage or overtime purposes. O.R.S. 653.035, O.A.R. 839-020-0020, 0025(5)(c), (7)(a), (7)(c)–(d).

### C. Judge Brown already decided willfulness

It is anticipated that Jack in the Box may attempt to relitigate Judge Brown's willfulness findings. It should not be allowed to do so. Judge Brown has already decided that Jack in the Box willfully made the Workers' Benefit Fund and shoe deductions (Dkt. 217 at p. 103), and willfully failed to promptly pay employees when their stores were franchised (*Id.* at p. 133).

### D. Due process arguments are not for the jury

It is anticipated that Jack in the Box will argue that it should be able to argue jury nullification for all of the claims that it has lost on summary judgment, either through its due process defense or otherwise. The Court has already determined liability on

several claims as a matter of law. The compensatory and penalty damages resulting therefrom are a matter of statute. In a civil case, the jury is not allowed to disregard the law because it thinks that the law is not fair. If Jack in the Box wants to argue that a jury verdict exceeds that allowed by due process, it must make that claim to the Court following any such verdict. We will be filing a motion in limine to prohibit Jack in the Box from arguing that the jury should award anything less than the statutorily required damages due to emotion, fairness, due process, or any other inappropriate reason.

**E. Quasi-contract and common count claims are tried to the jury**

Money had and received claims are triable to a jury under Oregon law. *See, e.g.*, *State Acc. Ins. Fund Corp. (SAIF) v. Anderson*, 321 Or. 139, 142 (1995).

Unjust enrichment is triable to a jury under Oregon law. *See, e.g., Patton v. Cox*, 313 Or.App. 262, 264 (2021).

Rescission and restitution is an equitable remedy. Plaintiffs will try this to the Court simultaneously with the claims to the jury (the evidence is all the same), and the Court can rule on it following the verdict. We should note that plaintiffs will seek this remedy only if their shoe deduction *and* unjust enrichment *and* money had and received claims fail.

**F. Plaintiffs ask the Court to allow named plaintiff Christina Peacock f/k/a Mauldin to testify remotely**

Federal Rules of Civil Procedure 43 allows for remote testimony where good cause is shown. Christina Peacock f/k/a Mauldin is a school teacher in Arizona, and this trial takes place during the middle of the school year. Because of the combined effect of Covid 19 and Ms. Peacock's job duties as a teacher in proximity to many school-age children at work, Ms. Peacock seeks to testify remotely if the Court will allow it (and perhaps Jack

in the Box will stipulate to this).

As the Court is aware, the Covid pandemic has lead courts across the country, including in the Ninth Circuit, to allow remote testimony. As the court in *Cramton v. Grabbagreen Franchising LLC*, 2020 WL 8620346, at *2 (D Ariz. 2020) explained:

> The parties' dispute is governed by Rule 43(a) of the Federal Rules of Civil Procedure. Rule 43(a) provides that, although witness testimony at trial ordinarily "must be taken in open court," a district court "may permit testimony in open court by contemporaneous transmission from a different location" upon a showing of "good cause in compelling circumstances and with appropriate safeguards." The 1996 advisory committee notes to Rule 43(a) explain that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.* (quoted in *Palmer v. Valdez*, 560 F.3d 965, 969 n.4 (9th Cir. 2009)). The 1996 advisory committee notes further explain that "[g]ood cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission."
>
> Given these standards, the Court concludes that "good cause" and "compelling circumstances" exist to allow all eight of the above-mentioned witnesses . . . to testify remotely at trial via video teleconference. Courts have not hesitated to find that the COVID-19 pandemic justifies allowing out-of-state witnesses to testify remotely in civil trials. *See, e.g., Guardant Health, Inc. v. Foundation Medicine, Inc.*, 2020 WL 6120186, *3 (D. Del. 2020) ("Courts, including this Court, are regularly determining that the ongoing COVID-19 pandemic constitutes good cause for remote testimony."); *In re RFC & ResCap Liquidating Trust Action*, 444 F. Supp. 3d 967, 971-72 (D. Minn. 2020) (granting motion to allow out-of-state witnesses to testify via video teleconference because "the occurrence of COVID-19—and its impact on the health and safety of the parties and witnesses—is undoubtably an unexpected occurrence that nevertheless still permits witnesses to testify from a different place").

*Id.*

## G. Prejudgment interest for the jury to award

Prejudgment interest will be mandatory on amounts due under Oregon law. For example, in *Wilson v. Smurfit Newsprint Corp.*, 197 Or App 648 (2005), the court of appeals held that prejudgment interest on penalty wages is required pursuant to ORS 82.010 and ORS 652.150. The court also observed, akin to the circumstances here, that

the data upon which to calculate prejudgment interest for penalty wages is readily ascertainable:

> "[T]he amount of damages at issue . . . that is, the penalty wages, is readily ascertainable. Defendant's records show each plaintiff's regular rate of pay, and the amount of penalty wages follows from that rate as a matter of simple arithmetic. Further, the date from which the interest must run is also ascertainable. . . . [and] interest on the penalty for nonpayment of regular wages to all plaintiffs and to salaried plaintiffs for nonpayment of unlawfully withheld insurance premiums began to run after 30 days of willful nonpayment . . ."

197 Or App at 673-74. *See also Russell v. U.S. Bank Nat. Ass'n*, 246 Or App 74, 80–81 (2011)

In several cases decided in this District, it has been held that when prejudgment interest is based upon statute, the determination is for the court. As explained in *Web Analytics Demystified, Inc. v. Keystone Sols., LLC*, 2015 WL 13858604, at *2 (D. Or. 2015):

> The final question is whether the right to recover prejudgment interest is to be determined by the court (the trial judge) or by the jury. The answer to this question under Oregon law depends on whether the right to recover prejudgment interest is created by statute or by contract.
> In Oregon, "[s]tatutory prejudgment interest must be determined by the court after trial, not by the jury during trial." *Acradyne Corp. v. Euro-Herramientas, S.A.U.*, 2007 WL 128996, *5 (D. Or. Jan. 12, 2007) (citing *Cascade Corp. v. American Home Assur. Co.*, 206 Or. App. 1, 15-16 (2006)); *see also Nat'l Mgmt. Serv. Co. v. Qwest Dex, Inc.*, Case No. CV-01-1772-HU (D. Or. Nov. 30, 2005) ("[T]he issue of prejudgment interest is one of law for the court and would arise only if plaintiff obtained a damages verdict.").
> When a claim for prejudgment interest is based on a contractual provision, however, Oregon law requires that a jury determine whether to award prejudgment interest, but not necessarily its precise amount.

*Id*. However, some courts have ruled that any factual preconditions to the calculation of prejudgment interest are for the jury:

> "Where a claim for prejudgment interest depends on the resolution of disputed facts, those facts are within the province of the jury to decide. *See Hoekstre v. Golden **220 B. Products,* 77 Or.App. 104, 108–09, 712 P.2d 149 (1985), *rev. den.,* 300 Or. 563, 715 P.2d 94 (1986) (discussing *Langfus, Inc. v. Queirolo,* 64 Or.App. 493, 497, 668 P.2d 1245, *rev. den.,* 296 Or. 237, 675 P.2d 491

Page 9 – PLAINTIFFS' TRIAL MEMORANDUM

>   (1983)); *see also Miller v. C.C. Meisel Co., Inc.,* 183 Or.App. 148, 181, 51 P.3d 650 (2002) (concluding that it was appropriate for the trial court not to submit the issue of prejudgment interest to the jury where the record contained "only one possible date" from which interest would accrue)."

*Farhang v. Kariminaser*, 230 Or App 554, 557, 217 P3d 218, 219–20 (2009), *adh'd to on recons,* 232 Or App 353 (2009). The *Farhang* Court found that the trial court did not err in failing to award prejudgment interest where the date on which interest would have commenced to accrue was not clear from the record.

Because prejudgment interest in this case will exceed the actual damages awarded (due to nearly 12 years having passed since the case was first filed), and because it may be difficult to determine which violations on which dates the jury will be awarding, plaintiffs believe that this important allocation is best left to the jury in this case. Plaintiffs will therefore be proposing a verdict form in which the jury specifies the amount of prejudgment interest that it is awarding on each claim. Oregon courts have sometimes had juries make specific allocations to prejudgment interest, especially in class actions. *See, e.g., Strawn v. Farmers Ins. Co. of Oregon*, 228 Or. App. 454, 461 (2009), *aff'd in pertinent part, rev'd in part,* 350 Or. 336 (2011), *adhered to on reconsideration,* 350 Or. 521 (2011) ("The jury returned a verdict in favor of plaintiffs on the breach of contract, breach of an implied covenant, and fraud claims. **The jury awarded** plaintiffs $757,051.33 in compensatory damages, **$742.948.67 in prejudgment interest**, and $8 million in punitive damages.") (emphasis added). That way, if the jury awards less than the requested amount of economic damages for any claim, it will be able to adjust the prejudgment interest award to reflect which violations it is not awarding damages for.

Page 10 – PLAINTIFFS' TRIAL MEMORANDUM

**Respectfully submitted,**

DATED this August 29, 2022

                                                      JON M. EGAN, P.C.

                                                     *s/ Jon M. Egan*

                                                     Jon M. Egan, OSB #002467
                                                     Attorney for Plaintiffs