Douglas S. Parker, OSB No. 821017
parkerd@lanepowell.com
Heather St. Clair, OSB No. 154252
stclairh@lanepowell.com
Ian T. Maher, OSB No. 221585
maheri@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone:  503.778.2100
Facsimile:  503.778.2200

David P.R. Symes, OSB No. 961350
dsymes@symeslawoffice.com
**SYMES LAW OFFICE LLC**
39085 Pioneer Blvd., Suite 1003
Sandy, OR  97055
Telephone:  971.801.3320

Attorneys for Defendant JACK IN THE BOX INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESSICA GESSELE, ASHLEY ORTIZ, NICOLE GESSELE, TRICIA TETRAULT, and CHRISTINA MAULDIN, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>JACK IN THE BOX INC. a Delaware corporation,<br><br>　　　　　　　　　　Defendant. | Case No. 3:14-cv-01092-HZ<br><br>**DEFENDANT'S MEMORANDUM REGARDING SUMMARY JUDGMENT RULING [DKT. 217] EXCLUDING LATE FINAL PAY 1 DAMAGES** |

　　　　The Court has indicated it will review Judge Brown's summary judgment ruling [Order

and Opinion at Docket 217] in relation to the damages category identified by Ms. Murphy in her

PAGE 1 –   DEFENDANT'S MEMORANDUM REGARDING SUMMARY
　　　　　　JUDGMENT RULING [DKT. 217]  EXCLUDING LATE FINAL
　　　　　　PAY 1 DAMAGES
719899.0002/9162329.1

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

October 19 courtroom presentation as "Late Final Pay 1". Defendants contend that the penalty damage category is precluded by that order and also advise the Court that Plaintiffs conceded in their argument that preceded that order that they are not seeking the very penalty damages now comprising Column J of Ms. Murphy's most recent summary, in the record as Ex. 531.

In its Motion for Summary Judgment on limited remedies, Dkt. 163, Defendant argued that Plaintiffs appeared to be seeking penalties for WBF or shoe deductions under ORS 652.150 for three different categories, including minimum wage, overtime, and **final pay** (*i.e.* Ms. Murphy's Late Final Pay 1), and that Plaintiffs should be prohibited from recovering more than one 30-day penalty because those were derivative violations based on the same underlying wrongful conduct, *i.e.*, deductions. Dkt. 163, pp. 2-3 (relevant pages excerpted and attached hereto). In their response at Dkt. 169, Plaintiffs stated that their late pay claim is limited to the franchization claim:[1] :

> "Fourth, our case is not one that seeks a derivative final-paycheck penalty solely for **nonpayment of wages during employment**. **Our case has a final-paycheck class that seeks penalty wages for the straightforward late payment of the final paycheck upon franchization of Jack in the Box's Oregon stores. That violation applies to the final paycheck only and does not rely on any previous violation of any statute during employment**."

Dkt. 169, p. 3 (emphasis added).

Judge Brown relied on these representations by the parties, both Defendant's concession that it was not disputing the Franchise Transfer penalties (Late Final Pay 2), and Plaintiffs' admission that their final pay penalty claim is limited to the "late payment of the final paycheck upon franchization" in crafting her Opinion and Order on these arguments at Dkt. 217. On page 94, Judge Brown noted that "[t]he parties agree Plaintiffs' final-paycheck claim relates only to the Franchise Transfer Class and is 'not derivative or duplicative of Plaintiffs' other claims.' The final-paycheck claim, therefore, is 'excluded from [Defendant's] arguments about prohibiting multiple penalties." Dkt. 217, p. 94, FN. 9 (citing both parties' motions).

---

[1]  Jack in the Box acknowledged that Plaintiff's claims for final pay as a result of the Franchise Transfer were valid (Ms. Murphy's "Late Final Pay 2") and excluded those claims from the argument to limit the penalties addressed in the chart at page 3. *Id*. at p. 2, FN. 3.

PAGE 2 – DEFENDANT'S MEMORANDUM REGARDING SUMMARY JUDGMENT RULING [DKT. 217] EXCLUDING LATE FINAL PAY 1 DAMAGES

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719899.0002/9162329.1

Judge Brown then performed an in-depth analysis of the penalty claims, including the minimum wage and overtime violations that occurred solely as a result of deductions, either for the WBF, or for shoes. Dkt. 217, pp. 94-101. No discussion of final pay was included in that analysis because the parties had conceded it was not at issue, outside the Franchise Transfer context. *Id*. Judge Brown then concluded that "Plaintiffs may recover statutory damages under § 652.615 as well as penalty wages under§ 652.150 if they establish Defendant's WBF and/or shoe deductions were improper and reduced employee class members' wages **below minimum wage or resulted in employee class members receiving insufficient overtime** to the extent that due-process concerns are not implicated as to their WBF claims." *Id*. at p. 101. The limitations imposed by the Court on the remedies Plaintiffs could seek are consistent with the Plaintiffs' concession that they are not seeking a final pay penalty other than for the Franchise Transfer claim. Then, at Dkt. 217, page 127, Judge Brown granted Plaintiffs' motion for summary judgment on the Franchise transfer claims due, in part, to Defendant's concession of that liability. *Id*. at 127-136.

Plaintiffs' claim now made at trial for final pay penalties is not plead in their complaint, but even if it had been, they abandoned it more than three years ago at Dkt. 169, and both the Defendant and the Court relied on that concession. Defendant respectfully requests that the Court take notice of these prior concessions as well as Judge Brown's decision on the matter, and exclude Plaintiffs' derivative Late Final Pay 1 claim presented by Ms. Murphy.

DATED: October 19, 2022

> LANE POWELL PC
> By: */s/ Douglas S. Parker*
>     Douglas S. Parker, OSB No. 821017
>     Heather St. Clair, OSB No. 154252
>     Ian T. Maher, OSB No. 221585
>     Telephone: 503.778.2100
>
> SYMES LAW OFFICE LLC
> By: */s/ David P.R. Symes*
>     David P.R. Symes, OSB No. 961350
>     Telephone: 971.801.3320

PAGE 3 – DEFENDANT'S MEMORANDUM REGARDING SUMMARY JUDGMENT RULING [DKT. 217] EXCLUDING LATE FINAL PAY 1 DAMAGES

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719899.0002/9162329.1

This Motion is supported by the following Memorandum of Law, the Declaration of Jennifer Warberg filed herewith, and the case files in both *Gessele I* and *Gessele II*.

## LR 7-1 CERTIFICATION

As required by LR 7-1(a), Defendant hereby certifies that the parties made a good faith effort by telephone to resolve the issues in this Motion but have been unable to do so.

## MEMORANDUM OF LAW

### I. INTRODUCTION

The Court ordered the parties to file all dispositive motions and cross-motions by May 3, 2019, and May 24, 2019, respectively. DKT #156.[1] Jack in the Box agreed to file the first round of motions. For the reasons set forth below, the Court should find that the remedies available to Plaintiffs for alleged wrongful deductions are limited as a matter of law as described herein.

### II. ANALYSIS

**A. Potential remedies related to alleged wrongful deductions should be limited to a single $200 sum.**

Plaintiffs seek impermissible double recovery of remedies under derivative theories of alleged wage and hour violations.[2] Numerous courts have repeatedly rejected similar attempts. Under this derivative theory, Plaintiffs allege that, as a result of wrongful WBF and shoe deductions: (1) Jack in the Box failed to pay some class members the minimum wage for all hours worked; (2) Jack in the Box failed to pay some class members time and a half for all hours worked in excess of 40 per week, and; (3) Jack in the Box failed to pay some class members all wages due and owing at termination.[3] Complaint ¶¶ 20, 26, 48-62. Based upon these alleged

---

[1] Unless specified as *Gessele I*, all docket entry cites are to documents filed in *Gessele II*.
[2] Jack in the Box is not admitting liability on Plaintiffs' underlying claims with its arguments concerning available remedies.
[3] To the extent that Plaintiffs also allege that Jack in the Box paid some class members their final wages late under ORS § 652.140 at the time of franchization, Jack in the Box concedes that such a claim is not derivative or duplicative of Plaintiffs' other claims which stem

wrongful deductions, Plaintiffs seek to recover multiple statutory remedies as follows:

| Statutory Provision | Reason | Remedy Sought |
|---|---|---|
| ORS § 652.150 | Minimum Wage Violations | A full 30-day penalty per class member |
| ORS § 652.150 | Overtime Pay Violations | A full 30-day per class member |
| ORS § 652.150 | Final Pay Violations | A full 30-day per class member |
| ORS § 652.615 | Wrongful and/or Unauthorized Deductions | A $200 sum *per pay period* with an improper deduction per class member[4] |

Jack in the Box asks the Court to follow precedent rejecting these kinds of derivative claims and grant it summary judgment to the extent Plaintiffs seek more than one $200 sum per person for wrongful deductions.

    1.    **Plaintiffs' derivative claims for penalties under ORS § 652.150 are barred by the same-conduct rule.**

The same-conduct rule prohibits plaintiffs from possibly recovering multiple statutory penalties where an employer engages in one kind of conduct that derivatively violates more than one wage and hour statute. *Herb v. Van Dyke Seed Co.*, Case No. 3:12-cv-01070-BR, 2012 WL 4210613, *4 (D. Or. 2012) (prohibiting the plaintiff from recovering "duplicative" penalties where failure to pay overtime pay was the basis of allegations that both overtime pay and final

---

from alleged overdeductions.

[4]    It is unclear from Plaintiffs' Complaint whether they seek two $200 sums for each pay period containing both WBF and shoe deductions. If so, Plaintiffs are further inappropriately stacking the statutory remedies they seek based upon alleged wrongful deductions.

Page 3 - DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT NO. 3 – REMEDIES RELATED TO ALLEGED
WRONGFUL DEDUCTIONS ARE LIMITED

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR  97204
Tel: 503.221.0309

and overtime would only entitle the employee to one penalty under O.R.S. 652.150. However, there is no reason why multiple types of misconduct in multiple pay periods cannot result in multiple penalties. Defendants concede this point. Dkt. 163 at 5 ("The only cases permitting plaintiffs to recover multiple penalties involved employers that committed multiple types of misconduct."). For example, if an employee had a shoe deduction that dropped them below the Oregon minimum wage, they are entitled to a minimum-wage penalty. This is separate from, and in addition to, if the employee has a later nonpayment of overtime as the result of a Workers Benefit Fund overdeduction, which would entitle them to an overtime penalty. There is no stacking of penalties for the same conduct, because each penalty addresses a different type of violation.

Fourth, our case is not one that seeks a derivative final-paycheck penalty solely for nonpayment of wages during employment. Our case has a final-paycheck class that seeks penalty wages for the straightforward late payment of the final paycheck upon franchization of Jack in the Box's Oregon stores. That violation applies to the final paycheck only and does not rely on any previous violation of any statute during employment. Jack in the Box concedes this point. Dkt. 163 at 2–3 n. 3 ("To the extent that Plaintiffs also allege that Jack in the Box paid some class members their final wages late under ORS § 652.140 at the time of franchization, Jack in the Box concedes that such a claim is not derivative or duplicative of Plaintiffs' other claims which stem from alleged overdeductions.").

Fifth, Jack in the Box's argument that a deduction from wages cannot violate the minimum wage is simply wrong. Oregon law specifically prohibits deductions from the minimum wage, separate and apart from the prohibitions in O.R.S. 652.610(3). *See, e.g.*, O.R.S. 653.035, O.A.R. 839-020-0020.

**Plffs' Resp. to Jack in the Box's Mtn for Summary Judgment [163]**     Page 3

statutory damages to prevent violations of [Defendant's] due process rights."

Plaintiffs acknowledge "many cases prohibit the recovery of more than one 30-day penalty for the same conduct." Plaintiffs, however, state they are not seeking multiple penalties for the same conduct. Pls.' Resp. at 2. Plaintiffs also assert they "have never advocated for the availability of more than one penalty in the same workweek - a single deduction that violated both the Oregon minimum wage and overtime would only entitle the employee to one penalty under O.R.S. § 652.150." Pls.' Resp. at 2-3. Nevertheless, Plaintiffs contend they are not prohibited from recovering both the $200 statutory damages remedy provided in § 652.615 and the 30-day penalty provided in § 652.150 for Defendant's improper withholding of WBF funds and/or Defendant's improper shoe deductions when the deductions reduced an employee class member's wages below minimum wage and/or prohibited an employee class member from receiving sufficient overtime.[9]

**I.   Background**

As noted, on June 12, 2017, the Court issued an Opinion and Order in which it granted Plaintiffs' Motion to Certify the WBF Class, granted Plaintiffs' Motion to Certify the Shoe Class,

---

[9] The parties agree Plaintiffs' final-paycheck claim relates only to the Franchise Transfer Class and is "not derivative or duplicative of Plaintiffs' other claims." The final-paycheck claim, therefore, is "excluded from [Defendant's] arguments about prohibiting multiple penalties."

94 - OPINION AND ORDER

granted Plaintiffs' Motion to Certify the Franchise Transfer Class, and denied Plaintiffs' Motion to Certify the Unpaid Break Class.

In their WBF Claim Plaintiffs allege Defendant improperly allocated its WBF assessments between Defendant and its employees, which resulted in an unauthorized deduction from employees' wages in violation of Oregon Revised Statutes § 652.610(3). Plaintiffs also allege the WBF assessments "reduced [Plaintiffs'] pay below the minimum wage" in violation of Oregon Revised Statutes § 653.025 and "resulted in [Plaintiffs] not receiving time-and-a-half for their overtime hours" in violation of Oregon Revised Statutes § 653.261.

In their Shoe Claims Plaintiffs allege Defendant improperly deducted the price of non-slip shoes from employees' wages in violation of § 652.610(3). Plaintiffs also allege the shoe deduction "resulted in Plaintiffs and the other employees receiving less than the minimum wage, and less than time-and-a-half for their overtime." Compl. at ¶ 26.

## II. Penalties Pursuant to Oregon Revised Statutes §§ 652.615 and 652.150

Oregon Revised Statutes § 652.615 creates "a private cause of action for a violation of ORS 652.610 . . . for actual damages or $200, whichever is greater."

Oregon Revised Statutes § 653.055(1) provides any employer "who pays an employee less than the wages to which the employee

95 - OPINION AND ORDER

is entitled under ORS 653.010 to 653.261 is liable to the employee affected . . . [f]or civil penalties provided in ORS 652.150." In turn, Oregon Revised Statutes § 652.150 provides for penalty wages in the same amount as the wages due until the wages are paid or for up to 30 days after the due date of the unpaid wages.

For each pay period that Defendant over-withheld WBF assessments Plaintiffs seek $200 (or actual damages) pursuant to § 652.615 and 30 days of penalty wages pursuant to § 652.150 for each class-member employee whose wages were reduced below minimum wage or who did not receive sufficient overtime due to the improper WBF assessments.

For each pay period that Defendant improperly deducted shoe payments Plaintiffs seek $200 (or actual damages) pursuant to § 652.615 and 30 days of penalty wages pursuant to § 652.150 for each class-member employee whose wages were reduced below minimum wage or who did not receive sufficient overtime due to the improper shoe deduction.

Defendant asserts Plaintiffs may not recover more than a single $200 sum or actual damages for each class-member employee from whom Defendant improperly withheld WBF funds and may not recover more than a single $200 sum for each class-member employee from whom Defendant improperly took shoe deductions even if the improper deduction also reduced a particular class-member

96 - OPINION AND ORDER

employee's wages below minimum wage and/or resulted in less than full payment of overtime.[10]

### III. Plaintiffs may recover penalties under §§ 652.615 and 652.150 for improper WBF or shoe deductions that reduced their pay below minimum wage or resulted in them receiving insufficient overtime.

Oregon courts have held a plaintiff may recover more than one penalty under Oregon's wage-and-hour laws only when an employer engages in misconduct that violates two separate statutes, each with their own separate remedies and purposes. For example, in *Hurger v. Hyatt Lake Resort, Incorporated*, 170 Or. App. 320 (2000), the plaintiffs received their final post-termination wages after the required time elapsed under Oregon Revised Statutes § 652.140. The plaintiffs sought one penalty under § 652.150 for late payment of wages on termination in violation of § 652.140 and a second penalty under § 652.150 for failure to pay minimum wages in violation of § 653.261. The plaintiffs asserted the late payment of wages on termination meant the plaintiffs were paid less than the minimum wage (*i.e.*, nothing). *Id.* at 322. The Oregon Court of Appeals held the late payment of the final wages was not separately sanctionable as a failure to pay minimum wage because the argument was a "tail-wagging-the-dog exercise" that was unsupported by the

---

[10] Defendant "does not dispute that class members who had both WBF and shoe deductions would be potentially eligible to recoup separate awards under ORS 652.615." Def.'s Reply at 2 n.1.

97 - OPINION AND ORDER

statute. *Id*. at 324-25.

Similarly, in *Herb v. Van Dyke Seed Company* the plaintiff sought to recover a penalty under § 652.150 for the defendant's failure to pay overtime and a second penalty under § 652.150 for the defendant's failure to pay all wages due on termination. This Court concluded the plaintiff could "not seek a penalty for [his] employer's failure to pay overtime wages during employment in addition to a penalty for [his] employer's alleged failure to pay those same wages upon termination . . . , and, therefore, Plaintiff is barred from seeking such duplicative penalties." No. 3:12-CV-01070-BR, 2012 WL 4210613, at *4 (D. Or. Sept. 19, 2012).

In contrast, in *Cornier v. Paul Tulacz, DVM PC*, the plaintiff alleged the defendant did not pay her for overtime during her employment in violation of Oregon Revised Statutes § 653.261 and that the defendant failed to pay her accumulated vacation pay after she quit in violation of § 652.140. 176 Or. App. 245, 247 (2001). The plaintiff sought two statutory penalties under § 652.150, one for each violation. *Id*. The plaintiff, however, did not assert the defendant's failure to pay her overtime after her termination created the right to a third penalty under § 652.150. The Oregon Court of Appeals found the defendant's failure to pay the plaintiff constituted violations of two distinct parts of the wage statutes and those violations

98 - OPINION AND ORDER

arose out of different factual contexts and accrued at different times. *Id*. at 248. The court, therefore, concluded the plaintiff was entitled to the two separate penalties. *Id*. at 249. The court noted:

> [T]his case does not present an instance of double penalties for the same conduct . . . because here the violation that occurred during employment was underpayment for overtime, while the violation at termination was nonpayment for accrued vacation. Plaintiff has asserted separate violations for separate acts of her employer. . . . [I]f this case did present two claims for two penalties based on the same employer misconduct, one of those claims would probably fail under *Hurger v. Hyatt Lake Resort, Inc.*

*Id*. at 250.

Likewise, in *Wilson v. Smurfit Newsprint Corporation* the plaintiffs brought several claims against the defendant, including a claim that the defendant unlawfully withheld medical insurance payments from the plaintiffs' last paychecks in violation of Oregon Revised Statutes § 652.610. 197 Or. App. at 652. The plaintiffs asserted "defendant's excess withholding violated not only ORS 652.610(3)(a) but also ORS 652.150, because the withholding resulted in late payment of wages on termination." *Id*. at 671. The plaintiffs, therefore, contended the "defendant must pay each of them not only $200 under ORS 652.615 but also 30 days of penalty wages" under Oregon Revised Statutes § 652.150. The Oregon Court of Appeals noted there were not any cases directly on point, but cases that presented

99 - OPINION AND ORDER

somewhat similar facts "suggest[ed] . . . plaintiffs' argument is correct."  *Id.*  Specifically, the *Wilson* court relied on the following discussion in *Allen v. County of Jackson*:

> Before the creation of what is now ORS 652.615, the way to recover an illegal deduction was to file a normal wage claim.  Nothing in the legislature's action in creating a new, separate claim suggests that it intended to abolish the existing remedy; rather, the legislature added a new remedy to the existing one.
>
> In short, . . . when an employer deducts amounts that are illegal under [ORS 652.615], the employee may file one or both of two different kinds of claims:  (1) a regular wage claim under ORS 652.120 . . . or ORS 652.140 (concerning payment of wages at termination of employment); or (2) a specific claim for illegal deductions under ORS 652.615, which includes the minimum damage amount.

*Wilson*, 197 Or. App. at 671-72 (quoting *Allen*, 169 Or. App. 116, 133-34 (2000)).  The *Wilson* court also noted the Oregon Supreme Court in *Taylor v. Werner Enterprises, Incorporated,* held "an employer who withholds without authorization violates both ORS 652.150 and ORS 652.610 and that the employee 'is entitled to recover under ORS 652.150 and ORS 652.610(3)(c).'"  *Wilson*, 197 Or. App. at 672 (quoting *Taylor*, 329 Or. 461, 471 (1999)).

Here the Court finds the differences between Plaintiffs' claims for wrongful WBF and shoe deductions are similar to the differences between the claims in *Wilson*.  Although Plaintiffs' request for statutory penalties pursuant to § 652.150 for failure to pay minimum wage or failure to pay overtime result from Defendant's alleged improper withholding of WBF funds and/or shoe

100 - OPINION AND ORDER

deductions, the Court concludes they present substantially different violations and are not conjoined in the same way as those in *Herb* and *Hurger.*

The Court, therefore, concludes Plaintiffs may recover statutory damages under § 652.615 as well as penalty wages under § 652.150 if they establish Defendant's WBF and/or shoe deductions were improper and reduced employee class members' wages below minimum wage or resulted in employee class members receiving insufficient overtime to the extent that due-process concerns are not implicated as to their WBF claims.

**IV. Plaintiffs are limited to a single $200 sum or actual damages for improper WBF deductions and/or a single $200 sum or actual damages for improper shoe deductions.**

Defendant asserts Plaintiffs are also limited to a single $200 sum or actual damages per class-member employee for improper WBF deductions and/or a single $200 sum or actual damages per class-member employee for improper shoe deductions as opposed to a $200 sum or actual damages per class-member employee for each pay period during which Defendant made improper deductions. Plaintiffs concede this point in their Response and note they "are willing to abide by Judge Simon's recent thoroughly reasoned *Brinkman* opinion on this issue." Pls.' Resp. at 2.

In *Brinkman v. ABM Onsite Services - West, Incorporated,* the plaintiff brought a collective action alleging his employer wrongfully deducted certain WBF assessments from his paychecks

101 - OPINION AND ORDER