Douglas S. Parker, OSB No. 821017
parkerd@lanepowell.com
Heather St. Clair, OSB No. 154252
stclairh@lanepowell.com
Ian T. Maher, OSB No. 221585
maheri@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

David P.R. Symes, OSB No. 961350
dsymes@symeslawoffice.com
**SYMES LAW OFFICE LLC**
39085 Pioneer Blvd., Suite 1003
Sandy, OR 97055
Telephone: 971.801.3320

Attorneys for Defendant JACK IN THE BOX INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESSICA GESSELE, ASHLEY ORTIZ, NICOLE GESSELE, TRICIA TETRAULT, and CHRISTINA MAULDIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JACK IN THE BOX INC. a Delaware corporation,<br><br>Defendant. | Case No. 3:14-cv-01092-HZ<br><br>**POCKET BRIEF – PREJUDICE FROM LATE FINAL PAY 1** |

Defendant Jack in the Box Inc. ("Defendant") submits the following brief regarding prejudice from the Late Final Pay 1 calculation by Jennifer Murphy.

PAGE 1 – POCKET BRIEF – PREJUDICE FROM LATE FINAL PAY 1

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

719899.0002/9163968.1

## I. NO PREJUDICE IS REQUIRED TO FIND A WAIVER

The U.S. Supreme Court has made clear that "a federal court assessing waiver does not generally ask about prejudice." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022). The focus of the waiver analysis is "on the actions of the person who held the right." *Morgan*, 142 S. Ct. at 1713. This waiver analysis "applies to the waiver of a contractual right, as of any other." *Id.* In the arbitration context, Judge McShane has found a party waived his right to arbitrate by litigating claims for two years without a showing of prejudice by the other party. *LEEP, Inc. v. Nordstrom*, Case No. 6:20-cv-01673-MC, 2022 WL 2354603, at *1-2 (D. Or. June 30, 2022) (citing Morgan).

Here, Plaintiffs have waited three years since Judge Brown's summary judgment ruling to attempt to resurrect a claim for late final pay in connection with Workers' Benefit Fund ("WBF") over-deductions on the eve of trial that they agreed they were not asserting at the summary judgment stage. No showing of prejudice on the part of Defendant is required to enforce this relinquishment of a known right. *Morgan*, 142 S. Ct. at 1713.

## II. DEFENDANT IS PREJUDICED BY THE REVIVAL OF AN ABANDONED CLAIM

Even if the Court considers prejudice, Defendant was highly prejudiced in numerous ways.

First, the Court has consistently declined to revisit issues already decided by Judge Brown. Mr. Egan even filed a motion *in limine* to prevent "relitigation" of issues decided by Judge Brown, which this Court granted. In light of this position and ruling, it would be fundamentally unfair and prejudicial for Defendant to now face exposure to a category of penalties that were eliminated from the case by Judge Brown's summary judgment order, which itself was based on the express concession of the point by class counsel during summary judgment proceedings.

Second, Plaintiffs' injection of the significantly expanded Late Final Pay 1 category of penalty damages was bad enough, considering that it happened just before the trial started. Plaintiffs sought to maximize their advantage by providing only raw numbers in their August 29 disclosure, followed by nearly six weeks of failing and refusing to provide Defendant with any summary information. The summaries finally produced on October 5 upon this court's order

PAGE 2 – POCKET BRIEF – PREJUDICE FROM LATE FINAL PAY 1

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719899.0002/9163968.1

showed for the first time that Plaintiffs had some kind of late pay claim, but the reasons for why that Late Final Pay 1 was included remained confusing, especially considering that Ms. Murphy's Late Final Pay number was increased by approximately $735,000 without any explanation. In an email to Mr. Egan on October 7, defense counsel Mr. Symes so stated. Ex. 1. While Mr. Egan provided more detail about that in his response, it remained confusing and it was not until late in the day on October 16, when Ms. Murphy's expanded Late Final Pay 1 category was disclosed, that one could see for the first time how Ms. Murphy's Late Final Pay 1 category was being calculated and applied. October 16 was the day before trial started. This twelfth-hour disclosure came just as final trial preparations were in high gear and it prevented Defendant's rebuttal witness from having any meaningful opportunity to examine and respond to Ms. Murphy's new damage calculations. Any claim that this Court's granting Defendant a right to call a rebuttal witness eliminates prejudice would be hollow. In short, it is fundamentally unfair, and therefore highly prejudicial, to allow Plaintiffs to present a multi-million dollar damage calculation through a previously undisclosed summary witness, while failing to produce any summaries for well over a month, and then only upon a court order,[1] especially where that damage calculation is based on a penalty category that Plaintiffs' had previously conceded they were not seeking.

In short, the significant addition of over $1.7 million to increase damage exposure to well over $5 million (with a corresponding increase in exposure on prejudgment interest on the claim), not clarified until the evening before trial cannot be described as anything other than extraordinarily prejudicial.

Finally, Defendant is significantly prejudiced by merely having to perform the task of articulating its prejudice the night before closing arguments in the trial. It is almost impossible to say how Defendant might have differently litigated this case over the past three years, including

---

[1] It might be remembered, too, that Plaintiffs successfully resisted Defendant's efforts at finding out how Plaintiffs intended to present damages when they opposed Defendant's motion for a trial plan. Dkt. 292. In this way, Plaintiffs, who had already retained and were working with Ms. Murphy since mid-June according to her testimony, thwarted Defendant's attempt at mitigating the confusion over how damages would be presented and perhaps from learning months ago that Plaintiffs intended to reassert a Late Penalty damages claim.

PAGE 3 – POCKET BRIEF – PREJUDICE FROM LATE FINAL PAY 1

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719899.0002/9163968.1

settlement considerations, had the Late Penalty claims been in the case during that time. But ever since Plaintiffs' concession and Judge Brown's corresponding summary judgment ruling, Defendant reasonably understood that penalty wages for improper deductions were limited to those arising from minimum wage or overtime violations. One thing is certain -- had Plaintiffs not waited until the last possible minute to advance a damage theory they previously disclaimed, Defendant would have been able to assess its options and strategies; being deprived of that opportunity constitutes significant prejudice to Defendant.

DATED: October 21, 2022

>LANE POWELL PC
>
>By:   */s/ Douglas S. Parker*
>      Douglas S. Parker, OSB No. 821017
>      Heather St. Clair, OSB No. 154252
>      Ian T. Maher, OSB No. 221585
>      Telephone: 503.778.2100
>
>SYMES LAW OFFICE LLC
>
>By:   */s/ David P.R. Symes*
>      David P.R. Symes, OSB No. 961350
>      Telephone: 971.801.3320

PAGE 4 – POCKET BRIEF – PREJUDICE FROM LATE FINAL PAY 1

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719899.0002/9163968.1