IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA GESSELE, ASHLEY ORTIZ,          No. 3:14-CV-01092-HZ
NICOLE GESSELE, TRICIA
TETRAULT, and CHRISTINA                  JURY INSTRUCTIONS
MAULDIN, on behalf of themselves and
all others similarly situated,

                    Plaintiffs,

      v.

JACK IN THE BOX, INC., a corporation
of Delaware,

                    Defendant.

## Table of Contents

No. 1.: Final Jury Instructions—Instructions on your Duties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

No. 2.: What is Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

No. 3.: What is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

No. 4.: Depositions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

No. 5.: Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

No. 6.: Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

No. 7.: Stipulations of Fact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

No. 8.: Charts and Summaries Not Received in Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

No. 9.: Charts and Summaries Received in Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

No. 10.: Corporations - Fair Treatment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

No. 11.: Liability of Corporations - Scope of Authority Not in Issue . . . . . . . . . . . . . . . . . . . . . . . . 15

No. 12.: Burden of Proof - Preponderance of the Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

No. 13.: Description of Claims and Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

No. 14.: Class Action Claims - Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

No. 15.: Class Claims - Penalty Wages for Unpaid Minimum Wages and/or Overtime . . . . . . . . . . . 19

No. 16.: Class Claims - Determining if a WBF Over-Deduction Caused Payment of Less Than Minimum Wage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

No. 17.: Class Claims - Determining if a WBF Over-Deduction Caused A Failure to Pay Overtime . . . . . 22

No. 18.: Class Claims - Penalty Wages for WBF Over-deductions . . . . . . . . . . . . . . . . . . . . . . . . . . 23

No. 19.: Class Claims - Franchise Transition - Calculation of Penalty Wages . . . . . . . . . . . . . . . . . . 24

No. 20.: Class Claims - Unjust Enrichment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

No. 21.: Class Claims - Money Had and Received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

No. 22.: Individual Claims - Shoe Deductions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

No. 23.: Individual Claims - Shoe Deductions - Authorized in Writing . . . . . . . . . . . . . . . . . . . . . . 28

No. 24.: Individual Claims - Shoe Deductions - Statutory Damages Under ORS § 652.615 . . . . . . . . . . 29

No. 25.: Individual Claims - Shoe Deductions - Determining If A Shoe Deduction Caused A Failure to Pay Minimum Wage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

No. 26.: Individual Claims - Shoe Deductions - Determining if a Shoe Deduction Caused A Failure to Pay Overtime . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

No. 27.: Individual Claims - Penalty Wages for Improper Shoe Deductions . . . . . . . . . . . . . . . . . . . 32

No. 28.: Individual Claims - Break Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

No. 29.: Individual Claims - Break Claims - Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

No. 30.: Individual Claims - Break Claims - Penalty Wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

No. 31.: Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

No. 32.: Oregon Prejudgment Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

No. 33.: Deliberations ..................................................... 38

No. 1.: Final Jury Instructions—Instructions on your Duties

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by your own personal likes or dislikes, opinions, prejudices, or sympathy.

This means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath to do so.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

No. 2.: What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of witnesses;

2.  The exhibits which have been admitted into evidence;

3.  Any facts to which all the lawyers have agreed; and

4.  Any facts to that I have instructed you to accept as proved.

No. 3.: What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony or exhibits are received only for a limited purpose; when I have instructed you to consider evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

No. 4.: Depositions

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Excerpts from the depositions of several witnesses were read to you. Insofar as possible, you should consider deposition testimony, presented to you in court instead of live testimony, in the same way as if the witness had been present to testify.

No. 5.: Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

No. 6.: Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

No. 7.: Stipulations of Fact

The parties have agreed to the following facts. You must treat these facts as having been proved.

1.   When an employee ordered shoes through Defendant's payroll deduction program, Defendant purchased the shoes directly from the vendor. Defendant then deducted that purchase amount in installments from the employee's next several paychecks.

2.   Shoes For Crews and other vendors provided Defendant with a $2.00 rebate per pair of shoes that employees paid for via payroll deduction.

3.   Defendant accounted for rebate payments by applying them directly to its shoe loss account.

4.   After the payroll deduction program was implemented, Defendant changed the number of pay periods for payment of shoes from three to four.

5.   Defendant no longer operates any locations in Oregon. Here are the dates when Oregon stores were transferred to franchisees:

    May 1, 2006:           6 stores
    March 29, 2010:        21 stores
    March 7, 2011:         13 stores
    September 30, 2011:  3 stores

6.   Defendant over-withheld Plaintiffs' and class members' portion of the Worker's Benefit Fund ("WBF") contributions and did not pay certain class members their final paychecks on the day following the termination and transfer of their employment to franchises. Defendant concedes liability on both these claims.

No. 8.: Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

No. 9.: Charts and Summaries Received in Evidence

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

No. 10.: Corporations - Fair Treatment

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

No. 11.: Liability of Corporations - Scope of Authority Not in Issue

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers.

15 – JURY INSTRUCTIONS

No. 12.: Burden of Proof - Preponderance of the Evidence

When a party has the burden of proof on any claim or an affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

No. 13.: Description of Claims and Defenses

I will now summarize the Plaintiffs' claims and the Defendant's answers and defenses.

Plaintiffs assert the following class claims on behalf of themselves and other similarly situated employees:

- Class claims for penalty wages to the extent that WBF over-deductions caused a class member to be paid below minimum wage, insufficient overtime, and/or a late payment of final wages;

- Class claims for penalty wages for late payment of final wages when class members' employment with Defendant ended in connection with Defendant's transfer of ownership of stores to franchise operators; and

- Class claims for unjust enrichment and money had and received relating to the $2.00 rebate paid by shoe vendors to Defendant for each pair of slip resistant shoes purchased by class members from shoe vendors.

Plaintiffs have the burden to prove their class claims by a preponderance of the evidence.

Plaintiffs also assert individual claims for the alleged failure to pay for breaks between 20 and 30 minutes and improper payroll deductions for slip resistant shoes during their employment with Defendant. Plaintiffs have the burden to prove their individual claims by a preponderance of the evidence.

Defendant denies Plaintiffs' class and individual claims and asserts as an affirmative defense that Plaintiffs authorized the shoe deductions in writing. Defendant has the burden to provide its affirmative defense by a preponderance of the evidence.

Plaintiffs deny Defendant's affirmative defense.

17 – JURY INSTRUCTIONS

No. 14.: Class Action Claims - Overview

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims.  All of these people together are called a "class." In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately.

Plaintiffs have asserted some claims in this matter on behalf of themselves and other similarly situated employees. Because of the large number of class members, not everyone in the class testified. You may, however, apply the evidence relating to class claims presented at trial to all class members and all members of the class will be bound by the result of the class claims in this trial.

As noted, Plaintiffs have asserted the following class claims in this matter:

- Class claims for penalty wages to the extent that WBF payroll deductions caused a class member to be paid below minimum wage, insufficient overtime, and/or a late payment of final wages;

- Class claims for penalty wages for late payment of final wages when class members' employment with Defendant ended in connection with Defendant's transfer of ownership of stores to franchise operators; and

- Class claims for unjust enrichment and money had and received relating to the $2.00 rebate paid by shoe vendors to Defendant for each pair of slip resistant shoes purchased by class members from shoe vendors.

I will now give instructions relating to each of these class action claims.

No. 15.: Class Claims - Penalty Wages for Unpaid Minimum Wages and/or Overtime

Plaintiffs seek to recover a penalty wage for themselves and each class member who was paid below Oregon minimum wage in any workweek on or after July 14, 2007; was paid insufficient overtime in any workweek on or after July 14, 2008; and/or did not receive all wages due at the final paycheck on or after July 14, 2007, due to a WBF over-deduction

To prevail on this class claim, Plaintiffs must prove the following elements for themselves and each class member by a preponderance of the evidence:

1.    A WBF over-deduction caused Defendant to pay the class member less than Oregon minimum wage in any workweek on or after July 14, 2007; to pay insufficient overtime in any workweek on or after July 14, 2008; and/or to pay all wages due on their final paycheck on or after July 14, 2007; and

2.    The amount of any penalty wage you determine may be owed to a class member.

I will now instruct you on each of these elements.

No. 16.: Class Claims - Determining if a WBF Over-Deduction Caused Payment of Less Than Minimum Wage

To calculate whether a WBF over-deduction caused a class member to be paid less than Oregon's minimum wage rate in any workweek on or after July 14, 2007, you must calculate an adjusted hourly rate for the class member and compare that adjusted hourly rate to the applicable Oregon minimum wage rate set out below. If the adjusted hourly rate is below the applicable Oregon minimum wage rate, then that class member was paid less than Oregon minimum wage in that workweek.

A "workweek" for Defendant is defined as the fixed and regularly recurring period of seven (7) consecutive workdays from Sunday to Saturday.

To calculate the class member's adjusted hourly rate for any given workweek, you must subtract the amount of any WBF over-deduction (as defined below) from the gross amount paid to the employee in the workweek and then divide that number by the number of hours worked in the workweek.

The amount of the WBF over-deduction to be subtracted from gross pay in the workweek is the difference between the amount of WBF contribution that should have been deducted from the class member's paycheck (for instance, 1.4 cents per hour worked) and the amount of the hourly contribution Defendant actually deducted (1.8 cents per hour worked).

The Oregon minimum wage rates applicable in this case are as follows:

        January 1, 2007 to December 31, 2007 - $7.80 per hour;

        January 1, 2008 to December 31, 2008 - $7.95 per hour;

        January 1, 2009 to December 31, 2010 - $8.40 per hour;

        January 1, 2011 to September 30, 2011 - $8.50 per hour.

Plaintiffs have the burden to prove by a preponderance of the evidence whether a WBF deduction caused the Plaintiff to be paid below minimum wage on or after July 14, 2007.

No. 17.: Class Claims - Determining if a WBF Over-Deduction Caused A Failure to Pay Overtime

A WBF over-deduction caused a class member to be paid insufficient overtime when the class member was paid less than 1.5 times that class member's regular hourly rate for any hours worked in excess of 40 during any given workweek on or after July 14, 2008.

Plaintiffs have the burden to prove by a preponderance of the evidence whether a WBF deduction caused the Plaintiff to be paid insufficient overtime on or after July 14, 2008.

No. 18.: Class Claims - Penalty Wages for WBF Over-deductions

If you determine that a WBF over-deduction caused a class member to be paid below minimum wage, to be paid insufficient overtime pay, or to receive late payment of final wages you must determine the amount of the class member's penalty wage.

A class member is entitled to recover only one penalty wage even if there were multiple workweeks in which WBF over-deductions caused Defendant to pay less than minimum wage on or after July 14, 2007; to pay insufficient overtime on or after July 14, 2008; or to pay late wages.

The amount of the penalty wage is calculated by multiplying the class member's hourly rate of pay times eight hours per day times 30 days.

Plaintiffs have the burden to prove by the preponderance of the evidence the amount of penalty wages.

No. 19.: Class Claims - Franchise Transition - Calculation of Penalty Wages

A class member who transitioned to employment with a franchise operator on or after July 14, 2007, was entitled to be paid their final wages from Defendant within one business day after the franchise transition occurred.

Each class member who did not receive their final wages within one business day of their franchise employment transition on or after July 14, 2007 is entitled to recover a penalty wage.

The penalty wage should be calculated at the class member's hourly rate of pay times eight hours per day times the number of days after the first business day after the franchise transition occurred until the class member was paid, up to a maximum of 30 days.

For example, a class member whose employment was transitioned to a franchise operator on September 2, 2008 was entitled to receive her final paycheck by the close of business on the next business day, which was September 3, 2008. If the class member did not receive her final paycheck until September 5, 2008, the class member would be entitled to a penalty wage of two days calculated as follows: hourly rate x 8 hours per day x 2 days.

Plaintiffs have the burden to prove by a preponderance of the evidence the amount of penalty wages for the class that was not timely paid their final wages upon transferring employment to a franchise operator on or after July 14, 2007.

No. 20.: Class Claims - Unjust Enrichment

To establish a claim of unjust enrichment, the Plaintiffs must prove by a preponderance of the evidence that a third party made a payment to Defendant to which the class members have a better legal or equitable right because the class members furnished the value for which Defendant was compensated or reimbursed.

No. 21.: Class Claims - Money Had and Received

To prove a claim for money had and received, the class must establish by a preponderance of the evidence that Defendant received money that, in equity and good conscience, should be paid over to the class members.

No. 22.: Individual Claims - Shoe Deductions

The named Plaintiffs bring individual claims to recover statutory damages for payroll deductions made in connection with their purchase of slip resistant shoes.

Under Oregon law, a payroll deduction for the purchase of shoes is permissible when the deduction was authorized in writing by the employee.

Each Plaintiff must prove by a preponderance of the evidence that Defendant made deductions from her wages for shoe purchases on or after August 13, 2004 and on or before September 30, 2011.

Defendant asserts the deductions were permissible because each Plaintiff authorized the deductions in writing. Defendant bears the burden to prove by a preponderance of the evidence that the named Plaintiffs provided written authorization for each shoe deduction.

To the extent Defendant fails to establish each Plaintiff authorized each shoe deduction in writing, that Plaintiff is entitled to statutory damages, which I will explain.

No. 23.: Individual Claims - Shoe Deductions - Authorized in Writing

A written authorization may be shown by the original writing or by other evidence.

No. 24.: Individual Claims - Shoe Deductions - Statutory Damages Under ORS § 652.615

      For each individual Plaintiff who had a shoe deduction that was not authorized in writing ("improper shoe deduction") taken between August 13, 2004 and September 30, 2011, you must determine damages. The measure of damages for each Plaintiff is $200 or the aggregate amount of shoe deductions, whichever is more.

No. 25.: Individual Claims - Shoe Deductions - Determining If A Shoe Deduction Caused A Failure to Pay Minimum Wage

Each named Plaintiff seeks penalty wages for improper shoe deductions that caused her to be paid below minimum wage on or after July 14, 2007.

An improper shoe deduction caused a Plaintiff to be paid below minimum wage if it caused the Plaintiff to be paid less than Oregon's minimum wage rate in any workweek on or after July 14, 2007.

A "workweek" for Defendant is defined as the fixed and regularly recurring period of seven (7) consecutive workdays from Sunday to Saturday.

To calculate the Plaintiff's adjusted hourly rate for any given workweek, you must subtract the amount of any shoe deduction not authorized in writing from the gross amount paid to the Plaintiff in the workweek and then divide that number by the number of hours worked in the workweek. If that number is less than the Oregon minimum wage, then the shoe deduction caused a failure to pay minimum wage.

The Oregon minimum wage rates applicable in this case are as follows:

January 1, 2007 to December 31, 2007 - $7.80 per hour;

January 1, 2008 to December 31, 2008 - $7.95 per hour;

January 1, 2009 to December 31, 2010 - $8.40 per hour;

January 1, 2011 to September 30, 2011 - $8.50 per hour.

Plaintiffs have the burden to prove by a preponderance of the evidence whether an improper shoe deduction caused the Plaintiff to be paid below minimum wage on or after July 14, 2007.

30 – JURY INSTRUCTIONS

No. 26.: Individual Claims - Shoe Deductions - Determining if a Shoe Deduction Caused A Failure to Pay Overtime

An improper shoe deduction caused a named Plaintiff to be paid insufficient overtime if the Plaintiff was paid less than 1.5 times that Plaintiff's regular hourly rate for any hours worked in excess of 40 during any given workweek on or after July 14, 2008.

Plaintiffs have the burden to prove by a preponderance of the evidence whether an improper shoe deduction caused the Plaintiff to be paid insufficient overtime on or after July 14, 2008.

No. 27.: Individual Claims - Penalty Wages for Improper Shoe Deductions

If you determine that an improper shoe deduction caused a named Plaintiff to be paid below minimum wage , to receive insufficient overtime pay, and/or to receive late payment of final wages, you must determine the amount of the named Plaintiff's penalty wage.

A named Plaintiff is entitled to recover only one penalty wage even if there were multiple workweeks in which an improper shoe deduction caused Defendant to pay less than minimum wage on or after July 14, 2007 or insufficient overtime on or after July 14, 2008 or late payment of final wages on or after July 14, 2007.

The amount of the penalty wage is calculated by multiplying the Plaintiff's hourly rate of pay times eight hours per day times 30 days.

Plaintiffs have the burden to prove by a preponderance of the evidence the amount of penalty wages.

No. 28.: Individual Claims - Break Claims

Each of the named Plaintiffs brings claims on an individual basis for the alleged failure to pay for breaks between 20 and 30 minutes ("break claims"). To prevail on their individual break claims, each Plaintiff must prove all of the following elements by a preponderance of the evidence:

(1)    She worked during a "workday" for a period of at least six hours;

(2)    For any such work period, Defendant did not provide Plaintiff with a break of 30 continuous minutes in which she was relieved of all duties because Defendant called her back to work, or the nature or circumstances of the work prevented her from being relieved of all duty, after 20 minutes but before 30 minutes

(3)    Because she was called back to work or the nature or circumstances of the work prevented her from being relieved of all duty, the Plaintiff had an unpaid break period of more than 20 minutes and less than 30 minutes; and

(4)    Any resulting damages.

If a Plaintiff came back to work voluntarily, including through a mistaken belief that they had received a full 30 minutes, there is no violation.

A "workday" is defined as any fixed period of 24 consecutive hours.

No. 29.: Individual Claims - Break Claims - Damages

If you find for any of the named Plaintiffs on their individual break claims, you must determine each Plaintiff's damages.

Damages should be calculated by multiplying the named Plaintiff's wage-rate per minute (Plaintiff's hourly wage ÷ 60) by the number of minutes for breaks between 20 and 30 minutes that named Plaintiff was required or directed to return to work but for which she was not paid. If the named Plaintiff was paid for all time worked, she has no damages.

Each named Plaintiff has the burden to prove her damages by a preponderance of the evidence.

No. 30.: Individual Claims - Break Claims - Penalty Wages

In order to recover a penalty wage on their break claims, you must determine whether any unpaid wages due to break violations on or after July 14, 2007 was "willful." To be willful, a named Plaintiffs' unpaid wages due to break violations must be purposeful and not inadvertent. In other words, Defendant must have been fully aware of the circumstances that triggered its obligation to pay for time worked.  Plaintiffs have the burden of proof to show by a preponderance of the evidence that any failure by Defendant to pay wages due to a break violation was "willful."

If a named Plaintiff proves unpaid wages due to a break violation on or after July 14, 2007 was willful, she is entitled to recover one penalty wage even if there were multiple workweeks in which unpaid wages due to break violations occurred on or after July 14, 2007. The amount of the penalty wage is calculated by multiplying the Plaintiff's hourly rate of pay times eight hours per day times 30 days.

No. 31.: Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on any of their claims, you must determine Plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

No. 32.: Oregon Prejudgment Interest

Oregon law requires the court to award prejudgment interest for the WBF claims.  The law requires you to determine the beginning date for prejudgment interest for the WBF claims. You will need to decide the date that damages were due.  There will be a space on the verdict form for you to write in that date. For this claim, damages are due on the final paydate when the overdeduction occurs.

No. 33.: Deliberations

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.  You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A special verdict form has been prepared for your convenience. You will take this form into the jury room.

*(Special Verdict Form is read)*

You will note that there are questions. The answer to each question must be the unanimous answer of the jury. Your presiding juror will write the unanimous answer of the jury in the spaces provided opposite each question. All jurors should participate in all deliberations and vote on each question.

38 – JURY INSTRUCTIONS

The presiding juror will then date and sign the special verdict form as completed and you will advise the bailiff outside your door that you are ready to return to the courtroom. Court will then be reconvened and your verdict will be received.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. Nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other

39 – JURY INSTRUCTIONS

way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. Until you have reached your verdict, I will only communicate with jury members on anything concerning the case either in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to

tell anyone--including me--how the jury stands, numerically or otherwise, until after you have

reached a unanimous verdict or have been discharged.