IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESSICA GESSELE, ASHLEY ORTIZ, NICOLE GESSELE, TRICIA TETRAULT, and CHRISTINA MAULDIN, on behalf of themselves and all others similarly situated, | 3:14-cv-01092-HZ<br><br>OPINION & ORDER |
| Plaintiffs, | |
| v. | |
| JACK IN THE BOX, INC., a corporation of Delaware, | |
| Defendant. | |

Jon M. Egan
240 6th Street
Lake Oswego, OR 97034-2931

Jim W. Vogele
812 N.W. 17th Avenue
Portland, OR 97209

    Attorneys for Plaintiff

Douglas S. Parker
Heather St. Clair
Ian Maher
Lane Powell PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204

1 - OPINION & ORDER

David Symes
Symes Law Office LLC
39085 Pioneer Boulevard
Suite 1003
Sandy, OR 97055

        Attorneys for Defendant

HERNÁNDEZ, District Judge.

This matter comes before the Court on Defendant's Rule 50(b) Motion for Judgment as a Matter of Law Regarding Plaintiffs' Unpaid Break Claims, ECF 419. For the reasons that follow, the Court grants Defendant's Motion.

## BACKGROUND

Because the parties are familiar with the facts of this fourteen-year litigation, the Court sets out only the facts that are relevant to the pending Motion.

Plaintiffs were employed by Defendant Jack in the Box in its Oregon restaurants at various times. Plaintiffs received their final paychecks from Defendant on the following dates:

| | |
|---|---|
| Tricia Tetrault: | July 11, 2008 |
| Ashley Ortiz: | December 26, 2008 |
| Nicole Gessele: | March 20, 2009 |
| Jessica Gessele: | November 23, 2009 |
| Christina Mauldin: | March 30, 2010. |

On August 13, 2010, Jessica Gessele, Ashley Gessele, Nicole Gessele, and Tricia Tetrault filed a putative class-action Complaint (*Gessele I*, Case No. 3:10-CV-00960-ST) in this Court against Jack in the Box for violations of the minimum-wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and various Oregon wage-and-hour laws.

On May 16, 2011, Jessica Gessele, Ashley Gessele, Nicole Gessele, and Tricia Tetrault

2 - OPINION & ORDER

filed a First Amended Complaint in *Gessele I* in which they added Christina Luchau as a named Plaintiff.

On August 13, 2012, Jessica Gessele, Ashley Gessele, Nicole Gessele, Tricia Tetrault, and Christina Luchau filed a Motion to Certify Oregon Rule 23(b)(3) Classes and Alternative Motions to Either Certify Hybrid FLSA Classes or Certify FLSA 216(b) Collectives.

On January 28, 2013, Magistrate Judge Stewart issued Findings and Recommendation in *Gessele I* in which she recommended, among other things, denying the Motion to Certify as to Plaintiffs' proposed Rule 23(b)(3) meal break class. On April 1, 2013, Judge Ancer Haggerty entered an Order adopting the January 28, 2013, Findings and Recommendation.

After resolving various motions, Judge Anna Brown entered a Judgment on May 15, 2014, dismissing *Gessele I* without prejudice.

On June 10, 2014, Jessica Gessele, Ashley Ortiz (formerly Ashley Gessele), Nicole Gessele, Tricia Tetrault, Christina Mauldin (formerly Christina Luchau), and Jason Diaz[1] filed a putative class action against Defendant in Multnomah County Circuit Court (*Gessele II*) in which they alleged claims for violation of Oregon's wage-and-hour laws, violation of the FLSA, breach of fiduciary duty, and equitable and quasi-contractual claims for return of money. On July 9, 2014, Defendant removed *Gessele II* to this Court.

On August 31, 2015, the parties filed Cross-Motions for Summary Judgment.

On March 10, 2016, Judge Brown issued an Opinion and Order in which she, among other things, granted Defendant's Motion as to Plaintiffs' FLSA claims and granted Plaintiffs' Motion in part as to Defendant's eighth affirmative defense: private right of action.

---

[1] On December 13, 2016, Judge Brown granted Defendant's Motion for Partial Summary Judgment as to Diaz's claims on the basis that his claims were subject to mandatory arbitration.

3 - OPINION & ORDER

On March 2, 2017, Plaintiffs filed a Motion for Rule 23(b)(3) Class Certification.

On June 12, 2017, Judge Brown issued an Opinion and Order in which, among other things, she denied Plaintiffs' request to certify the unpaid break class.

On March 27, 2020, Plaintiffs filed a Renewed Motion to Certify Unpaid Break Class.

On June 5, 2020, Judge Brown issued an Opinion and Order in which she denied Plaintiffs' Renewed Motion to Certify Unpaid Break Class.

On January 21, 2021, *Gessele II* was reassigned to this Court.

On September 15, 2021, Plaintiffs filed a Motion for Reconsideration of Courts' Previous Denial of Class Certification for Plaintiffs' Unpaid Break Class. On November 27, 2021, this Court issued an Opinion and Order in which it adhered to Judge Brown's previous Opinions and Orders denying Plaintiffs' Motions to Certify the Unpaid Break Class.

This matter proceeded to trial on October 17, 2022. At the close of Plaintiffs' case Defendant moved for judgment as a matter of law on Plaintiffs' meal break claims. The Court denied Defendant's Motion. The Court addressed the meal break issue again at the close of Defendant's case and advised the parties that the Court would permit the issue to go the jury, but it would also permit the parties to file post-trial motions on that issue.

On October 24, 2022, the jury returned a Verdict in which, among other things, it found for Plaintiffs on their meal break claim and that Plaintiffs were entitled to lost wages for that claim totaling $700.27.

On May 23, 2023, the Court entered a Judgment. On June 14, 2023, Defendant filed a Rule 50(b) Motion for Judgment as a Matter of Law Regarding Plaintiffs' Unpaid Break Claims. The Court took Defendant's Motion under advisement on July 12, 2023.

**STANDARDS**

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law. Under Rule 50(a), a party must first move for judgment as a matter of law before the case is submitted to the jury and "specify. . . the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). Under Rule 50(b) . . . "the movant may file a renewed motion for judgment as a matter of law." Fed. R. Civ. P. 50(b).

"A Rule 50(b) motion for judgment as a matter of law should be granted when 'the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.'" *Andrews v. Brennan*, No. 22-35081, 2023 WL 4637114, at *1 (9th Cir. July 20, 2023)(quoting *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009)). The court may grant a Rule 50 motion for judgment as a matter of law only when "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Krechman v. County of Riverside*, 723 F.3d 1104, 1109 (9th Cir. 2013) (internal citations omitted). "A jury's verdict must be upheld if it is supported by substantial evidence . . . even if it is also possible to draw a contrary conclusion from the same evidence." *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007). "[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weigh the evidence." *Go Daddy Software, Inc.*, 581 F.3d at 961 (quotation omitted). Rather, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *Id.*

**DISCUSSION**

At issue in Defendant's Rule 50(b) Motion is whether before June 1, 2010, Oregon law required that an employee who was required to return to work from a meal break before 30

minutes must be paid for the entire 30-minute meal period or paid only for the time the employee returned to work.

I.  **Oregon Meal Break History**

At all relevant times Oregon Revised Statute § 653.055(1) provided:

> (1) Any employer who pays an employee less than the wages to which the employee is entitled under O.R.S. 653.010 to 653.261 is liable to the employee affected:
>
> > (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and
> >
> > (b) For civil penalties provided in O.R.S. 652.150.

Oregon Revised Statute § 653.261(1)(a), in turn, authorizes the Oregon Bureau of Labor and Industries ("BOLI") to regulate meal and rest breaks:

> The Commissioner of [BOLI] may adopt rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees. The rules may include, but are not limited to, minimum meal periods and rest periods, and maximum hours of work. . . .

Pursuant to § 653.261(1)(a) the BOLI Commissioner promulgated Oregon Administrative Rule 839-020-0050.

A.  **O.A.R. 839-020-0050 before June 1, 2010**

Prior to January 12, 2009, O.A.R. 839-020-0050 provided in pertinent part:

> "(1) Every employer shall provide to each employee an appropriate meal period and an appropriate rest period.
>
> (a) Appropriate meal period means:
>
> > (A) A period of not less than 30 minutes during which the employee is relieved of all duties for each work period of not less than six or more than eight hours."

*Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr.*, 213 Or. App. 343, 346–47 (2007), *rev'd in part*, 344 Or. 525 (2008)(quoting O.A.R. 839-020-0050(1)(2007)). *See also* Maher Decl., ECF 433, Ex. 1 (2004 O.A.R. 839-020-0050)(same).

BOLI amended O.A.R. 839-020-0050 effective January 12, 2009, but did not substantively change the language of the meal-period provision. Specifically, after January 12, 2009, but before June 1, 2010, O.A.R. 839-020-0050 provided in pertinent part:

> [E]very employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.

Decl. of Robert Parker in Supp. of Def.'s Opp. to Mot. for Reconsideration of Cert. for Unpaid Break Class ("Parker Decl. II"), Ex. B at 2, ECF 272 (O.A.R. 839-020-0050(2)(a)(2009)).

Oregon courts consistently concluded that the pre-June 1, 2010 version of O.A.R. 839-020-0050 did not entitle employees to wages for unprovided meal breaks. For example, in 2007 the Oregon Court of Appeals concluded in *Gafur* that the trial court did not err when it dismissed the plaintiffs' meal break claims that were based on the plaintiffs' allegation that the "defendant did not provide them meal breaks and did not pay them for the time that they would have spent on those breaks . . . in other words [that the plaintiffs] worked . . . eight straight hours but did not receive wages for eight and one-half hours." 213 Or. App. at 348. The Court of Appeals explained:

> Under O.R.S. 653.055, [the plaintiffs' meal break] allegation[s] would state a claim only if plaintiffs were "entitled under O.R.S. 653.010 to 653.261" to wages for meal breaks. Neither those statutes nor the rules promulgated to implement them state that an employee is entitled to wages for meal breaks; O.A.R. 839–020–0050(1)(a) requires meal breaks but not *paid* meal breaks. Therefore, the court did not err in dismissing plaintiffs' claims based on entitlement to wages for unreceived meal breaks.

7 - OPINION & ORDER

*Id.* (emphasis in original). Similarly, in *Wren v. RGIS Inventory Specialists*, the plaintiffs brought a wage-and-hour class action in which they alleged, among other things, that "managers sometimes did not give [the plaintiffs] meal breaks, denied requests for meal breaks in order to finish inventories more quickly[,] and altered time sheets to reflect meal breaks that were not actually taken." No. C-06-05778 JCS, 2009 WL 2612307, at *15 (N.D. Cal. Aug. 24, 2009). The court granted the defendant's motion for summary judgment as to the plaintiffs' Oregon meal break claims noting "Plaintiffs do not offer any authority that there is a private right of action under Oregon wage and hour laws for missed meal breaks, and the Court finds none." *Id.*, at *17. The court concluded "under Oregon wage and hour statutes, there is no private right of action for missed meal breaks." *Id.*, at n.11 (citing *Gafur*, 213 Or. App. at 348). *See also Bell v. Addus Healthcare, Inc.*, No. C06-5188RJB, 2007 WL 2344972, at *6 (W.D. Wash. Aug. 14, 2007) (finding the plaintiff did not have a private right of action for her claim that she was "entitled to additional compensation because [the defendant] required her to work through paid meal periods" noting "[u]nder Oregon law, employees are entitled to a 'period of not less than 30 minutes during which the employee is relieved of all duties.' OAR 839-020-0050(1)(a). If an employer does not provide the meal period, then the commissioner of the Oregon Bureau of Labor and Industries ('BOLI') may enforce civil penalties against the employer. OAR 839-020-1010(1)(j)" but there is no provision under Oregon law for "a private right of action if her employer requires her to work through her meal period.").

Relying on *Gafur* courts also concluded that under Oregon law before June 1, 2010, employees were not entitled to 30 minutes of wages when they received less than a 30 minute meal break. For example, *Liborio v. Del Monte Fresh Produce N.A., Inc.*, involved,

8 - OPINION & ORDER

among other things, "requiring or permitting minimum wage workers to don or doff protective work clothes during the required 30 minute meal period."[2] No. 0710-11657, 2010 WL 6001799, at 2 (Or. Cir. Sep. 23, 2010). The plaintiffs asserted "that class members are entitled to recover 30 minutes' wages, not wages for the time actually spent donning and doffing protective work clothes during the meal period." *Id*. at 5. The court rejected the plaintiffs' argument stating it was "contrary to *Gafur*." *Id.* The court noted the holding in *Gafur* that "'O.A.R. 839-020-0050(1)(a) requires meal breaks but not *paid* meal breaks,'" *id.* (quoting *Gafur*, 213 Or. App at 348) (emphasis in *Gafur*), and concluded "the statutes and administrative rules do not provide that the remedy for failing to provide an uninterrupted 30 minute meal period is to convert an unpaid meal break into a paid 30 minute meal break." *Id.* Accordingly, the *Liborio* court concluded "the remedy in this case is recovery of actual time spent donning and doffing during the meal period, not 30 minutes' wages for each meal period that may have been shortened by some donning and doffing time." *Id.*

Similarly, in *Migis v. Autozone Inc*., No. 0711-13531, 2010 WL 6826616 (Or. Cir. Feb. 03, 2010), the court granted summary judgment as to "Plaintiffs claim for violation of ORS 653.261 and/or OAR 839-020-0050 for failure to pay compensation for *interrupted* [meal breaks] and/or meal breaks consisting of less than 30 minutes." (emphasis added), a*ff'd on cross-appeal Migis v. Autozone, Inc.,* 282 Or. App. 774, 776, 778 (2016)("reject[ing] without discussion" the plaintiffs' appeal of the " trial court's rulings concerning a meal-break claim."), *adhered to in relevant part on reconsideration*, 286 Or. App. 357 (2017).

---

[2] The case involved "practices through December 31, 2005." *Liborio,* 2008 WL 8257750, at 1.

9 - OPINION & ORDER

B.  **O.A.R. 839-020-0050 after June 1, 2010**

BOLI amended O.A.R. 839-020-0050 effective June 1, 2010, to provide in pertinent part:

> (2)(a) . . . [E]very employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.
>
> (b) . . . [I]f an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period.

O.A.R. 839-020-0050(2)(a)-(b). The law was unsettled as to the effect of the post-June 1, 2010, meal break provision of O.A.R. 839-020-0050(2)(b) until the Oregon Court of Appeals issued *Maza v. Waterford Operations, LLC*, 300 Or. App. 471 (2019). In *Maza* the plaintiffs, who were hourly employees of the defendant, brought a putative class action against the defendant asserting that the defendant paid "employee[s] less than the wages to which the employee[s] were entitled" in violation of O.R.S. § 653.055. Specifically, the plaintiffs alleged "between certain dates, defendants' hourly employees took unpaid meal periods that were shorter than 30 minutes." *Maza*, 300 Or. App. at 474. Plaintiffs sought certification of a class consisting of hourly employees who "are entitled to wages and penalty wages under O.A.R. 839-020-0050(2)(b) for the shortened meal periods." *Id.* The defendant asserted class certification was inappropriate because under O.A.R. 839-020-0050(2)(b) "if an employer has authorized a 30-minute meal period, no liability for wages or penalty wages will attach for a shortened meal period, unless the employee was forced to return to work early. Thus, [according to the defendant] . . . each employee's claim depends on the circumstances of the shortened meal period." *Id.* Plaintiffs, on the other hand, asserted fact-specific inquiries were not required

10 - OPINION & ORDER

because "the requirement to pay wages [for the full 30-minute meal period] under O.A.R. 839-020-0050(2)(b) attaches [when] the record shows that a meal period was shortened, regardless of the cause." *Id*. at 475. The trial court agreed with the defendant's interpretation of O.A.R. 839-020-0050(2)(b) and declined to certify the class, but authorized the plaintiffs to file an interlocutory appeal to address the following question: "Whether an employer can be found strictly liable under O.A.R. 839-020-0050(2) whe[n] an employee, regardless of the circumstances, takes less than the entire duty-free 30-minute lunch break to which the employee is otherwise entitled?" *Id*. On appeal the Oregon Court of Appeals stated.

> the rule's text and context support plaintiffs' interpretation that . . . a 30-minute meal is mandatory and, if not taken, the employer must pay the employee's wages for the full 30-minutes.

*Id*. at 477. The court stated the plaintiff's interpretation "is plain from the text of O.A.R. 839-020-0050(2)(b) which explicitly requires that 'if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period.'" *Id.* (quoting O.A.R. 839-020-0050(2)(b)). The court, therefore, concluded that when an employee is not relieved of all duties for the prescribed minimum 30-minute meal period, an employer is strictly liable for the employee's wages for the entire 30-minute period pursuant to O.A.R. 839-020-0050(2)(b). The court vacated and remanded the matter to the trial court "[b]ecause [its] conclusion require[d] the trial court to reconsider its rulings regarding the certification of a class under ORCP 32A." *Id*. at 480.

Thus, after *Maza* it is clear that pursuant to post-June 1, 2010 O.A.R. 839-020-0050(2)(b) when an employee is not relieved of all duties for a 30-minute meal period, an employer must pay the employee for the entire 30-minute meal period even if the employee was

11 - OPINION & ORDER

relieved of all duties for some portion of the 30 minute meal period. Whether *Maza* is retroactive is an open question in Oregon state courts, however, as this Court explained in its November 27, 2021, Opinion and Order, in *Maza* the court was interpreting the post-June 1, 2010, version of O.A.R. 839-020-0050. Specifically, in reaching its conclusion that O.A.R. 839-020-0050(2) requires an employee to be paid for a full 30-minute meal break even when an employee did not take a full 30-minute break for any reason, the *Maza* court explicitly relied on the language in O.A.R. 839-020-0050(2)(b), which provides when "an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period." Before June 1, 2010, no version of O.A.R. 839-020-0050 included the language of O.A.R. 839-020-0050(2)(b) or any language similar to that provision. In addition, Oregon courts did not interpret the pre-June 1, 2010 version of O.A.R. 839-020-0050(2) to require employers to pay employees for the entire 30-minute meal period when the employee did not take the full 30-minute break. This Court concluded that *Maza*, therefore, did not alter the pre-June 1, 2010, meal break landscape.

## II.   Prior Relevant Rulings in *Gessele*

In *Gessele I*, Defendant, relying on *Gafur,* asserted that the proposed meal break class did not meet the commonality and typicality requirements of Federal Rules of Civil Procedure 23(a) because, among other things, none of the named Plaintiffs were employed by Defendant after March 2010 and "Oregon first created a private right of action for meal break claims under OAR 839-020-0050(2)" in June 1, 2010. *Gessele v. Jack in the Box, Inc.*, No. 3:10-CV-960-ST, 2013 WL 1326563, at *35 (D. Or. Jan. 28, 2013) ), report and recommendation adopted, No. 3:10-CV-00960-ST, 2013 WL 1326538 (D. Or. Apr. 1, 2013). In the January 28, 2013, Findings and

Recommendation denying class certification for Plaintiffs' meal break claim, Magistrate Judge Stewart rejected Defendant's assertion and noted that at issue in *Gafur* was whether the plaintiffs had a private right of action for defendant's failure to provide them with meal breaks and "did not pay them for the time that they would have spent on those breaks." *Id.* Although Magistrate Judge Stewart concluded "OAR 839–020–0050 was not amended to explicitly provide a private right of action for unpaid meal breaks until" June 1, 2010, she also found that did not bar Plaintiffs' meal break claims because Oregon employees "have always had a private right of action to recover for time worked for which they were not paid." *Id.*, at *36 (citing O.R.S. § 653.055). Magistrate Judge Stewart, however, did not conclude that the pre-June 1, 2010, version of O.A.R. 839-020-0050 or Oregon law required an employer to pay an employee for a full 30-minute meal period when the employee had a meal break that was less than 30 minutes. Rather, she concluded Plaintiffs had a private right of action only to the extent that Plaintiffs performed work during their shortened 30-minute meal break for which they were not paid and only for the time they worked.

In *Gessele II* Defendant asserted in its eighth affirmative defense that there was no private right of action for Plaintiffs' meal break claims before June 1, 2010. Plaintiffs moved for summary judgment on that defense and Defendant reiterated its argument that pursuant to *Gafur* and other Oregon cases there was no private right of action under Oregon law for unpaid meal breaks before June 1, 2010. Judge Brown granted Plaintiffs' Motion concluding that Plaintiffs had a private right of action for the time that Plaintiffs worked, but were not paid when they were called back from meal breaks before 30 minutes. *Gessele v. Jack in the Box, Inc.*, No. 3:14-CV-1092-BR, 2016 WL 1056976, at *15 (D. Or. Mar. 10, 2016).

13 - OPINION & ORDER

**III.   Trial**

At trial Plaintiffs stipulated that when they were called back early from their 30-minute meal periods, they clocked in, and Defendant paid them for all of the time they worked during their shortened meal periods. Mahr Decl., ECF 420, Ex. 4 at 3 ("[I]t's stipulated that once they clocked back on, they were paid for [the time they worked]."). Plaintiffs, however, asserted that even before the June 1, 2010 amendment to O.A.R. 839-020-0050, Oregon law required that when employees were called back from meal breaks before 30 minutes, they were entitled to be paid for the entire 30 minute meal period regardless of the amount of the meal period that the employees actually worked. For example, Plaintiffs asserted that if an employee was required to return to work after 27 minutes of her meal period, that employee was entitled to receive a full 30 minutes of wages, rather than the three minutes of wages comprising the difference between 27 minutes and 30 minutes.

Plaintiffs' expert explained generally at trial that she calculated Plaintiffs' proposed meal break lost wages by reviewing named Plaintiffs' time cards and when a Plaintiff took a meal period that was less than 30 minutes, the expert included a full 30 minutes in that Plaintiff's meal break lost wages calculation regardless of the amount of time that the individual Plaintiff worked during her meal period. Maher Decl., ECF 420, Ex. 1 at 6-7. Based on that system of calculation, Plaintiffs' expert found Plaintiffs had a total of $700.27 in meal break lost wages.

Defendant moved for judgment as a matter of law, objected to Plaintiffs' method of calculation, and asserted that before June 1, 2010, Oregon law did not require employees to receive a paid meal break and that Plaintiffs, therefore, were entitled only to wages for the time they worked when they were called back early from a meal break. Defendant pointed out that

Plaintiffs stipulated they were paid for all of the time they worked when they were called back to work early from their meal breaks, and according to Defendant, therefore, Plaintiffs did not have any meal break lost wages. Defendant asserted its interpretation was supported by earlier rulings in *Gessele I* and *Gessele II* as well as relevant Oregon case law. The Court permitted Plaintiffs to present their method of calculating meal break lost wages to the jury and sent the question of meal break lost wages to the jury. The Court, however, permitted the parties to file post-trial motions on the question.

## IV.     Analysis

Defendant asserts in its Rule 50(b) Motion that before June 1, 2010, employees were not entitled to paid for a full 30-minute meal break when they were called back to work early. Rather employees are entitled to be paid only for the time they worked during a shortened meal break. As noted, Plaintiffs stipulated at trial that they were paid for all of the time they worked when they were called back from meal breaks before 30 minutes. According to Defendant, therefore, it is entitled to judgment as a matter of law on Plaintiffs' meal break claim, Plaintiffs should not have been awarded any meal break lost wages, and Plaintiffs should not have been awarded penalty wages on their meal break claims. Defendant relies on *Gafur, Liborio,* and *Migis* to support its argument.

Plaintiffs assert that pre-June 1, 2010 O.A.R. 839-020-0050 required employees to be paid for a full 30 minutes when their meal breaks were cut short, not just for the minutes the employees worked in their shortened meal breaks. In their Response to Defendant's Motion Plaintiffs do not address *Liborio* or *Migis*. Rather, Plaintiffs assert *Wren v. RGIS Inventory Specialists*, No. C-06-5778 JCS, 2007 WL 295549 (N.D. Cal. Jan. 30, 2007), and *Rother v.*

15 - OPINION & ORDER

*Lupenko*, No. CV 08-161-MO, 2011 WL 1311773, at *2 (D. Or. Apr. 1, 2011), support their position.

In *Wren* the plaintiffs asserted they had a private right of action pursuant to pre-June 1, 2010 O.A.R. 839-020-0050 to recover 30-minutes of wages for unprovided meal breaks in addition to the wages the defendant paid them for all of the time they worked.[3] Although the *Wren* court found the Oregon legislature did not intend to create private right of action for claims based on failure to provide meal periods, Plaintiffs here rely on the *Wren* court's statement that O.A.R. 839-020-0050 provides "employers the option of offering a 30 minute, unpaid lunch period during which no work is performed. Alternatively, employers may, under some circumstances, provide a meal period during which the employee can eat while performing work duties, in which case, the time is 'not deducted from the employee's hours worked.'" 2007 WL 295549, at *7 (quoting O.A.R. § 839-020-0050 (2007)). The alternative provision noted by the *Wren* court, however, relates to circumstances in which employees continue to perform duties or remain on call while eating. Under those circumstances, employers were not permitted under the pre-June 1, 2010, version of 839-020-0050 to deduct the employees' meal period from their wages. Neither *Wren* nor this case involve allegations that Plaintiffs worked continuously or were on call during their meal periods. Plaintiffs allege that Defendant sometimes called them back to work before the end of their 30-minute meal period. The *Wren* court's statement regarding on-duty meal periods, therefore, does not support Plaintiffs' claim here that they should receive a full 30 minutes of wages for meal periods that were cut short.

In *Rother* the trial court denied the defendant's motion for judgment as a matter of law

---

[3] For example, the plaintiffs asserted that when they worked eight hours without a meal break, they were entitled to eight and one-half hours of wages.

16 - OPINION & ORDER

and declined to overturn the jury's verdict finding that several of the plaintiffs had not been paid for rest breaks. *Rother,* 2011 WL 1311773, at *2. The defendant asserted that Oregon did not provide a private right of action for denying employees a meal break. The trial court explained that "the defense misreads plaintiffs' claim. The plaintiffs did not claim they should have been given meal breaks; they claim that the time periods labeled 'meal breaks,' which do not need to be compensated, were actually 'rest periods,' which do need to be compensated." *Id.*, at *2. The Ninth Circuit affirmed the trial court's decision regarding rest periods on appeal. The Ninth Circuit stated that "like federal law," Oregon "law also entitles employees to receive compensation for breaks of less than thirty minutes." *Rother v. Lupenko*, 515 F. App'x 672, 675 (9th Cir. 2013)(citing O.A.R. 839-020-0050(2)(b)). Plaintiffs' counsel notes that he was also the plaintiffs' counsel in *Rother* and "he can verify that . . . [t]he violations in *Rother* took place from 2002 through 2010." According to Plaintiffs, therefore, *Rother* supports their assertion that they are entitled to receive 30 minutes of wages for shortened meal periods. As Defendant points out, however, the Ninth Circuit, writing in 2013, cited O.A.R. 839-020-0050(2)(b) to support its statement. Before June 1, 2010, however, 839-020-0050 did not have a section (2)(b). *See, e.g.,* Macher Decl., Ex. 1. In addition, no part of the pre-June 1, 2010 839-020-0050 contained the language relied on by the *Maza* court to conclude that "if [a meal period is] not taken, the employer must pay the employee's wages for the full 30-minutes." 300 Or. App. at 477 (noting O.A.R. 839-020-0050(2)(b) requirement that "if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period"). It appears, therefore, that in *Rother* the Ninth Circuit relied on the post-June 1, 2010 839-020-0050 in reaching its holding. *Rother*, therefore, does not support Plaintiffs'

17 - OPINION & ORDER

assertion that pre-June 1, 2010 839-020-0050 required employers to pay employees wages for a full 30 minutes even when, as here, a full 30-minute meal period was not taken.

The Court concludes that before June 1, 2010, Oregon law did not require employers to pay employees for a 30-minute meal period when employees were called back to work before 30 minutes. Oregon law required that, at most, employers pay employees for any time they worked during a shortened meal period. As noted, Plaintiffs stipulated that Defendant paid them for all of the time they worked when they were called back early from their meal periods. Accordingly, the Court concludes "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Andrews*, 2023 WL 4637114, at *1. The Court, therefore, grants Defendant's Rule 50(b) Motion and enters judgment as a matter of law for Defendant on Plaintiffs' meal break claims.

## CONCLUSION

The Court GRANTS Defendant's Rule 50(b) Motion, enters judgment as a matter of law for Defendant on Plaintiffs' meal break claims, and strikes lost meal break wages and meal break penalty wages awarded to Plaintiffs.

The Court DIRECTS the parties to file an amended judgment consistent with this Opinion and Order no later than August 29, 2023.

IT IS SO ORDERED.

DATED this __8__ day of August, 2023.

*/s/ Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

18 - OPINION & ORDER