IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA GESSELE, ASHLEY ORTIZ, NICOLE GESSELE, TRICIA TETRAULT, and CHRISTINA MAULDIN, on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

JACK IN THE BOX, INC., a corporation of Delaware,

        Defendant.

3:14-cv-01092-HZ

OPINION & ORDER

Jon M. Egan
240 6th Street
Lake Oswego, OR 97034-2931

Jim W. Vogele
812 N.W. 17th Avenue
Portland, OR 97209

        Attorneys for Plaintiff

Douglas S. Parker
Heather St. Clair
Ian Maher
Lane Powell PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204

1 - OPINION & ORDER

David Symes
Symes Law Office LLC
39085 Pioneer Boulevard
Suite 1003
Sandy, OR 97055

      Attorneys for Defendant

HERNÁNDEZ, District Judge.

This matter comes before the Court on Plaintiffs' Motion to Reconsider, ECF 473. For the reasons that follow, the Court denies Plaintiffs' Motion to Reconsider and adheres to its April 14, 2024, Opinion and Order.

## BACKGROUND

Because the parties are familiar with the facts of this fourteen-year litigation, the Court sets out only the facts that are relevant to the pending Motion.

After 12 years of litigation, this class-action case went to trial on October 17, 2022. On October 24, 2022, the jury entered a Verdict. After several post-trial motions the Court entered a Judgment on May 23, 2023. After additional motions practice, the Court entered an Amended Judgment on September 2, 2023.

The parties filed cross-motions for attorney fees. On April 14, 2024, the Court issued an Opinion and Order in which it granted in part and denied in part Plaintiffs' Motion for Attorney Fees.

On May 9, 2024, Plaintiffs filed a Motion to Reconsider the Court's April 14, 2024, Opinion and Order. The Court took Plaintiffs' Motion under advisement on June 18, 2024.

## STANDARDS

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of

finality and conservation of judicial resources.'" *Tranxition, Inc. v. Lenovo (U.S.), Inc.,* No. 3:12-CV-01065-HZ, 2015 WL 9918263, at *1 (D. Or. Apr. 1, 2015)(quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *Id.* (citing *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir. 1991)). *See also Sam v. Deutsche Bank Nat. Tr. Co.*, No. 03:13–CV–01521–MO, 2013 WL 6817888, at *2 (D. Or. Dec. 23, 2013)(Hernandez, J.)(a party asking for reconsideration must show a "legitimate basis for reconsideration, meaning something other than . . . asserting new legal theories or new facts which could have been presented before the initial hearing"). "A motion for reconsideration can be granted if the court 1) is presented with new evidence, 2) committed clear error or the first decision was manifestly unjust, or 3) is aware of an intervening change in law." *Tranxition*, 2015 WL 9918263, at *1 (citing *Sch. Dist. No 1J v. AC and S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993)).

## DISCUSSION

Plaintiffs request the Court reconsider the amount of attorney fees awarded to Plaintiffs under Oregon's fee-shifting statutes.[1] Plaintiffs assert that because the Court declined to award Plaintiffs attorney fees at the current rate for all hours billed during entire course of litigation, the Court should have applied a prime rate enhancement to account for the time value of money. Defendant asserts the Court should deny Plaintiffs' Motion because did not request a prime rate enhancement in their Motion for Attorney Fees or Reply, Plaintiffs present no evidence to support this request that was not available at the time of Plaintiffs' Motion for Attorney Fees, Plaintiffs do not point to any intervening change in the law, and Plaintiffs have not established

---

[1] Plaintiffs do not seek reconsideration of the common-fund attorney fee award.

3 - OPINION & ORDER

that the Court committed clear error or that its decision was manifestly unjust.

Plaintiffs did not request or raise the issue of a prime rate enhancement in their Motion for Attorney Fees or their Reply and Plaintiffs do not point to any new evidence supporting their request. Plaintiffs also do not rely on an intervening change in the law. In fact the cases Plaintiffs rely on significantly predate their Motion for Attorney Fees.

As to whether the Court committed clear error or its decision was manifestly unjust, Plaintiffs concede that the Court's decision not to award all fees incurred at current rates was within the Court's discretion. Plaintiffs, however, cite *In re Washington Pub. Power Supply Sys. Sec. Litig*., 19 F.3d 1291 (9th Cir. 1994) for the assertion that precedent requires a court to apply a prime rate enhancement when it declines to apply attorneys' current rates to all hours billed during the course of litigation. That case, however, was a common fund case and, therefore, attorney fees were paid out of the common fund rather than shifted to the defendant via a fee-shifting statute or provision. The other cases relied on by Plaintiffs in which courts applied a prime rate enhancement are also common fund cases. *See, e.g., Stetson v. Grissom*, 821 F.3d 1157 (9th Cir. 2016)(settlement agreement created a settlement fund from which fees were to be paid); *Stanger v. China Elec. Motor, Inc*., 812 F.3d 734, 740 (9th Cir. 2016)("[a]ttorneys in common fund cases must be compensated for any delay in payment"). In addition, Plaintiff does not cite, nor could this Court find, a case awarding fees under Oregon's attorney fee analytical framework that applied the prime rate enhancement. Finally, although the Court declines to recite the lengthy procedural history of this 14-year litigation again here, the Court notes that at least some of the delay was attributable to Plaintiffs. The Court, therefore, concludes Plaintiffs have not established that the Court committed clear error or that its decision was manifestly

unjust with respect to the award of Plaintiffs' attorney fees under the fee-shifting provisions. Accordingly, the Court denies Plaintiffs' Motion to Reconsider.

## CONCLUSION

For these reasons, the Court DENIES Plaintiffs' Motion to Reconsider, ECF 473

IT IS SO ORDERED.

DATED: \_\_\_\_\_August 8, 2024_____.

*[signature]*
MARCO A. HERNÁNDEZ
United States District Judge
